IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **EDWARD LEE BUSBY,** | § § § | |
| Petitioner, | § § § | |
| -VS- | § § § § | CIVIL NO. 4:09-CV-160-Y |
| | § § | *CAPITAL CASE* |
| **RICK THALER**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**PETITIONER EDWARD LEE BUSBY'S
MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT
DISPOSITION OF *MAPLES V. THOMAS***

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Petitioner Edward Lee Busby respectfully requests that this Court stay proceedings in his case or hold it for decision pending the Supreme Court's disposition of *Maples v. Thomas*, 586 F.3d 879 (11th Cir. 2009), *cert. granted* 2011 U.S. LEXIS 2314 (March 21, 2011) (No. 10-63). In *Maples*, the Court granted *certiorari* to resolve a question that is relevant to a procedural issue squarely presented in Mr. Busby's case.

**I.**

Petitioner Edward Lee Busby filed his Amended Petition for Writ of Habeas Corpus on May 24, 2010. The Director filed his Answer to Mr. Busby's Amended Petition on October 1, 2010. Mr. Busby filed his Reply on March 16, 2011.

**II.**

On March 21, 2011, the United States Supreme Court granted *certiorari* in *Maples v. Allen*, 586 F.3d 879 (11th Cir. 2009), *cert. granted sub nom. Maples v. Thomas*, 2011 U.S. LEXIS 2314 (Mar. 21, 2011) (No. 10-63).

Cory Maples was convicted of capital murder and sentenced to death in 1997. *Maples v. Allen*, 586 F.3d 879, 883 (11th Cir. 2009). After his conviction was affirmed on direct appeal, Maples filed a petition in state court for post-conviction relief claiming, *inter alia*, that trial counsel was ineffective for failing to conduct a reasonable mitigation investigation. *Id.* at 884. After the petition was denied by the trial court, copies of the ruling were sent to the law firm handling Maples's appeals *pro bono*.[1] *Id.* By the time the trial court dismissed Maples's petition, however, his *pro bono* counsel had left the firm. *Id.* The copies were returned unopened to the court. *Id.* Maples himself was not informed of the state court ruling until one month after the time to appeal—necessary to exhaust his claims—had passed. Petition for a Writ of *Certiorari*, at 6, *Maples v. Thomas*, No. 10-63 (Jul. 9, 2010). When Maples learned of the missed deadline, he immediately informed his step-mother, who contacted the firm. *Id.* at 7.[2]

Maples thereafter filed a federal habeas petition alleging, *inter alia*, ineffective assistance of trial counsel. *Id.* at 885. Following the denial of Maples's requests for an out-of-time appeal in his state post-conviction case, the federal district court denied Maples's federal habeas petition, concluding that Maples's ineffective-assistance-of-counsel claim was procedurally defaulted and that ineffectiveness on state post-conviction counsel's part could not establish cause for the

---

[1] Copies were also sent to an Alabama attorney who was designated local counsel in accordance with Alabama court rules at the time requiring out-of-state counsel seeking *pro hac vice* status to associate with local counsel.

[2] New attorneys at the out-of-state firm sought leave to file an appeal notwithstanding the missed deadline, but that request was denied. Pet. for Cert., at 6.

default because there is no constitutional right to post-conviction counsel. *Id.* The Eleventh Circuit Court of Appeals affirmed and held that Maples failed to show cause for the procedural default on the ground that attorney performance can never constitute "cause" to excuse an alleged procedural default. *Id.* at 891 (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

Maples filed a petition for writ of *certiorari* to review the judgment of the Eleventh Circuit. The Supreme Court granted *certiorari* on the question of whether cause for procedural default exists "where petitioner was blameless for the default, the State's own conduct contributed to the default, and petitioner's attorneys of record were no longer functioning as his agents at the time of any default." *Maples v. Thomas*, No. 10-63 (available at http://www.supremecourt.gov/qp/10-00063qp.pdf (last accessed April 26, 2011)) (attached as Exhibit 1).

### III.

In the instant case, the Director has argued that this Court should find Mr. Busby's claims of ineffective assistance of counsel procedurally defaulted. Respondent Thaler's Answer with Brief in Support, at 11. In response, Mr. Busby has asserted, *inter alia*, that cause exists for any alleged procedural default of his ineffective-assistance-of-counsel claims because Mr. Busby's state habeas counsel labored under an undisclosed conflict of interest throughout the duration of state habeas proceedings and that counsel so egregiously breached his duty of loyalty that he was not acting as Mr. Busby's agent. *See* Reply, at 16-18. The circumstances under which cause for procedural default may be found due to the behavior of state post-conviction counsel is likely to be delineated by the Supreme Court in *Maples*; thus, the resolution of *Maples* will have relevance to the proper disposal of Mr. Busby's habeas application, currently pending in this Court.

## CONCLUSION AND PRAYER

Because the outcome of *Maples* has relevance to the disposition of Mr. Busby's ineffective-assistance-of-counsel claims, Mr. Busby requests that the Court stay proceedings pending the Supreme Court's disposition of *Maples v. Thomas*, No. 10-63, and that it thereafter allow the parties an opportunity to brief the Court on how the *Maples* decision impacts the proper disposition of this case.

Respectfully submitted,

s/ David R. Dow
_____
David R. Dow
Texas Bar No. 06064900
Katherine C. Black
Texas Bar No. 24064907
TEXAS DEFENDER SERVICE
1927 Blodgett Street
Houston, Texas 77004
Tel. (713) 222-7788
Fax (713) 222-0260

## CERTIFICATE OF SERVICE

I certify that on Monday, May 16, 2011, a copy of the foregoing pleading was electronically served on counsel for the Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

Jeremy C. Greenwell
Office of the Texas Attorney General
Post Office Box 12548
Austin, Texas 78711
jeremy.greenwell@oag.state.tx.us

s/ David R. Dow
_____
David R. Dow

## CERTIFICATE OF CONFERENCE

     I certify that co-counsel, Katherine C. Black, has conferred with opposing counsel, Jeremy C. Greenwell, in a good faith attempt to resolve the matter without court intervention and the motion is opposed.

                                                s/ David R. Dow
                                                _____
                                                David R. Dow