IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EDWARD LEE BUSBY, §<br>    *Petitioner,* §<br>§<br>V. §<br>§<br>RICK THALER, Director, §<br>Texas Department of Criminal §<br>Justice, Correctional §<br>Institutions Division, §<br>    *Respondent.* § | Civil Action No. 4:09-CV-160-Y<br><br>(death-penalty case) |

**ORDER DENYING MOTION FOR LEAVE
TO FILE EX PARTE APPLICATION FOR FUNDS**

On August 1, 2011, Edward Lee Busby ("Petitioner") filed a *Motion for Leave to File Ex Parte Application for Reasonably Necessary Services of a Psychiatrist with Expertise in Neuropharmacology* (doc. 45). The Court will deny the motion.

The petition in this case was filed February 25, 2010, and an amended petition was filed May 24 (doc. 23, 25). Respondent filed an answer on October 1, and Petitioner filed a reply on March 16, 2011 (doc. 33, 40). Petitioner asserts that he requires the services of a psychiatric expert who specializes in neuropharmacology in order to develop his claims that counsel's sentencing investigation was constitutionally deficient (claim 1a). The issue presented is whether Petitioner may proceed ex parte and under seal on the application for funds.

The relevant statute, 18 U.S.C. § 3599(f), provides that in capital habeas cases, "No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper

showing is made concerning the need for confidentiality." 18 U.S.C. § 3599(f). Formerly, the provisions of 18 U.S.C. § 3599(f) were contained in 21 U.S.C. § 848(q)(9). But the Antiterrorism and Effective Death Penalty Act of 1996 amended § 848 to alter the process from one that presumes the holding of an ex-parte hearing to one that does not provide for one unless a proper showing is made.[1] *See Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir. 1997). The current statute has been interpreted to require a petitioner seeking expense authorization ex parte to include a "short case-specific statement of the need for confidentiality." *Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999).[2]

Relying primarily on federal- and state-bar guidelines and rules, Petitioner asserts an inherent "need to protect confidential attorney work product." This is not a case-specific need, but "only a generic need for confidentiality which arises in virtually all capital cases." *See id*. at 816; *see also Graves v. Johnson*, 101 F. Supp. 2d 496, 499 (S.D. Tex. 2000); *Shields v. Johnson*, 48

---

[1] In 2006, the prior version, 21 U.S.C. § 848(q)(9), was recodified at 18 U.S.C. § 3599(f). *See* Pub. L. 109-177, Title II, § 222(a), 120 Sta. 231, 232 (Mar. 9, 2006).

[2] The opinion in *Patrick* is not binding on this Court. While it provides helpful guidance, the procedure set forth in *Patrick* is not followed in full here because it does not require an actual showing of a need for confidentiality but instead requires that the movant "merely must identify generically the type of services needed and the broad issue or topic (e.g., innocence) for which the services are necessary." *Patrick*, 37 F. Supp. 2d at 816 (citing *Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 (S.D. Tex. Dec. 2, 1998) (not designated for publication)).

F. Supp. 2d 719, 720 (S.D. Tex 1999). Petitioner also points to case law interpreting 18 U.S.C. § 3006A(e), the funding statute for non-capital defendants, which holds that funding requests should be heard ex parte so that the defendant need not reveal his defense. *United States v. Abreu*, 202 F.3d 386, 390-91 (1st Cir. 2000). But Petitioner's motion seeks leave to request expert services pursuant to § 3599(f), which is applicable to capital habeas petitioners, not § 3006A(e). And, of course, Busby is not a defendant on trial in these habeas proceedings. He is the petitioner, and he has already revealed and briefed the claims for which he seeks funds. Because Petitioner fails to identify any case-specific information that he believes must remain confidential under the circumstances, the motion for leave is DENIED.

Within **fourteen days** from the date of this order, Petitioner must either (1) file a renewed motion that complies with section 3599(f), or (2) advise the Court of his intent to pursue funding in the regular, public course of court business, or (3) withdraw his *Application for Authorization of Funds* (doc. 45-1) and exhibits.

SIGNED August 26, 2011.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ks:be

3