IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD LEE BUSBY, | § | |
|      *Petitioner,* | § | |
| | § | |
| V. | § | |
| | § | Civil Action No. 4:09-CV-160-Y |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | (death-penalty case) |
| Justice, Correctional | § | |
| Institutions Division, | § | |
|      *Respondent.* | § | |

## ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY

On August 1, 2011, Edward Lee Busby ("Petitioner") filed a *Motion for Leave to Conduct Discovery and for Disclosure of Favorable Evidence* (doc. 43).  In particular, Petitioner seeks (1) "any and all statements made by Kathleen Latimer" in connection with Petitioner's capital murder prosecution that are in the possession of the prosecution team, including a statement given to FBI agents on February 2, 2004; (2) the deposition of Toni Knox, state habeas mitigation investigator; and (3) "all favorable evidence material to Mr. Busby's conviction or sentence." Rick Thaler ("Respondent") opposes the motion.

### Applicable Law

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2254 Cases provides that a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules

of Civil Procedure and may limit the extent of discovery.  In *Bracy*, the Supreme Court found "good cause" as contemplated by Rule 6(a) where:

> specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .

*Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)(citing *Harris v. Nelson*, 394 U.S. 286 (1969)).

This Circuit has held that good cause may be found when "a petition for habeas corpus establishes a prima facie claim for relief."  *Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir. 2000) (citations and internal quotation marks omitted).  However, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Id.*  Rule 6 does not authorize fishing expeditions.  *Id.*

### Requests for Brady Evidence

Petitioner's first request is made in connection with an unexhausted claim under *Brady v. Maryland*, 373 U.S. 83 (1963).  The essential elements of a *Brady* claim are:  (1) the prosecution's suppression of evidence that is (2) favorable to the defense (3) and material to either guilt or punishment.  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Murphy*, 205 F.3d at 814 n.2.  In a one-sentence allegation, Petitioner claims that counsel "have reason to believe that the State failed to disclose favorable evidence material

to his defense at guilt-innocence and sentencing, including, but not limited to statements made to FBI agents by Kathleen "Kitty" Latimer, Mr. Busby's codefendant in this capital murder prosecution." (*Amended Pet.*, p. 148).

At the outset, the Court notes that this claim is unexhausted. (*Resp. Answer*, p. 11-12). Unexhausted claims are procedurally barred from federal review unless the petitioner can establish either cause and prejudice for the failure to raise the unexhausted claims in state court or that the failure to consider the claims on the merits would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cantu v. Thaler*, 632 F.3d 157, 166 (5th Cir. 2011). In the context of *Brady* claims, however, the "cause" and "prejudice" requirements can parallel the *Brady* elements of "suppression" and "materiality," such that a petitioner who successfully demonstrates cause and prejudice probably will at the same time establish a *Brady* violation. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Rocha v. Thaler*, 619 F.3d 387, 394 (5th Cir. 2011). Conversely, a prima-facie *Brady* claim that establishes the good cause required for discovery may well lead to the development of the evidence that provides the cause and prejudice necessary to clear the procedural bar in this case. Accordingly, the Court will address whether Petitioner has established a prima-facie claim for relief under *Brady*.

In his discovery motion, Petitioner asserts that Exhibit 31 to his Amended Petition is a redacted FBI statement made by Latimer on February 2, 2004 at the Oklahoma County Jail, which was received by federal habeas counsel from the FBI in response to a request made under the Freedom of Information Act (FOIA) "for documents pertaining to the arrest, detention, and interrogation of Mr. Busby." (*Motion*, p. 4; *see also Pet. Reply*, p. 53-54 (doc. 40)).  Petitioner seeks the unredacted statement as well as "any and all" statements by Latimer.  For the reasons discussed below, the claim that the prosecution failed to disclose a favorable, material statement by Latimer is speculative and insufficient to entitle him to discovery.

First, although Petitioner presents what appears to be a redacted statement indicating that a white female was interviewed by the FBI at the Oklahoma County Jail on February 1, 2004, Petitioner makes no showing that the redacted statement is Latimer's.  Petitioner claims that this redacted document was received by "federal habeas counsel" in response to a FOIA request seeking documents pertaining to the arrest and interrogation of Petitioner, but Petitioner does not provide the FOIA request or even a cover letter from the FBI. As it stands, unaccompanied and uncorroborated, it is not apparent that the redacted form even relates to this case.  Nor is it clear to this Court why Petitioner, who presumably has the documentation necessary to make such a showing, would fail to provide it unless, alas, she does not have it.

4

Secondly, assuming the blank form provided in Exhibit 31 is, in fact, Latimer's redacted statement, Petitioner presents no theory under which this Court could conclude it is favorable to him or material to the trial outcome.  Petitioner fails to discuss how the statement--or any statement by Latimer--might have been helpful to his defense or how it might undermine confidence in the verdict, given the body of evidence against Petitioner and the fact that none of Latimer's statements or testimony were used at trial.[1]  Accordingly, Petitioner has failed to establish a prima-facie *Brady* claim and has therefore not shown good cause for discovery.  *See Murphy*, 205 F.3d at 814 (upholding the denial of discovery where movant failed to establish a prima facie *Brady* claim).

Petitioner also makes a general request that this Court order "the Respondent to seek out and disclose to Mr. Busby all favorable evidence within the prosecution team's knowledge and possession." (*Motion*, p. 15).  Petitioner has not tied this request to any existing claim for relief in his amended petition.  Because Petitioner fails to make at least a prima-facie showing of what specifically he intends to find and prove, such a request is nothing more than a desire to engage in a fishing expedition, unauthorized by Rule 6.  *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (upholding denial of

---

[1]The trial court excluded as hearsay a DVD recording of a press conference held by Latimer on February 20, 2004, a DVD recording of a polygraph examination of Latimer, and a written statement Latimer made to a Fort Worth detective on February 20, 2004.  (31 RR 9-10; Defense Ex. 1, 2 and 3.)  Furthermore, Latimer invoked her Fifth Amendment right and refused to testify when called by the defense.  34 RR 169-70.

discovery into the contents of the prosecution's file); *see Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) (holding that conclusory allegations are not enough to warrant discovery under Rule 6).

### *Request Relating to State Habeas Counsel's Alleged Conflict of Interest*

Petitioner's remaining request seeks the deposition of Toni Knox, the mitigation investigator hired by state habeas counsel to provide an opinion on trial counsel's mitigation case. According to Petitioner, Ms. Knox's deposition would provide evidence supporting the existence of a conflict of interest between Petitioner and his state habeas counsel that would excuse the procedural default of Petitioner's ineffective-assistance-of-counsel claims. (*Amended Petition*, pp. 10-53). Petitioner does not state the facts he expects Ms. Knox to provide on this issue, but assuming Petitioner's factual assertions are true, allegations of a conflict of interest on the part of state habeas counsel cannot excuse the procedural default. *See Williams v. Thaler*, 602 F.3d 291, 308-309 (5th Cir. 2010) (rejecting claim that procedural default should be excused where petitioner's state habeas counsel was married to an assistant district attorney). This is because there is no constitutional right to counsel in state post-conviction habeas corpus proceedings. *See id.*; *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Since Petitioner cannot demonstrate that he may be entitled to relief on a defaulted claim, he cannot show good cause for discovery.

Accordingly, the *Motion for Leave to Conduct Discovery and for Disclosure of Favorable Evidence*(doc. 43) is DENIED.

SIGNED September 19, 2011.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ks

7