IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD LEE BUSBY, § | | |
| Petitioner, § | | |
| § | Civil Action No. 4:09-cv-160 | |
| v. § | (District Judge Terry R. Means) | |
| § | | |
| RICK THALER, § | *  DEATH PENALTY CASE  * | |
| Director, Texas Department § | | |
| of Criminal Justice, § | ECF | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

RESPONDENT THALER'S OBJECTION TO ORDER GRANTING
STAY AND ABEYANCE

This is a federal habeas corpus proceeding initiated by Petitioner Edward Lee Busby, a death-sentenced Texas inmate, pursuant to 28 U.S.C. § 2254. On May 24, 2010, Busby filed his amended petition for habeas corpus relief in this Court raising a total of seven allegations, one of which being an unexhausted ineffective-assistance-of-counsel claim (IAC claim) alleging that trial counsel failed to adequately investigate and present mitigating evidence at the punishment phase of trial. Docket Entry (DE) 25 at 3-101. Had counsel conducted a reasonable sentencing investigation, Busby argued, he "would have discovered and presented a wealth of mitigating evidence relevant to Mr. Busby's background, character, and the circumstances of the offense." Id. at 54. The Director responded to this allegation by demonstrating that, in addition to being wholly without merit, Busby's claim was never presented to the state courts, and was thus procedurally barred from federal habeas relief. DE 33 at 11-14, 28-50.

Busby replied by arguing that his failure to exhaust his IAC claim should be excused solely because of an alleged conflict of interest that his state habeas counsel labored under which rendered the entire state habeas process ineffective to protect his rights. DE 40 at 1-18. But this Court rejected this argument in its orders denying funds and leave for discovery. DE 50, 55. The Court also rejected Busby's previous request to stay these proceedings pending the Supreme Court disposition of Maples v. Thomas,[1] a case Busby considered to be potentially relevant to his conflict of interest assertion. DE 41, 42. Now, without any renewed request on Busby's behalf, this Court has stayed these proceedings to allow Busby to return to state court to exhaust his claims, asserting that any procedural ruling at this time would be "ill-advised" due to the likelihood that Busby would return to state court at some point in the future. DE 62. Because neither the "good cause" nor "potentially meritorious" requirements set forth in Rhines v. Weber,[2] have been satisfied, however, the Director objects to the issuance of the stay and requests that these proceedings continue unabated.

## ARGUMENT

In Rhines, the Supreme Court delineated the "limited circumstances" in which a federal habeas court has discretion to stay and abate federal habeas proceedings to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his

---

[1]   132 S. Ct. 912 (2012).

[2]   544 U.S. 269 (2005).

perfected petition. Id. The Court unanimously held that a federal court has the authority to stay a mixed habeas corpus petition and hold it in abeyance so that a petitioner can exhaust his claim in state court without running the risk that his claims would be time-barred upon his return to the federal forum. Id. at 275-76. Nevertheless, recognizing that the stay and abeyance has the potential to undermine AEDPA's objectives of reducing delay, particularly in capital cases, and encouraging prisoners to bring all their claims to state court before seeking federal relief, the Court held that "stay and abeyance should be available only in limited circumstances." Id. at 277.

Specifically, the Court found that (1) the district court must determine "there was good cause for the petitioner's failure to exhaust his claims first in state court";[3] (2) regardless of good cause, an abuse of discretion would occur if the district court granted a petitioner a stay "when his unexhausted claims are plainly meritless"; and (3) a stay should not be granted "if a petitioner engages in abusive litigation tactics or intentional delay." Id. at 277-78. As discussed below, Busby's case does not fall within these "limited circumstances."

