

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-70,747-06

### EX PARTE EDWARD LEE BUSBY JR., Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. C-2-W011911-0920589-C
### IN CRIMINAL DISTRICT COURT NO. 2
### TARRANT COUNTY

*Per curiam.*  YEARY, J., concurred.

### O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071, § 5.[1]

In November 2005, a jury convicted Applicant of the January 2004 killing of a 78-

year-old woman committed in the course of kidnapping her.  *See* TEX. PENAL CODE §

---

[1]  Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal Procedure.

Busby - 2

19.03(a). Based on the jury's answers to the special issues submitted pursuant to Article 37.071, the trial court sentenced Applicant to death. Art. 37.071, § 2(g). This Court affirmed Applicant's conviction and sentence on direct appeal. *Busby v. State,* 253 S.W.3d 661 (Tex. Crim. App. 2008). We also denied relief on Applicant's initial writ of habeas corpus application. *Ex parte Busby*, No. WR-70,747-01 (Tex. Crim. App. Feb. 25, 2009) (not designated for publication).

In October 2012, Applicant filed his first subsequent writ application in the convicting court in which he alleged, among other things, that his death sentence is unconstitutional because he is intellectually disabled. This Court dismissed the writ because Applicant's claims failed to meet the requirements of Article 11.071, § 5(a). *Ex parte Busby*, No. WR-70,747-02 (Tex. Crim. App. Mar. 6, 2013) (not designated for publication).

On January 29, 2021, Applicant filed in the convicting court his second subsequent habeas application (our -06). He raises a single claim that his execution would violate the Eighth and Fourteenth Amendments because he is intellectually disabled. *See Atkins v. Virginia*, 536 U.S. 304 (2002). On February 3, 2021, we determined that Applicant's claim satisfied Article 11.071, § 5(a)(1), and we remanded it to the trial court for a review of its merits.

The trial court entered findings of fact, conclusions of law, and a recommendation that we deny habeas relief on Applicant's intellectual disability claim. We have reviewed

Busby - 3

the record regarding Applicant's intellectual disability allegation.  We adopt the trial court's findings of fact and conclusions of law, except for Findings #27, #103, #104, #105, and #112, to the extent that they reference a "required relatedness link" between adaptive and intellectual deficits.  Although the DSM-5 previously required deficits in adaptive functioning to be directly related to intellectual impairments, the DSM-5-TR has apparently removed this requirement.  *See Ex parte Mays*, 686 S.W.3d 745, 748 n.5 (Tex. Crim. App. 2024).

Based upon the trial court's findings and conclusions and our own review, we deny habeas relief on Applicant's intellectual disability claim.

IT IS SO ORDERED THIS THE 5th DAY OF MARCH, 2025.

Do Not Publish