IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **EDWARD LEE BUSBY** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  4:09-CV-00160-O** |
| | § | |
| **ERIC GUERRO, DIRECTOR, TEXAS** | § | |
| **DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL** | § | |
| **INSTITUTIONS DIVISION** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

The matters before the Court are (1) Busby's motion for relief from judgment pursuant to Rule 60(b), FED. R. CIV. P., filed April 2, 2026 (ECF No. 113); (2) Respondent's response thereto, filed April 8, 2026 (ECF No. 118); and (3) Busby's reply brief, filed April 10, 2026 (ECF No. 120).  For the reasons set forth below, the Court finds that Busby is not entitled to any relief, is not entitled to a Certificate of Appealability, and this case will be transferred immediately to the Fifth Circuit pursuant to 28 U.S.C. § 1631 to avoid any further delay in disposing of Busby's claims prior to Busby's scheduled May 14, 2026 execution.

### I.   BACKGROUND

In January 2004 Edward Lee Busby ("Busby") and a female accomplice abducted, robbed, and murdered an eighty-year-old woman.  *Busby v. State*, 253 S.W.3d 661, 663-64 (Tex. Crim. App. 2008).  The Texas Court of Criminal Appeals affirmed Busby's capital murder conviction and sentence of death.  *Busby*, 253 S.W.3d at 673.  The Texas Court of Criminal Appeals subsequently denied Busby's initial state habeas corpus application. *Ex parte Busby*, WR-70, 747-01, 2009 WL 483096 (Tex. Crim. App. Feb. 25, 2009).

After Busby unsuccessfully litigated a subsequent state habeas application, *Ex parte Busby*, WR-70,747-02, 2013 WL 831550 (Tex. Crim. App. Mar. 6, 2013), this Court denied Busby's federal habeas corpus petition. *Busby v. Stephens*, 2015 WL 1037460 (N.D. Tex. Mar. 10, 2015). This Court rejected Busby's claim that he was ineligible for the death penalty due to his alleged intellectual disability as procedurally defaulted. It also found that he "failed to establish that his general intellectual functioning, as reflected in the multiple results of the IQ tests administered to him, is significantly subaverage." *Id.* at *21.

The Fifth Circuit granted Busby a Certificate of Appealability but ultimately affirmed this Court's denial of federal habeas relief. *Busby v. Davis*, 925 F.3d 699 (5th Cir. 2019), *cert. denied*, 589 U.S. 1141 (2020). The Fifth Circuit concluded that Busby had not procedurally defaulted on his intellectual disability claim because the Texas Court of Criminal Appeals rejected Busby's intellectual disability claim on the merits. *Busby*, 925 F.3d at 706-10. The Fifth Circuit nonetheless concluded Busby was not entitled to federal habeas corpus relief because the TCCA's rejection of Busby's intellectual disability claim on the merits was objectively reasonable under the standard of review in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 710-20. Thus, the Fifth Circuit's opinion constituted a denial of Busby's intellectual disability claim on the merits.

## II.  LEGAL STANDARD

Rule 60(b) provides that a district court may grant relief from a final judgment, order, or proceeding for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, or

(6) any other reason that justifies relief.

Motions filed based upon reasons (1), (2), and (3) listed above must be filed within one year after entry of the judgment, order, or date of the proceeding. FED. R. CIV. P. 60(c)(1). Unlike a Rule 59(e) motion, a motion made under Rule 60 does not affect the judgment's finality or suspend its operation. FED. R. CIV. P. 60(c)(2). A Rule 60(b)(6) motion must (1) be made within a reasonable time and (2) establish extraordinary circumstances justifying the reopening of the final judgment. *Crutsinger v. Davis*, 936 F.3d 265, 267 (5th Cir. 2019); *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019); *Clark v. Davis*, 850 F.3d 770, 779 (5th Cir. 2017).

When ruling on a Rule 60(b) motion, the court should consider the following factors: (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits where the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Raby v. Davis*, 907

F.3d 880, 885 (5th Cir. 2018); *Diaz v. Stephens*, 731 F.3d 370, 377-78 (5th Cir. 2013); *In re Marinez*, 589 F.3d 772, 777 (5th Cir. 2009); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981); *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962).