I. Good cause has not been established for Busby's failure to first exhaust his IAC claim in state court.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate

---

[3] The Fifth Circuit has noted that the Rhines Court did not intend "good cause" to mean a good excuse because "a district court could simply excuse the failure to exhaust on the spot." Ruiz v. Quarterman, 504 F.3d 523, 529 n.17 (5th Cir. 2007). Instead, "[t]he Supreme Court . . . intended the district court find 'good cause' in the equitable sense." Id.

when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Busby himself provides absolutely no good cause for his failure to present his claim to the state court. Although he attempted to establish cause through the conflict of interest allegation aimed at his state habeas counsel, this notion has already been rejected by this Court because there is no constitutional right to counsel in state habeas proceedings in the first place. DE 50 at 6 (citing Coleman v. Thompson, 501 U.S. 722, 752 (1989)). Indeed, the Fifth Circuit has repeatedly held that ineffective assistance of state habeas counsel cannot serve as cause to excuse a procedural bar. Williams v. Thaler, 602 F.3d 291, 308-09 (5th Cir. 2010); Ruiz v. Quarterman, 460 F.3d 638, 643-44 (5th Cir. 2006); Matchett v. Dretke, 380 F.3d 844, 849 (5th Cir. 2004). As a result, state habeas counsel's decision in this case to withdraw the IAC claim—whether based on an actual conflict of interest or some other reason—cannot constitute cause for Busby's failure to raise the claim in state court.

     Nevertheless, the Court found that good cause existed for Busby's failure to exhaust because state habeas counsel had good cause for withdrawing the claim: namely, that the unsworn witness declarations from Busby's family and acquaintances that were presented for the first time in his federal petition were "apparently unavailable" to state habeas counsel despite his diligence. DE 62 at 7-8. Aside from the fact that counsel's decision, whether reasonable or not, cannot constitute cause, the Court's conclusion is alarming given that there is absolutely no evidence to support the notion that these witnesses were unavailable at the time. Simply because a petitioner has found new evidence to present to a federal habeas court does not mean that the evidence was

unavailable prior to being discovered. There is no evidence in this case that these potential witnesses were hiding, inaccessible, or otherwise nonexistent prior to being found by federal habeas counsel. Indeed, the two people with the most intimate knowledge of Busby's childhood and alleged gullibility with women, his sisters, testified at trial regarding these same issues. See 35 RR 55, 78. As such, it appears that the evidence now in question was undiscovered by counsel, rather than unavailable to counsel during Busby's state habeas proceedings.

Because state habeas counsel's failure to discover evidence that Busby now claims he should have cannot establish good cause, Busby is not entitled to a stay of these proceedings to allow him to return to state court. To hold otherwise would encourage every petitioner to seek out and present new evidence in federal court once their state habeas proceedings have concluded in hopes of delaying their proceedings. Not only is such a result contrary to the "limited circumstances" referred to in Rhines, it allows petitioners to undermine the AEDPA's "goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." 544 U.S. at 277 (citing Duncan v. Walker, 533 U.S. 167, 180 (2001)("[D]iminution of statutory incentives to proceed first in state court would . . . increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce")).

II.   Busby's unexhausted IAC claim is plainly meritless.

Although the Court believes there is "potential merit" in Busby's IAC claim due to questions the new evidence may raise about the reasonableness of trial

counsel's mitigation investigation (or of the mitigation investigator's competence), the claim is plainly meritless under the Rhines standard because it is unexhausted and procedurally defaulted. Neville v. Dretke, 423 F.3d 474, 480 (5th Cir. 2005) (holding that a procedurally barred claim is "plainly meritless" under Rhines). As discussed more thoroughly in the Director's Answer, Busby's IAC claim is procedurally defaulted under both Supreme Court and Fifth Circuit precedent because Busby failed to properly raise it in his prior state habeas proceedings. DE 33 at 11-14 (citing Coleman, 501 U.S. at 735 n.1; Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997)).

In Nobles, the Fifth Circuit held that where a petitioner raises claims in federal court that have not previously been presented to the state courts, and Article 11.071, § 5(a) of the Texas Code of Criminal Procedure would apply to foreclose review of the claims if presented in a successive state habeas application, such is an independent and adequate state procedural bar foreclosing federal habeas review of the claims. 127 F.3d at 422; see also Beazley v. Johnson, 242 F.3d 248, 264 (5th Cir. 2001). A procedural default such as this will bar federal habeas review unless the petitioner can show cause for the default and resulting prejudice, or demonstrate that the court's failure to consider the federal claim will result in a "fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989); Barrientes v. Johnson, 221 F.3d 741, 758 (5th Cir. 2000).