Rule 60(b)(6) applies only in extraordinary circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Diaz*, 731 F.3d at 376; *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012); *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Such extraordinary circumstances will rarely occur in the habeas context. *See Gonzalez*, 545 U.S. at 535; *Crutsinger*, 936 F.3d at 267; *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019); *In re Robinson*, 917 F.3d at 862; *Diaz*, 731 F.3d at 376; *Adams*, 679 F.3d at 319. Rule 60(b)(6) movant to show that he can assert a good claim or defense if his case is reopened. *In re Johnson*, 935 F.3d at 289-90. Changes in governing law do not constitute the extraordinary circumstances required for granting Rule 60(b)(6) relief. *Crutsinger*, 936 F.3d at 267, 270; *Priester v. JP Morgan Chase Bank, N.A.,* 927 F.3d 912, 913 (5th Cir. 2019); *Raby*, 907 F.3d at 884; *Clark*, 850 F.3d at 784; *Diaz*, 731 at 374; *Adams*, 679 F.3d at 319; *Hess*, 281 F.3d at 216. For example, the Fifth Circuit has repeatedly held that the Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), do not constitute extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6). *See, e.g., In re Johnson*, 935 F.3d at 290; *Raby*, 907 F.3d at 884; *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017); *Balentine v. Davis*, 692 F.3d 357, 357 (5th Cir. 2012).

A Rule 60(b) motion that presents habeas claims should be treated as a successive petition subject to the advance Circuit Court authorization requirement of 28 U.S.C. § 2244(b)(3). *Gonzalez*, 545 U.S. at 531; *Jackson v. Lumpkin*, 25 F.4th 339, 340 (5th Cir. 2022). Determining whether a motion presents successive habeas claims is a practical inquiry. *Will v. Lumpkin*, 970 F.3d 566, 571 (5th Cir. 2020). *Gonzalez* offers three illustrations of Rule 60(b) motions which

should be treated as successive petitions: (1) motions seeking leave to bring a new claim of constitutional error that was previously omitted due to excusable neglect; (2) motions seeking to present newly discovered evidence in support of claims previously argued; and (3) motions based on a subsequent change of substantive law. *Gonzalez*, 545 U.S. at 530-31; *Jackson*, 25 F.4th at 340-41.

By contrast, a Rule 60(b) motion does not require advance Circuit Court authorization where it challenges only a prior procedural ruling (*e.g.*, a ruling that a claim was foreclosed by a failure to exhaust state remedies, procedural default, or barred by the applicable statute of limitations). *Gonzalez*, 545 U.S. at 535; *Jackson*, 25 F.4th at 341; *In re Robinson*, 917 F.3d at 863-64; *Adams*, 679 F.3d at 319. However, if a district court undertakes a merits analysis in the alternative, that analysis constitutes a merits determination, and a Rule 60(b) motion must receive Circuit Court authorization even if the district court ultimately resolved the issue procedural grounds. *See Will*, 970 F.3d at 571 (concluding merits analysis qualified as an alternative merits determination even when the district court held the unexhausted ineffective assistance claim was procedurally defaulted but held in the alternative that the *Strickland* claim lacked merit).

When a Rule 60(b) motion is subject to 28 U.S.C. § 2244(b), the district court must: (1) dismiss any claim that has previously been adjudicated in a previous petition; (2) dismiss any claim that has not already been adjudicated unless it relies on either a new and retroactive rule of constitutional law or new facts that could not have been discovered previously through the exercise of due diligence and show a high probability of actual innocence; and (3) the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)'s new rule or actual innocence provisions before the district court accepts the petition. *Clark*, 850 F.3d at 778-79.

### III.   ANALYSIS

In his Rule 60(b) motion, Busby argues that (1) this Court erroneously denied his request for expert mental health funding in 2011 during the pendency of his federal habeas petition (ECF No. 55); (2) the Supreme Court's decision in *Ayestas v. Davis*, 584 U.S. 28, 45-46 (2018), makes clear that this Court erred in denying Busby his request for expert funding; and (3) he is therefore now entitled to re-litigate the merits of his intellectual disability claim using new expert reports and findings which he developed in subsequent state habeas corpus proceedings after the Fifth Circuit rejected his intellectual disability claim on the merits.  For several reasons, Busby is not entitled to relief from judgment under Rule 60(b).