As discussed in the previous section, Busby cannot demonstrate cause to overcome his default. See Williams, 602 F.3d at 308 (complaints concerning state habeas counsel's performance cannot constitute "cause" to excuse a

procedural default); Ruiz, 460 F.3d at 644 (same).  Similarly, he has made no attempt to demonstrate that the Court's dismissal of these claims will result in a "fundamental miscarriage of justice."  Thus, because Busby's IAC claim was clearly available during his state habeas proceeding but was ultimately withdrawn, the claim is now procedurally defaulted in federal court.  Williams, 602 F.3d at 305-06 (holding that a petitioner's ineffective assistance of counsel claim was procedurally defaulted because if the petitioner returned to state court, the court would not consider the merits under Article 11.071, § 5(a)); see also Greer v. Thaler, 2010 WL 1976620 (5th Cir. 2010)(unpublished)(same).

The Court contends that it is unsure whether Busby's claim is procedurally defaulted because it is not clear whether he would be barred under the Texas abuse-of-the-writ doctrine from presenting the claim in a successive state habeas application.  DE 62 at 11-12.  First, the Court questions whether Busby's new evidence would satisfy the exception in § 5(a)(1) for claims that "have not been and could not have been presented previously because the factual or legal basis for the claim was unavailable."  Id.  But for purpose of § 5(a)(1), the factual basis of a claim is unavailable only if it "was not ascertainable through the exercise of reasonable diligence."  Tex. Code Crim. Proc. art. 11.071, § 5(e).  As discussed previously, there is absolutely no evidence to indicate that Busby's "new" witnesses were unavailable to be interviewed; rather, counsel (and his investigator) simply failed for whatever reason to discover them after being given addition funds to complete the investigation.  As a result, it is clear Busby would not meet the requirements set forth in § 5(a)(1).  See Williams, 602 F.3d at 306; Greer, 2010 WL 1976620 *11.

The Court also questions whether Busby's IAC claim would satisfy the exception in § 5(a)(3) that "by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered [the mitigation special issue] in the state's favor." DE 62 at 12; Tex. Code Crim. Proc. art. 11.071, § 5(a)(3).  However, the Texas Court of Criminal Appeals has construed § 5(a)(3) as analogous to the federal "actual innocence" exception to exhaustion found in Sawyer v. Whitley, 505 U.S. 333, 340 (1992).  See Ex parte Blue, 230 S.W.3d 151, 160-61 (Tex. Crim. App. 2007) (finding that § 5(a)(3) "seems to limit its applicability to constitutional errors that affect the applicant's eligibility for the death penalty" rather than errors that only impact "the jury's discretion whether to impose a death sentence").  Because Busby argues only that the mitigating evidence trial counsel should have discovered could have influenced the jury's discretion to impose the death penalty—not that the evidence would render him ineligible for the death penalty—it is clear that he would not fall under § 5(a)(3)'s exception to the Texas abuse-of-the-writ doctrine either.  See Rocha v. Thaler, 626 F.3d 815, 838 (5th Cir. 2010); Haynes v. Quarterman, 526 F.3d 189, 196-97 (5th Cir. 2008).

Again, in order to be entitled to a stay under Rhines, there must be a showing of good cause for Busby's failure to exhaust his IAC claim in state court, and the unexhausted claim must be potentially meritorious.  As demonstrated above, however, neither has been established in this case.  Therefore, Busby should not be allowed to delay these proceedings any further by making the futile effort to now have the state court review his claims.

8

## CONCLUSION

For the foregoing reasons, the Director objects to the issuance of a stay, and requests that the stay be lifted so that the proceedings may continue.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division


   s/ Jeremy Greenwell
JEREMY C. GREENWELL*
Assistant Attorney General
State Bar No. 24038926

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1600
(512) 320-8132 (Fax)
E-mail: jeremy.greenwell@oag.state.tx.us

*Lead Counsel                ATTORNEYS FOR RESPONDENT

CERTIFICATE OF SERVICE

I certify that on the 20th day of August, 2012, a copy of the above pleading was electronically served to the following counsel for Busby by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

DAVID R. DOW
University of Houston Law Center
100 Law Center
Suite 114-BLB
Houston, TX 77004-6060
ddow@central.uh.edu

                                          s/ Jeremy Greenwell
                                          JEREMY C. GREENWELL
                                          Assistant Attorney General