First, Busby's Motion is a successive habeas petition requiring Circuit authorization because it attacks the Fifth Circuit's merits decision denying his intellectual disability claim.[1] *Gonzalez*, 545 U.S. at 535; *Jackson*, 25 F.4th at 341; *In re Robinson*, 917 F.3d at 863-64; *Adams*, 679 F.3d at 319.  This Court's 2011 Order denying expert funding did not preclude Busby from obtaining a ruling on the merits of his intellectual disability claim.  *Busby*, 925 F.3d at 710-20. The present motion thus challenges a merits determination, not just a procedural ruling, and so constitutes a successive habeas claim.  Busby's claims are paradigmatic of habeas claims identified by the Supreme Court in *Gonzalez* which require advance Circuit Court authorization under Section 2244(b).

Second, Busby's challenge to this Court's 2011 denial of expert funding given *Ayestas* is untimely.  *Crutsinger*, 936 F.3d at 267.  The Supreme Court issued its decision in *Ayestas* in March 2018, while Busby's appeal from this Court's denial of federal habeas relief was still pending before the Fifth Circuit. The Fifth Circuit granted a Certificate of Appealability in January of 2017,

---

[1] Resp. 19-34, ECF No. 113.

issued its initial opinion in June 2018, and issued its opinion on rehearing in May 2019. *See Busby v. Davis*, 677 Fed. App'x 884 (5th Cir. Jan. 27, 2017) (granting Certificate of Appealability); *Busby v. Davis*, 892 F.3d 735 (5th Cir. 2018) (initial opinion); *Busby v. Davis*, 925 F.3d 699 (5th Cir. 2019) (opinion on rehearing). Therefore, Busby had the opportunity while his appeal was pending before the Fifth Circuit to raise a new legal argument premised upon the Supreme Court's March 2018 decision in *Ayestas*. He did not do so and attempts to raise it here for the first time. Waiting for over eight years, until April 2026, to first raise his *Ayestas* challenge to the efficacy of this Court's 2011 Order denying expert funding is the antithesis of timeliness. *Clark*, 850 F.3d at 780-83. Busby offers no rational explanation for his failure to assert his *Ayestas* argument in a timely manner. Thus, he fails to meet the timeliness requirement for a Rule 60(b) motion.

Third, the Fifth Circuit has held in similar contexts that the Supreme Court's decision in *Ayestas* does not constitute the type of extraordinary circumstances which warrant relief from judgment under Rule 60(b)(6). Changes in controlling law do not constitute the extraordinary circumstances required for granting Rule 60(b)(6) relief. *Crutsinger*, 936 F.3d at 267, 270; *Priester v. JP Morgan Chase Bank, N.A.,* 927 F.3d 912, 913 (5th Cir. 2019); *Raby*, 907 F.3d at 884; *Clark*, 850 F.3d at 784; *Diaz*, 731 at 374; *Adams*, 679 F.3d at 319; *Hess*, 281 F.3d at 216.

## IV.   CERTIFICATE OF APPEALABILITY

Under AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under § 2254, the petitioner must obtain a Certificate of Appealability ("CoA"). *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(2). Likewise, under AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Lackey v. Johnson*, 116

F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted. *Crutcher*, 301 F.3d at 658 n.10; 28 U.S.C. § 2253(c)(3).

A CoA will not be granted unless a petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). The petitioner need not show he will prevail on the merits; rather, he must demonstrate (1) a reasonable jurist could debate whether the petition should have been resolved in a different manner; or (2) that the issues presented are adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336. This Court is required to issue or deny a CoA when it enters a final Order that is adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.*

Reasonable jurists could not disagree with this Court's conclusions that (1) Busby's Rule 60(b) motion is untimely; (2) Busby has failed to establish the existence of extraordinary circumstances warranting relief under Rule 60(b); and (3) Busby's Rule 60(b) motion is a successive federal habeas corpus petition as described in *Gonzalez*. Thus, Busby is not entitled to a CoA.

## V.    CONCLUSIONS

1.  For the reasons stated above, Busby's Rule 60(b) motion is in all respects **DENIED**.

2.  Busby is **DENIED** a Certificate of Appealability on all his claims herein and the denial of his Rule 60(b) motion.

3.  Pursuant to 28 U.S.C. Section 1631, the Clerk is directed immediately to **TRANSFER** this cause to the Fifth Circuit for a determination by that court as to whether Busby is entitled to authorization to file a successive federal habeas corpus petition under 28 U.S.C. Section 2244(b).

**SO ORDERED this 15th day of April, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**