



# CLERK'S RECORD
## VOLUME 1 of 2

Trial Court Cause No. **0920589A**

In the **CRIMINAL DISTRICT COURT TWO**
of Tarrant County, Texas
Hon. **WAYNE SALVANT**, Presiding Judge

## EDWARD LEE BUSBY, JR, APPELLANT

vs.

THE STATE OF TEXAS

Appealed to the Court of CRIMINAL APPEALS
for the STATE OF TEXAS
at Capitol Station
AUSTIN, TEXAS

**FILED IN**
COURT OF CRIMINAL APPEALS

MAR 2 0 2006

Louise Pearson, Clerk

### ATTORNEY FOR THE APPELLANT

**JACK STRICKLAND, APPT**
**909 THROCKMORTON ST**
**FORT WORTH, TEXAS  76102**
**PHONE:      817-338-1000**
**FAX:         817-338-1020**
**SBOT:       19397000**
**Attorney for EDWARD LEE BUSBY, JR, Appellant**

Delivered to the Court of CRIMINAL APPEALS
for the STATE OF TEXAS at Capitol Station,
AUSTIN, Texas, on the

13 day of March 2006

THOMAS A. WILDER, DISTRICT CLERK,
TARRANT COUNTY, FORT WORTH, TEXAS

CATHY STATELER

Deputy District Clerk

(Court of CRIMINAL APPEALS)

Cause No. _____
Filed in the Court of CRIMINAL APPEALS
FOR THE STATE Of Texas, at
Capitol Station, AUSTIN, Texas, this

_____ day of _____, _____

_____ LOUISE PEARSON _____, Clerk

By _____, Deputy

# VOLUME ONE

# INDEX

Caption ...................................................................................................................................1

Indictment – 3/31/04 ..............................................................................................................2

Criminal Docket ....................................................................................................................3

Complaint – 2/6/04 ..............................................................................................................11

Certificate of Proceedings – 2/6/04 ....................................................................................12

Warrant – 2/23/04................................................................................................................13

Capital Murder Rotation – 2/6/04 ........................................................................................14

Request for Appointed Counsel – 2/20/04 ..........................................................................15

Order Appointing Counsel for the Defendant/Jack Strickland – 2/23/04 .............................17

Finding on Appointment of Attorney – 2/23/04....................................................................18

State's Announcement of Ready – 3/31/04...........................................................................19

Writ to Serve Indictment – 4/5/04 .......................................................................................20

Order Appointing Co-Counsel for the Defendant/Stephen Gordon – 3/23/05 .....................21

Declaration of Conflict between Attorney and Client – 5/10/05............................................22

Defendant's Motion for Appointment of Investigator – 8/18/05............................................23

Motion for the Appointment of a Mitigation Specialist – 8/18/05..........................................27

Motion to Suppress Oral & Written Statements of Defendant – 8/18/05..............................33

Motion to Suppress Evidence Seized from the Person of the Defendant as a Result of Arrest And/or Detention – 8/18/05 ................................................................................................37

Motion for Disclosure of Grants of Immunity, Leniency or Plea Bargaining – 8/18/05 ..........41

2

Motion for Pretrial Evidentiary Hearing to Determine Admissibility of Extraneous Offenses – 8/18/05...45

Motion in Limine in Regard to any Out-of-Court Oral or Written Statements Made by Alleged Co-Defendant – 8/18/05 .................................................................................................................51

Rule 615 Motion (Gaskin) – 8/18/05 .................................................................................................54

Motion for Discovery of any Agreements with any Witness – 8/18/05 ....................................................57

Defendant's Motion Requesting the Prosecution to File a List of Physical Evidence – 8/18/05 ..............61

Motion to Require Law Enforcement Officers to Maintain Personal Notes – 8/18/05 ...........................65

Motion for Court Order to Provide Copies of Jail Records of Defendant – 8/18/05 ..............................69

Defendant's Motion to Disclose the Names and Addresses of Expert Witnesses for the State 8/18/05 ...................................................................................................................................................73

Motion to Disclose Documents Signed or Made by the Defendant – 8/18/05 ........................................76

Motion to Produce Inconsistent or Mitigating Evidence – 8/18/05 ......................................................80

Motion for Equal Access to Background Information on Prospective Jurors – 8/18/05 ..........................84

Motion to Discover Criminal Records of Witnesses – 8/18/05 .............................................................89

Defendant's Motion to List State's Witnesses (Trial Witnesses) – 8/18/05 ..........................................93

Request for Court to Instruct Jury Panel on Parole Law – 40 Year Minimum – 8/18/05 .......................97

Motion for Court to Declare Code of Criminal Procedure Article 37.071, Section 2(a) Unconstitutional – 8/18/05 ..................................................................................................................101

Motion for Court to Declare Code of Criminal Procedure Article 37.071, Section 2 Unconstitutional as Written and as Applied in all Cases – 8/18/05 .......................................................105

Defendant's Supplemental Motion to Declare the Texas Death Penalty Procedure and Article 37.071 Tex Code Criminal Proc Unconstitutional on Its Face – 8/18/05 .........................................................110

Motion to Preclude the Death Penalty as a Sentencing Option – 8/18/05 ............................................119

Defendant's Motion to Allow Additional Pretrial and Trial Motions – 8/18/05 .....................................123

3

State's Written Request for Disclosure of Experts Pursuant to Article 39.14(b) – 8/19/05 .................. 126

Letter to Judge – 8/24/05 ........................................................................................................................ 130

State's Notice of Intent to Seek the Death Penalty – 9/7/05 ................................................................. 131

State's Notice Pursuant to Rule 404(b) & Article 37.07 3(g) – 9/9/05 .................................................. 133

State's List of Potential Trial Witnesses – 9/9/05 .................................................................................. 140

Defendant's Motion for Change of Venue and Affidavits – 9/20/05 ...................................................... 145

Order Appointing Investigator – 9/24/05 ................................................................................................ 153

Order Appointing Mitigation Specialist – 9/24/05 .................................................................................. 154

Precept to Serve Copy of Names of Jurors Summoned by Venire Facias – no file mark .................... 155

Defendant's Motion to Quash Array – 9/27/05 ...................................................................................... 157

Defendant's Motion for Continuance – 9/27/05 ..................................................................................... 164

State's Designation of Expert Witnesses – 9/28/05 .............................................................................. 169

State's Filing of Controverting Affidavits Pursuant to Art 31.04 on Defendant's Motion for Change
Of Venue – 9/28/05 ............................................................................................................................... 171

Agreement allowing the Jury to Separate – 9/29/05 ............................................................................. 175

Defendant's Motion for Assessment of Punishment – 9/29/05 ............................................................. 176

Defendant's Motion and Order for Attachment of Absent Summoned Jurors – 9/30/05 ...................... 177

Defendant's Unopposed Motion to Selecta Death Penalty Jury by Means of Exercising Retroactive
Preemptory Strikes – 10/4/05 ............................................................................................................... 182

Defendant's Motion to Appoint Psychologist to Assist in Evaluation, Preparation and Presentation
Of Defense – 10/6/05 ............................................................................................................................ 188

Order to Appoint a Psychologist – 10/10/05 ......................................................................................... 195

State's Notice Pursuant to Rule 404(b) & Article 37.07 3(g) (Supplemental Notice) – 10/11/05 .......... 196

4

State's Application to Take Deposition – 10/17/05 ..............................................................200

Order for Taking of Deposition – 10/18/05 .........................................................................204

State's List of Potential Trial Witnesses – 10/21/05 ..........................................................206

State's Filing of Business Records (Wells Fargo Bank) – 10/21/05 ...................................209

State's Filing of Business Records (Texas Dept of Criminal Justice) – 10/21/05 ...............213

State's Filing of Business Records (CitiGroup Financial Services) – 10/21/05 ...................225

State's Filing of Business Records (Dollar General Corp) – 10/26/05 ................................237

State's Filing of Business Records (CitiGroup Financial Services) – 10/26/05 ...................241

State's Application to Have Defendant Examined by a Licensed Psychologist – 10/27/05 ..................252

State's Filing of Business Records (La Quinta Corp) – 10/31/05 ........................................254

State's Filing of Business Records (TARRANT COUNTY Sheriff's Dept) – 10/31/05 ..........258

State's Filing of Business Records (TARRANT COUNTY Sheriff's Dept) – 10/31/05 ..........260

Order – 10/31/05 ...............................................................................................................268

State's Filing of Business Records (CitiGroup Financial Services) – 11/4/05 .....................269

5

# VOLUME TWO

Defendant's Motion to Preclude Death Penalty as a Sentencing Option Due to Equal Protection Violations – 11/7/05................................................................................280

Motion to Declare Article 37.071 2(e)(1) and (f) of the Texas Code of Criminal Procedure Unconstitutional on Its Face – 11/7/05.......................................................301

Motion to Hold Unconstitutional Texas Code Criminal Procedural Art 37.071 Sec 2 (2)(b)(1) 11/7/05.........................................................................................308

Motion to Preclude the Death Penalty Due to the Grand Jury's Failure to Allege in the Indictment All Elements Necessary to Make the Defendant Death-Eligible – 11/7/05.............................320

Defendant's Motion to Hold Unconstitutional Tex Code Crim Pro Art 37.071 Sec 2(e) and (f) Burden of Proof – 11/7/05 ...........................................................................324

Agreed Motion and Order for in Camera Inspection of Documents – 11/9/05 .........................328

Certificate of Proceedings – 11/11/05 .........................................................................333

Court's Charge on Guilt or Innocence - 11/11/05............................................................334

Jury Verdict - 11/11/05 .........................................................................................343

Jury Note - 11/11/05 ............................................................................................344

Attachment for a Witness – no file mark ...................................................................346

Order ...............................................................................................................347

Court's Charge on Punishment - 11/17/05...................................................................349

Jury Verdict - 11/17/05 ........................................................................................355

Jury Note - 11/17/05............................................................................................358

Certificate of Proceedings -- 11/17/05 .......................................................................363

6

Capital Judgment – 11/17/05 ................................................................................................364

Application for Subpoenas and Subpoenas ...........................................................................367

Trial Court's Certification of Defendants Right of Appeal – 11/22/05 ....................................506

Notice of Appeal – 11/22/05 ..................................................................................................507

Motion for Free Statement of Facts and Affidavit of Inability to Pay for Counsel and
Statement of Facts – 11/22/05 ..............................................................................................508

Order Appointing Counsel for the Appeal and Order for Court Reporter to Prepare
Reporter's Record – 11/22/05 ................................................................................................509

Order Appointing Counsel for the Defendant – 11/22/05.......................................................510

Attorney Appointment Letter/Jack Strickland ........................................................................511

Order to Transmit Original Sealed Documents to the Court of Criminal Appeals – 12/8/05 .................512

Clerk's Certificate ..................................................................................................................513

# *CAPTION*

THE STATE OF TEXAS                              §

COUNTY OF TARRANT                              §

In the **CRIMINAL DISTRICT COURT TWO** of Tarrant County, Texas, the Honorable **WAYNE SALVANT**   as Judge of said court, the following proceedings were held and the following instruments and other papers were filed in this cause, to-wit:

## TRIAL COURT CAUSE NO. **0920589A**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | In **CRIMINAL DISTRICT COURT TWO** |
| VS. | § | |
| **EDWARD LEE BUSBY, JR** | § | TARRANT COUNTY, TEXAS |

1

NAME    EDWARD LEE BUSBY JR

ADDRESS 2210 E VICKERY

FORT WORTH    TX 76104

RACE B   SEX M   AGE 31   DOB 07-25-72

CASE NO. 0920589   FILED: (DATE) 02-06-04
FC HAS BEEN DETERMINED
TRANSFER/552 COURT    DATE

OFFENSE CAPITAL MURDER

DATE 01-30-04

I.P.    LAURA CRANE

C.C. 0920588

AGENCY FORT WORTH PD

OFFENSE NO. 04011938    COURT DC2

INDICTMENT NO. ___0920589 A___

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

## THE GRAND JURORS OF TARRANT COUNTY, TEXAS, duly elected, tried, empaneled,

sworn and charged to inquire of offenses committed in Tarrant County, in the State of Texas, upon their oaths do present in and to the ★ ★ ★ ★ ★ ★ ★ ★ ★

### CRIMINAL DISTRICT COURT NO. 3    of said County that ★ ★

EDWARD LEE BUSBY JR    hereinafter called Defendant, in the County of

Tarrant and State aforesaid, on or about the    30TH   day of JANUARY    2004    , did

THEN AND THERE INTENTIONALLY CAUSE THE DEATH OF AN INDIVIDUAL, LAURA CRANE, BY COVERING HER MOUTH AND NOSE WITH TAPE AND THE SAID DEFENDANT WAS THEN AND THERE IN THE COURSE OF COMMITTING OR ATTEMPTING TO COMMIT THE OFFENSE OF KIDNAPPING OF LAURA CRANE,

PARAGRAPH TWO: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT JANUARY 30, 2004, DID THEN AND THERE INTENTIONALLY CAUSE THE DEATH OF AN INDIVIDUAL, LAURA CRANE BY COVERING HER MOUTH AND NOSE WITH TAPE AND THE SAID DEFENDANT WAS THEN AND THERE IN THE COURSE OF COMMITTING OR ATTEMPTING TO COMMIT THE OFFENSE OF ROBBERY OF LAURA CRANE,

Filed (Clerk's use only)

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 3 1 2004

TIME ___11:30___

BY ___OA___ DEPUTY

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Criminal District Attorney

INDICTMENT - ORIGINAL

Foreman of the Grand Jury

2

Case 4:09-cv-00160-O   Document 125   Filed 05/04/26   Page 10 of 286   PageID 5871



STATE OF TEXAS Vs.    BUSBY,EDWARD LEE JR

No.   0920586WA    CDC2    2   31 /25/72

Offense   CAPITAL MURDER

CIDE 0552475    CASE# 0920586Y    730/04

DETAINER _2-6-04_

(CRIMINAL) DISTRICT COURT _1_

TRANSFERRED TO _2_

FEB 06 2004    COMPLAINT FILED. BOND SET AT $ _1,000,000_

Transfer from CDC1 to CDC2

In custody Oklahoma City    WARRANT ISSUED: (2-17-04)

2-20-04 Defendant's Financial Statement

FEB 23 2004 Jack Strickland

FEB 23 2004 Appointed as counsel

Finding on Appointment of Attorney _____ Vol _____ Page _____

3-10-04 Extradition Billing Stmt

3-31-04 INDICTMENT VOL.M24 PAGE 97

3-31-04 State's Announcement of Ready Filed

MAY - 6 2004 FIRST APPEARANCE DOCKET

JUL - 9 2004 ANNOUNCEMENT DOCKET

JAN 03 2005 TRIAL WEEK: State's announcement of counsel for defendant

MAY - 3 2005 TRIAL WEEK: MAY 23 2005

5/10/05 Possible declaration of conflict between attorney & client filed

8-18-05 Defendant's Motion For Appointment of Investigator

Motion for the Appointment of A Mitigation Specialist

# CRIMINAL DOCKET

Right Thumb Print

DISPOSITION OF CASE:

1. Death

2. _____

3. _____

4. _____

State's Attorney _Greg Miller, Joe Shannon_

On Probation Revocation _____

Defendant's Attorney _Jack Strickland, Steve Gordon_

On Probation Revocation _____

Surety _____

Appeals Attorney _____

| 8-18-05 | Motion to Suppress Oral & Written Statements of Defendant |
|---|---|
| | Motion to Suppress Evidence Seized From the Person of the Defendant As a Result of Arrest and/or Detention |
| | Motion For Disclosure of Grants of Immunity, Leniency or Plea Bargaining |
| | Motion For Pretrial Evidentiary Hearing to Determine Admissibility of Extraneous Offenses |

→ Over

## Thomas A. Wilder

### DISTRICT CLERK
### TARRANT COUNTY, TEXAS

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

# CRIMINAL DOCKET

| Date | Entry |
|---|---|
| 8-18-05 | Motion in Limine In Regard to any Out of Court Oral or Written Statements Made by Alleged Co-Defendant |
| | Rule 614 Motion (Gaskin Motion) |
| | Motion For Discovery of Any Agreements with any Witness |
| | Defendant's Motion Requesting the Prosecution to File a List of Physical Evidence |
| | Motion to Require Law Enforcement Officers to maintain Personal Notes |
| | Motion For Court Order to Provide Copies of Jail Records of Defendant |
| | Defendant's Motion to Disclose the Names and Addresses of Expert Witnesses For the State |
| | Motion to Disclose Documents Signed or made by the Defendant |
| | Motion to Produce Inconsistent or Mitigating Evidence |
| | Motion For Equal Access to Background Information on Prospective Jurors |
| | Motion to Discover Criminal Records of witnesses |
| | Defendant's Motion to List State's Witnesses (Trial Witnesses) |
| | Request For Court to Instruct Jury Panel on Parole Law - 40 Year Minimum |
| | Motion For Court to Declare Code of Criminal Procedure Article 37.071 Section 2(3) Unconstitutional |
| | Motion For Court to Declare Code of Criminal Procedure Article 37.071, Section 2, Unconstitutional as written and as Applied In all cases |
| | Defendant's Supplemental Motion to Declare The Texas Death Penalty Procedure and Article 37.071, Tex. Code Criminal Proc., Unconstitutional on its Face |
| | Motion to Preclude the Death Penalty as a Sentencing Option |
| | Defendant's Motion to Allow Additional Pre-Trial and Trial Motions |
| 8/19/05 | State's Written Request for Experts per 39.14(b) |
| 8/24/05 | Letters to Court |
| 9/7/05 | State's Notice of intent to seek the Death Penalty filed |
| 9/9/05 | State's Notice pursuant to Rule 404(b) + Article 3707 (g) (1) |
| 9/9/05 | State's List of Potential Trial Witnesses filed |
| 9/20/05 | Defendants motion for change of venue |
| 9/21/05 | Affidavit in Support of Motion For Change of Venue |
| | Affidavit in Support of Motion For Change of Venue |
| 9/24/05 | Order appointing mitigation specialist filed |
| 9/26/05 | Order appointing investigator filed |
| 9/27/05 | Precept to serve Copy of Names of Jurors Summoned By Venire Facias (per 9/27/05 on attorney) |

4

Case 4:09-cv-00160-O   Document 125   Filed 05/04/20   Page 12 of 286   PageID 5873

STATE OF TEXAS Vs.
No.
Offense

BUSBY, EDWARD LEE JR.
0920589A        CDC2
CAPITAL MURDER
CID# 0552475

Volume II
CRIMINAL DOCKET

NER _____

NAL) DISTRICT COURT _____

FERRED TO _____

COMPLAINT FILED.   BOND SET AT $

| | |
|---|---|
| 27-05 | Defendants Motion For Continuance Filed |
| | Defendants Motion to Quash Array Filed |
| 28-05 | State's Designation of Expert Witnesses filed |
| | State's Filing of Controverting Affidavits Pursuant |
| | to Art. 31.04 on Defendants Motion For Change |
| | of Venue |
| 9/29/05 | Agreement allowing Jury to Separate filed |
| 9/29/05 | Defendants motion for assessment of Punishment |
| 9/30/05 | Defendants motion for attachment of absent summoned jurors filed + denied |
| 10/4/05 | Defendants unopposed motion to Select death penalty jury by means of exercising nonproductive peremptory strikes filed + granted |

Right
Thumb Print

DISPOSITION OF CASE:

1. Death
2. _____
3. _____
4. _____

State's Attorney _Greg Miller, Joe Shannon_

On Probation Revocation _____

Defendant's Attorney _Jack Strickland Steve Gordon_

On Probation Revocation _____

Surety _____

Appeals Attorney _____

| | |
|---|---|
| 10/6/05 | Defendants Motion to appoint psychologist to assist in Evaluation, preparation + presentation of Defense (Granted 10/10/05) |
| 10/11/05 | States Notice pursuant to Rule 404 + Article 37.07 301g) Supplemental Notice 11/ |
| 10-17-05 | State's Application to Take Deposition |
| 10-18-05 | Order For Taking Deposition Granted |
| 10-21-05 | States List of Potential Trial Witnesses |
| 10/21/05 | States Filing of Business Records for (Wells Fargo Bank) |

# CRIMINAL DOCKET

| | |
|---|---|
| 10/31/05 | States Filing of Business Records (re-filed) (TD-CJ) |
| c/31/05 | States Filing a Business Records (Citigroup & ...) |
| 10/34/05 | Defendant's Application for ... |
| 10/24/05 | States Filing of Business Records ... |
| 10/31/05 | States Filing of Business Records ... |
| 10/27/05 | State application to have ... |
| 10/31/05 | States filing of Business Records (dba ...) ("organization") |
| 10/31/05 | States filing of Business Records (Tarrant County Sheriff Department) |
| 10/31/05 | States filing of Business Records ... (Tarrant County Sheriff Department #2) |
| 10/31/05 | ... |
| 11/2/05 | HM Busby Invoices |
| 11/4/05 | States Filing of Business Records |
| 11/1/05 | ... |
| 11/1/05 | ... |
| 11/1/05 | ... |
| 11/... | ... |
| 11/9/05 | agreed Motion for in camera inspection of Documents ... granted |
| 11/9/05 | Order allowing in camera inspection Documents |

6

DETAINER _____

(CRIMINAL) DISTRICT COURT _____

TRANSFERRED TO _____

Volume III
CRIMINAL DOCKET

COMPLAINT FILED.   BOND SET AT $

Right
Thumb Print

DISPOSITION OF CASE:
1. Death _____
2. _____
3. _____
4. _____

State's Attorney _Greg Miller, Joe Shannon_

On Probation Revocation _____

Defendant's Attorney _Jack Strickland, Steve Gordon_

On Probation Revocation _____

Surety _____

Appeals Attorney _____

| Date | Entry |
|---|---|
| 11/1/05 | Attachment for a witness issued (Barbara Ryan) |
| 11/15/05 | Courts Order filed |
| 9/29/05 | Defendant arraigned before the court + entered a plea of Not guilty to Capital Murder. |
| 11/29/05 | Jury called, |
| 11/30/05 | Jury returned |
| 11/1/05 | Jury Seated + Sworn, Jury lists filed + Sealed per ct [illegible] |
| 11/4/05 | Defendant arraigned before the jury + entered a plea , Not guilty to Capital Murder. Testimony begin, |
| 11/1/05 | Court charge filed, Jury Verdict Guilty of Capital Murder, |
| 11/14/05 | Punishment Phase began |
| 11/17/05 | Court Charge on punishment filed. Jury Verdict Special Issue # 1 : Yes, Special Issue # 2 : No, Punishment |

| | |
|---|---|
| (con't) | assessed at Death |
| | Automatic Appeal |
| 11/17/05 | Capital Judgment Signed |
| | |
| | [signature] |
| | Presiding Judge, Criminal District Court No. two |
| 11/18/05 | Jury Questionnaire Sealed + filed (to evidence room) 2 Boxes |
| 11/22/05 | Trial Courts Certification of Defendant's Right of appeal filed |
| 11/22/05 | NOTICE OF APPEAL |

Continued on Back ➔

**Thomas A. Wilder**
DISTRICT CLERK
TARRANT COUNTY, TEXAS

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

Case 4:09-cv-00160-O   Document 125   Filed 05/04/26   Page 14 of 286   PageID 5875

7

# CRIMINAL DOCKET



| | |
|---|---|
| 11/22/05 | MOTION FOR FREE REPORTER'S RECORD AND AFFIDAVIT OF INABILITY TO PAY FOR COUNSEL AND REPORTER'S RECORD |
| 11/22/05 | ORDER APPOINTING COUNSEL FOR THE APPEAL AND ORDER FOR COURT REPORTER TO PREPARE REPORTER'S RECORD (Jack Strickland) |
| 11/22/05 | Order appointing counsel for the Defendant |
| 12/1/05 | title to appeal attorney with a person appropriate copies mailed |
| DEC 1 2005 | Copy of Judgment, Notice of Appeal & Attorney, Appt Order & letter to Chief Crim Appeals & State |

AMES COLOR-FILE
12 Park Street
Somerville, MA 02143
1-800-343-2040

AMES

8

Case 4:09-cv-00160-O Document 375 Filed 05/04/20 Page 16 of 286 PageID 5877

# CRIMINAL DOCKET

DETAINER

(CRIMINAL) DISTRICT COURT

TRANSFERRED TO

COMPLAINT FILED — BOND SET AT $

DISPOSITION OF CASE:

Right Thumb Print

State's Attorney

On Probation Revocation

Defendant's Attorney

On Probation Revocation

Surety

Appeals Attorney

| Date | Entry |
|---|---|
| 9/6/05 | Subpoena issued for La Donia [ex 9/6/05] |
| 9/21/05 | Defense Subpoena issued to FWPD the Telegram |
| 9/22/05 | Defense Subpoena issued to Jeff Bidwell, William Jung, Kara Whitelick, Rosonna Parotti & Ellorah Barta (ex 9-23-05) |
| 9-28-05 | Defense Subpoena issued to Charles Graham, Richard Garadi, & James Anderson (ex 9-26-05) |
| 9-22-05 | Defense Subpoena issued to Sandy Roben (Bob Comp) Pamie Oakes (ex 9-27-05) |
| 9/27/05 | 2 Defense Subpoenas issued to Sandy (ex 9-2-05) |
| 10/4/05 | Defense Subpoena issued for FTD TO TDCJ custodian of records (ex 10-4-05) |
| 10-20-05 | Defense Subpoena issued to Record Communication Bureau Oklahoma City |

| Date | Entry |
|---|---|
| 10-20-05 | Defense Subpoena issued to Records Bureau - Amarillo |
| | Defense Subpoena issued to Tarrant County Jail Records |
| | Defense Subpoena issued to The Pavilian Northwest Texas HealthCare System |
| | Defense Subpoena issued to Pampa Police Dept. |
| | Defense Subpoena Issued to Kathleen Lashmore |
| | Defense Subpoena Issued to Maria Barts |
| 10/24/05 | Defense Subpoena issued to Gray County Sheriff's Office / custodian of Records |
| | " Northwest Texas Health Care |

cont'd over

**Thomas A. Wilder**
DISTRICT CLERK
TARRANT COUNTY, TEXAS

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

[redacted]

# CRIMINAL DOCKET

| | |
|---|---|
| | Centl. System (Custodian of Records) |
| 10/[illegible]/05 | Defense Subpoena issued on Lampa Police |
| | Dept (Custodian of Records) |
| | " " " " issued on Lampa Regional |
| | Medical Center |
| | TDPRS Custodian of Records |
| 10-[illegible]-05 | Defense subpoena issued on |
| | TDPRS (Custodian of Records) |
| 10-26-05 | Defense Subpoena issued on |
| | [illegible] [illegible] [illegible] student |
| | records (Custodian of Records) |
| 10-26-05 | Defense Subpoena issued on |
| | John Peter Smith Hospital |
| | (Custodian of Records) ex 10/31/05 |
| 10/[illegible]/05 | Defense subpoena issued to Amarillo |
| | Independent School District (Custodian of Records) |
| 10/31/05 | State Subpoena issued to Kroger (Custodian |
| | of Records) [illegible] (ex 10/31/05 |
| 10/31/05 | Defense Subpoena issued to [illegible] Lynn [illegible], |
| | [illegible] [illegible] [illegible] Alma [illegible] [illegible], |
| | Jennifer Miller |
| 10/28/05 | Defense Subpoena issued to TDCJ |
| | (Inmate Records) |
| 11/01/05 | State Subpoena issued to [illegible] [illegible] (Lab [illegible]), |
| | Mark McGaughy, and Dr. Jeffrey Gordon (Chief Medical |
| | Examiner, Oklahoma City, OK) |
| 10/31/05 | Defense Subpoena issued for Susan Tully |
| 11/3/05 | State Subpoena issued for Chris Galvan, |
| | Jeff Padgett, Everett Baxter, Roland Garrett, |
| | & Ken Whitebird (ex 11-4-05) |
| 11/[illegible]/05 | Defense subpoenas issued for [illegible] Stump, |
| | Donna Anderson, [illegible] Durham, |
| | Debbie Robertson, Becky [illegible], |
| | Susie Jameson, [illegible] [illegible] |
| 11-2-05 | DA subpoena issued to Mark McGaughy |
| | (ex 11-4-05) |
| 11-2-05 | District Attorney [illegible] Subpoena |
| | issued on Dr. Jeffrey Gordon Medical |
| | examiner (ex 11-[illegible]-05) |
| 11-2-05 | District Attorney Subpoena issued |
| | on LaQuinta Inns Inc (ex 11-2-05) |
| 11-14-05 | State Subpoena issued to Britton Gardner |
| 11/14/05 | State Subpoena issued for Joann Ulmer |

| NAME | OFFENSE |
|---|---|
| EDWARD LEE BUSBY, JR | CAPITAL MURDER |
| ADDRESS 2910 E VICKERY | DATE 01-30-04 |
| FORT WORTH TX 76104 | I.P. LAURA CRANE |
| RACE W SEX M AGE 31 DOB 07-25-72 | C.C. 0920589 |
| CASE NO. 0920589 FILED: (DATE) 02-06-04 PC HAS BEEN DETERMINED | AGENCY FORT WORTH PD |
| TRANSFER 05TH COURT DATE | OFFENSE NO. 04041Y39 COURT C60-1 |

COMPLAINT NO. ___0920589___

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Tarrant County, Texas, this day personally appeared the undersigned affiant, who upon his oath says that he has good reason to believe and does believe that in the County of Tarrant and State of Texas  *  *  *  *  *  *  *  *

EDWARD LEE BUSBY, JR                    hereinafter called Defendant, in the County of

Tarrant and State aforesaid, on or about the          30TH day of   JANUARY   2004   , did

THEN AND THERE INTENTIONALLY CAUSE THE DEATH OF AN INDIVIDUAL, LAURA CRANE, BY SUFFOCATING HER BY COVERING HER NOSE AND MOUTH WITH ADHESIVE TAPE, AND THE SAID DEFENDANT WAS THEN AND THERE IN THE COURSE OF COMMITTING OR ATTEMPTING TO COMMIT THE OFFENSE OF ROBBERY, OF LAURA CRANE.

REPEAT OFFENDER NOTICE:   AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT IN THE COUNTS AND PARAGRAPHS ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE FELONY OFFENSE OF ROBBERY WITH BODILY INJURY IN THE 394TH DISTRICT COURT OF TARRANT COUNTY, TEXAS IN CAUSE NUMBER 0773177A ON NOVEMBER 30, 2000.

Filed (Clerk's use only)

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB 0 6 2004

Time __4pm__

By _____ Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on this the   6   day of   FEB.   2004

_____
Affiant

_____
Assistant District Attorney of
Tarrant County, Texas

**11**

C E R T I F I C A T E   O F   P R O C E E D I N G S

CASE  09 0984  DATE: 2 6 04       DOCKET.                    CID  0552475

DEFENDANT  BUSBY, EDWARD LEE JR                        WARRANT  0920589
ATCRO                                     INDICTED:       DATE      / /

COURT  CDE:            HEARD:  ___ ___ __   TRANSFER COURT  ___ __ ___

CHOV  __/__/__  I/O  ___ COUNTY: ___ ___ ___ ___ ___ ___

CHARGE OFFENSE: 099930 CAPITAL MURDER        DATE  01/30/04  LSR INC  ___

DISPOSITION OFFENSE: ___ ___ ___ ___ ___ ___ ___ ___

PLEA.  ___ ___        BOND TYPE  ___ ___ ___  FINE:  ___ ___ ___

DISP:  ___ ___ __/__/__  STATUS.  ___ ___ ___  CT COST  ___ ___ ___

SENTENCE:  ___ __/__/__  EVENT.  ___ ___ ___  MISC:  ___ ___ ___

ACTION.  Warr 2 6 04                           DUE:  __/__/__

PROB (MOS)  ___ __/__/__  AMOUNT.  ___ ___ ___  PAID  ___ ___ ___

                         FORFEIT:  __/__/__

INST VERD  ___ ___       BONDSMAN.  ___ ___ ___   ___ ___

PROCEEDINGS.  ___ ___ ___ ___ ___ ___ ___
      IN CUSTODY Oklahoma City WARRANT ISSUED.


JUDGE/
MAGISTRATE                       CLERK  Annette Cornelius

THE STATE OF TEXAS
COUNTY OF TARRANT

TO ANY PEACE OFFICER OF THE
  STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of

and him safely keep, so that you have him before the Honorable

in and for Tarrant County, at the Court House thereof, in the City of Fort Worth, instanter, to answer the State of Texas on a charge by indictment of complaint

_____

_____

_____

a misdemeanor felony.

issued under my hand and seal of office in the City of Fort Worth, Texas

this ____ day of FEBRUARY, 2004.

SHARREN WILSON

CRIMINAL DISTRICT COURT NO. 1
TARRANT COUNTY, TEXAS

By _____, Deputy

FORM C. C. 265

---

FILED
TARRANT COUNTY
2004 FEB 23 A 9 05

---

IC Oklahoma City

No. _____

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
VS.

Issued the ____ day of
_____ FEBRUARY, 2004

---

Came to hand on the 06 day of February, 2004 and executed on the 19 day of February, 2004 A. D.

by Placing in Jail

Dee Anderson Sheriff,
Tarrant County, Texas.

By _____, Deputy.

Arrest . . . . . . . $_____
Mileage . . . . . . . _____
Miscellaneous . . . _____

Total . . . . . . . . _____

13

TO THE HONORABLE JUDGE OF <u>CRIMINAL DISTRICT COURT NUMBER ONE,</u> TARRANT COUNTY, TEXAS

      NOW COMES THE STATE OF TEXAS, BY AND THROUGH TIM CURRY, DULY ELECTED AND QUALIFIED CRIMINAL DISTRICT ATTORNEY OF TARRANT COUNTY, TEXAS AND FILES THIS HIS MOTION REQUESTING THIS HONORABLE COURT TO TRANSFER THE BELOW NUMBERED AND STYLED CAUSE(S) TO <u>CRIMINAL DISTRICT COURT NUMBER TWO,</u> TARRANT COUNTY, TEXAS.

| | | |
|---|---|---|
| 0920588 | KATHLEEN LATIMER | CAPITAL MURDER |
| 0920589 | EDWARD LEE BUSBY, JR. | CAPITAL MURDER |

**REASON:** **Capital Murder Rotation.**

**WHEREFORE,** YOUR CRIMINAL DISTRICT ATTORNEY PRAYS THAT HIS MOTION BE IN ALL THINGS SUSTAINED AND THAT THE ABOVE NUMBERED AND STYLED CAUSE(S) BE TRANSFERRED TO <u>**CRIMINAL DISTRICT COURT NUMBER TWO,**</u> TARRANT COUNTY, TEXAS.

RESPECTFULLY SUBMITTED,
TIM CURRY
CRIMINAL DISTRICT ATTORNEY

BY: _____
ASSISTANT DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

FILED AND TRANSFERRED:

_____
**JUDGE PRESIDING**

DATE: 2-6-04

vd

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB 0 6 2004

Time 10:50
By ____At____ Deputy

14

## REQUEST FOR APPOINTED COUNSEL

Defendant's name _Busby, Edward_

Sex _B_  Race _M_  SSN _____

CID no. _____
Arrest no. _____
Service no. _____
Warrant no. _____

### WAIVER OF APPOINTED COUNSEL

I have been told by the magistrate that I have the right to request the appointment of a lawyer. I understood the warnings given to me by the magistrate. I wish to waive my right to an appointed attorney at this time. I do not want the magistrate to appoint an attorney for me at this time.

_____
(Defendant)

### REQUEST FOR APPOINTED COUNSEL

I have been advised by the court of my right to representation by counsel in the trial of the charge pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me.

_____
(Defendant)

### ORDER SETTING CONDITIONS OF BOND

IT IS THE ORDER OF THE COURT that if you receive an appointed attorney and make bond, you shall comply with the following additional terms and conditions of bond:
1. You shall keep all appointments with your attorney.
2. You shall attend all court settings.
3. You shall notify your attorney or your attorney's office of any changes in your residence address, business address or telephone numbers within 24 hours of such change.

Any violation of these conditions may result in your bond being held insufficient and you being returned to custody.

_____
Judge/Magistrate

I understand these conditions of my bond.

_____
Defendant

_2-19-04_
Date

CFMT-462  GPC-1343

15

## DEFENDANT'S FINANCIAL STATEMENT

Defendant's name _Busby, Edward_    CID No. _0552475_

Sex _M_   Race _B_   SSN _____    Arrest No. _____
                                     Service No. _____
                                     Warrant No. _____
Your address _7710 E Vickery Apt 2 FTW_    _7-25-72_

_____ house    _✓_ rent
_✓_ apartment  _____ own

Who lives at your address?

| Name/Relationship | age | sex | occupation | income |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Your employer _Unemployed   3 yrs_
Your employer's address and phone # _____
Your income _∅_ /week, _∅_ /month. How long at this job? _∅_
Your source of income (include government assistance) _____
Spouse's income _∅_ /week, _∅_ /month
Spouse's employer, address and phone # _____
Spouse's source of income (include government assistance) _∅_
Do you have a bank account(s)? _no_ Current balance(s) _∅_
Automobile: Make _none_ Model _____ Year _____ Value $ _∅_
Other property owned (include real estate, vehicles, boats, stocks, retirement accounts, cash, jewelry, and contents of safety deposit boxes): _____
Does anyone owe you money? _no_ If yes, what amount? _∅_
                                                       amount
Debts: List creditors (people you owe)

Expenses:
Rent/house payment _∅_    Car payment _∅_    Food _∅_
Child care _∅_           Other _____

I am the above named defendant and I am presently incarcerated in the Tarrant County Jail, Tarrant County, Texas. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _19_ day of _February_, 200_4_

_____
DEFENDANT SIGNATURE

_____
WITNESS

The Court finds that defendant ( is / is not ) indigent.

_____
JUDGE/MAGISTRATE

16

CASE NO. 0920589

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT TWO |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

### ORDER APPOINTING COUNSEL FOR THE DEFENDANT

Date of Order:  FEBRUARY 23, 2004

On this day, it being made known and appearing to the Court that the Defendant is without counsel of his own selection to represent him herein, and that he is too poor to employ counsel, or give security therefor, to represent him herein and the Defendant having requested that an attorney be appointed to represent him in the above styled and numbered cause.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that

JACK STRICKLAND

a regularly licensed and practicing attorney is hereby appointed to represent the Defendant as his attorney, and said Attorney is hereby authorized to proceed to perform the duties of the Attorney for the Defendant is this cause.

_____
Presiding Judge

_____
Date

17

0920589

The State of Texas                                    *CRIMINAL DIST. #2*

vs.                                                   of

*Edward Lee Busby Jr*                                 Tarrant County, Texas

### Finding on Appointment of Attorney

The Court deviates from the public appointment system of rotation and appoints *JACK STRICKLAND*. The Court finds that good cause exists for appointing the attorney out of the order of rotation:

_____ a language barrier exists between the defendant and the former attorney

_____ the offense charged has increased from the original charge and the former attorney does not meet the qualifications for the increased charge

_____ the defendant has filed notice of appeal and requests counsel other than his trial attorney

_____ a legal conflict exists between the defendant and his former attorney

_____ special knowledge of the law of post conviction DNA testing is required

_____ exigent circumstances require the immediate appointment of an attorney who is present in court.

✓ the complexity of the case against the defendant requires counsel with more experience than currently possessed by former attorney. Defendant approves substitution of counsel.

_____ other: _____

SO ORDERED on this __23__ day of *February*, 200*6*.

_____
Judge Presiding

Effective 12/14/01

18

NO. 0920509

THE STATE OF TEXAS

VS.

Edward Lee Busby Jr

IN THE CRIMINAL DISTRICT

COURT NUMBER 2

TARRANT COUNTY, TEXAS

### STATE'S ANNOUNCEMENT OF READY

*TO THE HONORABLE JUDGE OF SAID COURT:*

*NOW COMES the State of Texas in the above styled and numbered cause and announces to the Court that the State is ready for trial in this case.*

*Respectfully submitted,*

*TIM CURRY*
*CRIMINAL DISTRICT ATTORNEY*
*TARRANT COUNTY, TEXAS*

By: _____

*Assistant Criminal District Attorney*
**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 3 1 2004
TIME ___11:30___
BY ___CA___ DEPUTY

19

# THE STATE OF TEXAS

### Writ to Serve Indictment

Writ Number
0920589A

FILED
TARRANT COUNTY

2004 APR -5 P 3: 03    Court
CDC2

THOMAS A. WILDER
DISTRICT

55B

To Any Peace Officer of the State of Texas -- GREETINGS

YOU ARE HEREBY COMMANDED to imediately deliver

### EDWARD LEE BUSBY JR

the defendant, in person in the case of the STATE OF TEXAS vs

EDWARD LEE BUSBY JR                                    0920589A

pending in the Criminal District Courts of Tarrant County, the accompanying certified copy of Indictment in said cause.

HEREIN FAIL NOT, and make due return hereof FORTHWITH.

WITNESS my signature and official seal on the day of MARCH 31, 2004

Thomas A. Wilder
Clerk, District Courts
Tarrant County, Texas

By _____, Deputy


### OFFICER'S RETURN

Came to hand the same day issued and executed by me on the ___3rd___ day of ___April___, 20_04_, by delivering to ___EDWARD Lee BusBY Jr___

the within named Defendant in person, the within named certified copy of indictment in said cause.

Returned on this the _3rd_ day of _April_, 20_04_

_____Dee ANDERSON_____, Sheriff
By _____ # 5811_____, Deputy
J N ABONS

20

CASE NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT TWO |
| EDWARD LEE BUSBY JR. | § | TARRANT COUNTY, TEXAS |

ORDER APPOINTING CO-COUNSEL FOR THE DEFENDANT

Date of Order:  MARCH 23RD, 2005

On this day, it being made known and appearing to the Court that the Defendant is without counsel of his own selection to represent him herein, and that he is too poor to employ counsel, or give security therefor, to represent him herein and the Defendant having requested that an attorney be appointed to represent him in the above styled and numbered cause.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that

STEPHEN GORDON

a regularly licensed and practicing attorney is hereby appointed to represent the Defendant as his attorney, and said Attorney is hereby authorized to proceed to perform the duties of the Attorney for the Defendant is this cause.

_____
Presiding Judge

March 23, 2005
_____
Date

21

CAUSE NO. 0920589

| STATE OF TEXAS | ) | IN THE CRIMINAL DISTRICT |
| VS. | ) | COURT NUMBER CDC 2 OF |
| Edward b. Busby Jr | ) | TARRANT COUNTY TEXAS |

## DECLARATION OF CONFLICT BETWEEN ATTORNEY AND CLIENT

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Edward L. Busby, Jr , pro-se defendant and layman of the law, respectfully moves the court for the substitution of attorney of record Jack Strickland , pursuant to the Texas Criminal Code of Procedure Article 26.04.

Defendant would show the court as follows:

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 1 0 2005

TIME _____ 4:30 PM

BY _____ DEPUTY
C. Omathy
+ SL

→ (1) Failure of counsel to file motions requested by client
(2) Failure of counsel to have pro-se motions heard
→ (3) Counsel shows no interest in case at hand and only seeks plea bargaining
(4) Failure of counsel to request criminal investigator for defendant
→ (5) Failure of counsel to meet with defendant and/or acquaint himself with the facts of defendant's case.
→ (6) Total breakdown of communications between attorney and client

### MEMORANDUM IN SUPPORT

Where an accused voices objections to appointed counsel the trial court should inquire into the reasons for the dissatisfaction, following **Thomas vs. Wainwright, 767, F.2d. 738, 741, 11th cir. 1985. U.S. vs. Young, 482 F.2d 993, 995, 5th Cir. 1973**

Wherefore, premises considered, defendant prays that upon examination of the foregoing motion that the court grant the relief sought in this case.

Respectfully Submitted,

Edward b. Busby Jr
Pro-Se Defendant

I, Edward Lee Busby Jr , being presently incarcerated in the Tarrant County Jail in Tarrant County, Texas, declare under penalty of perjury that the foregoing is true and correct.

EXECUTED THIS April DAY OF 8th _____ 2005

Signature

0552475
C.I.D. No.

22

Cause No. 0920589A

FILED
TARRANT COUNTY
AUG 1 8 2005
DISTRICT CLERK

| THE STATE OF TEXAS | § | CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR APPOINTMENT OF INVESTIGATOR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and moves the Court to appoint an investigator to assist court-appointed counsel in preparation for trial of this cause.

Defendant further moves the Court to authorize the payment of reasonable investigative fees, and in support thereof, would show the Court the following:

1.

That the defense has need of an investigator to investigate the facts and circumstances of this case and to assist in the preparation of its case.

2.

That Defendant is an indigent person and unable to afford such services. Defendant therefore requests the Court, pursuant to Article 26.05, *Texas Code of Criminal Procedure*, to appoint an investigator who will be paid with State funds.

3.

That the said JACK V. STRICKLAND would request that the Court appoint _Fred Rhodgeatt_, a practicing private investigator of Tarrant

Motion # 1.

23

County, Texas, to act as investigator in this cause.

WHEREFORE, PREMISES CONSIDERED, Defendant requests the appointment of the above-named investigator and payment of reasonable investigative fees, in the above-styled and numbered cause.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

24

## CERTIFICATE OF SERVICE

On this the ___ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion For Appointment of Investigator was forwarded to Mr. Gregory T. Miller, Assistant District Attorney, 401 West Belknap Street, Fort Worth, Texas 76196, by personal delivery.

25

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the _18th_ day of _September_ 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the _18th_ day of _September_, 2005.

_____
JUDGE PRESIDING

26

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION FOR THE APPOINTMENT OF
## A MITIGATION SPECIALIST

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant, EDWARD LEE BUSBY, JR., by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, pursuant to the Fifth, Sixth and Eighth Amendments to the *United States Constitution*, Article I, Section 10 of the *Texas Constitution*, and Art. 26.052, of the *Texas Code of Criminal Procedure*, and respectfully states to the Court as follows:

1.

That Defendant has been given notice that, upon conviction for an offense under *Texas Penal Code* Section 19.03, the State intends to seek the death penalty.

2.

In order to effectively prepare and present evidence at the punishment stage of Defendant's trial, if such becomes necessary, the services of a mitigation specialist are indispensable to an effective presentation of mitigating evidence. Trial counsel in capital cases arising under federal death penalty statutes are uniformly reliant on the expertise provided by mitigation specialists; no less a need exists for those counsel defending persons charged under State death penalty statutes. Federal district courts have recently appointed such specialists to assist counsel in every death penalty case, to

Motion # 2.

27

counsel's knowledge, where it was requested. These cases include: *United States v. Cooper* (N.D. Ill. No. 89-CR-580); *United States v. Pretlow* (D.N.J. No. 90-CR-238); *United states v. Tiption* (E.D.Va. No. 3-92-CR-68); *United States v. Roane* (E.D. Va. No. 3-92-CR-68); *United States v. Thomas* (E.D. Va. No. 3-92-CR-68); *United States v. Green* (E.D. La. No. 92-46); *United States v. Molina* (E.D. Okl. No. 1:92-032-S); *United States v. McCullah* (E.D. Okl. No. 1:92-032-S); *United States v. Mathis* (M.D. Fla. No. 91-301-CR-T); *United States v. Williams* (M.D. Ga. No. 1:92-CR-142); *United States v. Brown*, et al. (E.D. Mich. No. CR-92-81127); *United States v. Murray* (M.D. Penn. 1-CR-92-200); *United States v. Hall* and *United States v. Webster*, (N.D. Texas No. 4:94-CR-121-Y).

3.

Mitigation specialists provide essential and necessary services. These include the performance of a thorough mitigation investigation of the Defendant's character and background, which necessarily involves:

- Interviewing the client, family and friends regarding sensitive areas of mitigating evidence;
- Obtaining and evaluating birth, school, social welfare, employment, jail, medical and other records;
- Analyzing any alcohol and drug history;
- Working with family, community, and clergy in the development of other evidence favorable to the accused at the penalty phase;
- Suggesting testing in particular medical fields based on the mitigating investigation;
- Structuring the actual presentation of mitigation testimony at the sentencing hearing.

4.

Due to the demands of their preparation for trial in this case, the undersigned counsel and their investigator simply do not have the time, expertise, training or experience necessary to ferret out

28

all types of potential mitigation in this case. While some areas of mitigation may be self-evident; *see*, e.g., *Stevens v. State*, 552 So.2d 1082 (Fla. 1989) (drug and alcohol abuse); *Perry* v. State, 522 So.2d 817 (Fla. 1988) (cooperation with law enforcement officials); *Caruthers v. State*, 465 So.2d 496 (Fla. 1985) (remorse); *Pope v. State*, 441 So.2d 1073 (Fla. 1983) (military service); much is not. For example, it is very difficult to document a dysfunctional family life. *See;* e.g., *Hitchcock v. Dugger*, 481 U.S. 393, 397 (1987) (Eighth Amendment requires consideration of evidence that capital defendant may have been suffered permanent brain damage from ingestion of gasoline fumes as a child).

5.

Counsel for Defendant are in the process of contacting various experienced mitigation specialists, who have participated in numerous capital prosecutions, in order to determine their availability, a projected budget for their services in this case, and their willingness to be appointed to serve as a mitigation specialist for this Defendant.

Counsel for Defendant will provide the Court with information at the hearing on this Motion as to the qualifications of the mitigation specialist they ultimately seek to have appointed, and the projected costs for their services in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this Court enter an order appointing a mitigation specialist to assist Defendant's counsel in their preparation for trial in this case.

29

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

30

## CERTIFICATE OF SERVICE

On this the _8_ day of August, 2005, I hereby certify that a true and correct copy of the foregoing motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

31

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the ___ day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the ___ day of _____, 2005.

_____
JUDGE PRESIDING

32

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT 32 |
| | § | COURT NUMBER TWO |
| VS. | § | |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

FILED
TARRANT COUNTY
2005 AUG 18
THOMAS A.
DISTRICT CLERK
AUG 1 8 2005

## MOTION TO SUPPRESS ORAL & WRITTEN STATEMENTS OF DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JACK V. STRICKLAND and STEPHEN GORDON, attorneys of record for Defendant, EDWARD LEE BUSBY, JR., and respectfully moves the Court to suppress any and all oral or written statements of Defendant in this cause made to agents of the State. In support of said motion would show the Court as follows:

1.

The State has indicated that certain oral and/or written statements were made by Defendant to agents of this State, and/or the agents of Oklahoma, subsequent to his arrest or after he came under suspicion for this offense.

2.

The aforesaid statements were taken as the result of an illegal arrest, detention, and search of Defendant.

3.

The aforesaid oral and written statements were not voluntarily given, and were obtained in violation of Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the *United States Constitution*; Article I, Section 9 of the *Texas Constitution*; and Articles 1.06, 38.22, and 38.23 of the *Texas Code of Criminal Procedure*.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays this Court to set the foregoing motion for hearing prior to trial, and upon hearing hereof, the Court enter an order

Motion # 3.

33

suppressing any and all written or oral statements made by Defendant to agents of the State.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

34

## CERTIFICATE OF SERVICE

On this the ___18___ day of August, 2005, I hereby certify that a true and correct copy of the foregoing motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of_____, 2005, at _____ o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

35

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the _____ day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the _____ day of _____, 2005.


_____
JUDGE PRESIDING

36

Cause No. 0920589A

FILED
TARRANT COUNTY
2005 AUG 18 AM 10: 32
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS     §     IN CRIMINAL DISTRICT

§

VS.     §     COURT NUMBER TWO

§

EDWARD LEE BUSBY, JR.     §     TARRANT COUNTY, TEXAS

## MOTION TO SUPPRESS EVIDENCE SEIZED FROM THE PERSON OF THE DEFENDANT AS A RESULT OF ARREST AND/OR DETENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JACK V. STRICKLAND and STEPHEN GORDON, attorneys of record for Defendant, EDWARD LEE BUSBY, JR., and respectfully moves the Court to suppress all the physical evidence seized from the person of Defendant and obtained as a result of his arrest, and in support of said motion Defendant would show the Court as follows:

1.

Any and all items of physical evidence seized from Defendant at the time of his arrest and/or detention, or subsequent to his arrest and as a result thereof, currently in the possession of the State of Texas which form the basis of the current charge against Defendant, were obtained by the officers of the arresting and/or investigating police departments in a manner not conforming to law generally, and in particular, in a manner repugnant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the *United States Constitution*; to Article I, Section 9 of the *Texas Constitution*; and to Article 1.06 and Article 38.23 of the *Texas Code of Criminal Procedure*.

2.

Any and all items of the aforesaid physical evidence were seized from Defendant incident to an unlawful arrest and/or detention. The items of evidence seized from the person of Defendant subsequent to his arrest and/or were not seized pursuant to a valid search warrant.

3.

Any additional items of evidence which the State gained as a result of the evidence illegally seized from Defendant at the time of his arrest, and/or detention, or subsequent to and as a result of

Motion # 4.

37

his arrest and/or detention are "fruits of the poisonous tree," as that doctrine is commonly understood and applied by the Court of this State and Nation.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the order of this Court setting this Motion to Suppress for a hearing prior to trial, and upon hearing hereof, this Court enter its order suppressing the aforementioned physical evidence, as well as any evidence of any other character which might be considered "fruits of the poisonous tree" as that term is understood and applied by the courts of the State and Nation.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

38

## CERTIFICATE OF SERVICE

On this the __/8__ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of _____, 2005, at _____ o'clock ____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| VS. | § § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § § § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the _____ day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the _____ day of _____, 2005.

_____

JUDGE PRESIDING

40

Cause No. 0920589A

THE STATE OF TEXAS §

VS. §

EDWARD LEE BUSBY, JR. §

FILED
TARRANT COUNTY
AUG 1 8 2005
IN CRIMINAL DISTRICT
THOMAS A.
DISTRICT CLERK COURT NUMBER TWO
TARRANT COUNTY, TEXAS

## MOTION FOR DISCLOSURE OF GRANTS OF IMMUNITY, LENIENCY OR PLEA BARGAINING

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this his Motion for Disclosure of Grants of Immunity, Leniency or Plea Bargaining.   In support of said motion, Defendant would show the Court as follows:

1.

Defendant requests the Court to order the State's attorneys to disclose any offers of non-prosecution, leniency, reduced sentence, or consideration of whatever nature made to any State's witness, either by the State's attorney, or by any State or Federal Peace Officer or Magistrate. Defendant would further request that the Court order the State to reveal whether or not any witness who has had any connection with any aspect of the facts and circumstances connected to allegations of the indictment in this cause, has been granted, promised or offered immunity from prosecution, leniency or plea bargaining.  In this regard, Defendant requests that such information be provided to him whether such consideration has been granted, or offered formally or informally, either in or out of a court or grand jury proceeding.  Further in this regard, if any person has been told verbally that they will receive leniency or favorable plea bargaining, or that they will not be prosecuted for their participation, or alleged participation, or possible participation, in the events pertaining to the matters contained in this indictment, or in any other cases, or prosecution, or possible cases, then such verbal representation should reduced to writing by the State and filed in this cause.  If something is already reduced to writing, either in court, or in a letter or memorandum or other writing, then all of the documents relating to any such grant, offer or promise should be given to Defendant.

Motion # 5.

41

2.

If any such grant, offer or promise has not yet been made, but the State anticipates the making of such a grant, offer or promise at a future time, in consideration for information or testimony relating to this cause, then Defendant requests that the Court order the State to disclose such intentions to the Defendant. Defendant further requests that the Court impose upon the State a continuing duty to reveal any such agreements, should they arise in the future.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court order the attorney for the State to respond in writing, setting out and attaching any copies of documentation or agreement pertaining to the grant, offer or promise of immunity, leniency or plea bargaining made to any person connected with the facts and circumstances alleged in this indictment, whether or not such grant, offer or promise has been made, or is anticipated to be made, and that such information be provided to Defendant.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

42

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

/S/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this the _18_ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of_____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

43

Cause No. 0920589A

THE STATE OF TEXAS      §      IN CRIMINAL DISTRICT

VS.      §      COURT NUMBER TWO

EDWARD LEE BUSBY, JR.      §      TARRANT COUNTY, TEXAS

## O R D E R

On this the 29th day of _September_, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

_____

_SIGNED_ and _ENTERED_ on this the 29th day of _September_, 2005.

JUDGE PRESIDING

44

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| VS. | § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION FOR PRETRIAL EVIDENTIARY HEARING
## TO DETERMINE ADMISSIBILITY OF EXTRANEOUS OFFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and moves this Court to conduct a pretrial evidentiary hearing to determine the admissibility of any extraneous offenses which the State might intend to offer during the trial of this case. In support thereof would show the Court as follows:

1.

That Defendant has been indicted for the felony offense of Capital Murder.

2.

In the guilt-innocence phase of this trial, the State may try to offer into evidence other extraneous offenses not included in the indictment in this cause. Defendant objects to any such evidence being admitted before the jury.

3.

The procedure addressing the admissibility of extraneous offenses appears to be governed by *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991), wherein the Court must first make a determination under Rules 401 and 402, *Texas Rules of Evidence*, as to whether such evidence makes the existence of any fact more or less probable. Still further, the Court must make an evidentiary determination under Rule 403, *Texas Rules of Evidence*, as to whether the danger of unfair prejudice, or propensity to confuse, delay, mislead or cumulate substantially outweighs the probative value of the evidence. Still further, the Court must make a determination under Rule 404(b), *Texas Rules of Evidence*, that such evidence has relevance other than merely proving the

Motion # 6.

45

character of Defendant, in an attempt to show that he acted in conformance with the conduct alleged such character in committing the conduct alleged in the indictment in this cause.

*Montgomery* does not prohibit the trial court's deference to established case law in assessing prejudicial effect versus probative value, and the prohibition against evidence of character to demonstrate conformance therewith.

4.

Additionally, in the event that such evidence of extraneous offenses is admissible, Defendant is entitled to a timely and proper jury instruction which requires the jury to confine and limit its consideration of such evidence to the purposes articulated by the State, and to the specific purpose for which such extraneous offense has been admitted by the Court.

5.

That Defendant has heretofore filed his motion in limine requesting that no evidence regarding extraneous offenses be offered before the jury until the Court has ruled upon the admissibility of such evidence outside the jury's presence. In order to afford Defendant his right to effective assistance of counsel under the Sixth Amendment to the *United States Constitution*, Article I, Section 10 of the *Texas Constitution*, and his right to due process under the Fifth and Fourteenth Amendments to the *United States Constitution*, and Article I, Section 19 of the *Texas Constitution*, Defendant would request that an evidentiary hearing be conducted *prior to trial* to determine the admissibility of any such matters. In support of such request, Defendant would show the Court as follows:

A.      Under *Montgomery*, it will be necessary during trial to conduct a hearing as to the admissibility of these extraneous matters prior to the same being presented before the jury. Even if such matters were determined to be admissible at trial, a hearing conducted prior to trial would result in judicial efficiency and economy, and the expedition of the trial without unnecessary delay imposed upon the jury by such a hearing being conducted during trial, and after a jury had been seated.

B.      In order for Defendant's Counsel to effectively conduct jury selection, as accorded by the Sixth Amendment to the United States Constitution and Article I, Sections 10 and 15 of the *Texas Constitution*, it is necessary to inquire of the jury as to their familiarity with any anticipated witnesses in the State's case in chief, and any admissible extraneous offense witnesses. If such offenses are not admissible, then Counsel is placed in the position of having to inquire of the jury of numerous names which would have no relevance to the case in chief, which would result in prejudice to Defendant.

C.      During jury selection, counsel for Defendant should be afforded an opportunity to

46

intelligently question jurors concerning their ability to follow the instructions by the Court with regard to confining and limiting their consideration of extraneous offenses to the limited purposes enunciated by the State. A pretrial evidentiary hearing is necessary to determine if such extraneous offenses are even admissible. Without such determination, Counsel is placed in a position of having to inquire of the jury concerning their ability to follow the Court's instructions on extraneous matters that may not be presented to the jury. Such tactic places counsel in the position of having to suggest the existence of other extraneous matters which may not later be held to be admissible in the presence of the jury.

D.      Article 36.01(b), *Texas Code of Criminal Procedure* provides that Defendant's counsel may make an opening statement immediately after the attorney representing the State makes the opening statement for the State. Additionally, counsel for Defendant may elect to delay such opening statement until such time as the State concludes its evidence and rests. Counsel for the Defendant in this circumstance would be unable to intelligently make such an election, because if such extraneous matters were later determined to be admissible, counsel must be in a position to address defensive issues as to the extraneous offenses during his opening statement on behalf of Defendant. If such extraneous matters were determined to be inadmissible, a pretrial determination would insure that counsel would avoid any discussion of such extraneous offenses. Without such a pretrial evidentiary hearing and determination by the Court, Counsel is placed in a position of not being able to effectively assist Defendant concerning any opening statement to be made by counsel on Defendant's behalf.

WHEREFORE, PREMISES CONSIDERED Counsel for Defendant respectfully requests that the Court conduct a pretrial evidentiary hearing to determine the admissibility of any extraneous offenses intended to be offered by the State in its case-in-chief on guilt/innocence.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

47

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

S/ *Stephen Gordon*
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this the ___ day of August, 2005, I hereby certify that a true and correct copy of the foregoing motion was hand personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ da of_____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

48

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ da

of_____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

49

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| VS. | § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29 day of __September__ 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the 29 day of __September__ , 2005.

_____
JUDGE PRESIDING

50

Cause No. 0920589A

| THE STATE OF TEXAS | § | |
| --- | --- | --- |
| VS. | § | IN CRIMINAL DISTRICT |
| | § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § | |
| | § | TARRANT COUNTY, TEXAS |

## MOTION IN LIMINE IN REGARD TO ANY OUT-OF-COURT ORAL OR WRITTEN STATEMENTS MADE BY ALLEGED CO-DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JACK V. STRICKLAND and STEPHEN GORDON, attorneys of record for Defendant, EDWARD LEE BUSBY, JR., and respectfully moves the Court to order the prosecutors in this cause, as well as any of the State's witnesses in this cause, not to mention, allude to, or display before the jury, either in voir dire, opening statement or the trial of this case, any out-of-court oral or written statement purportedly made by any alleged co-defendant in this cause to any law enforcement officer, or to any other person, until a hearing may be held outside the hearing and presence of the jury to determine the admissibility of such statement.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

Motion # 7.

51

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the 18th day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.


## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of_____, 2005, at _____ o'clock _____ m.

SIGNED on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

52

Cause No. 0920589A

THE STATE OF TEXAS                          §                    IN CRIMINAL DISTRICT
                                            §
VS.                                         §                    COURT NUMBER TWO
                                            §
EDWARD LEE BUSBY, JR.                       §
                                            §                    TARRANT COUNTY, TEXAS

## O R D E R

On this the ____ day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____


SIGNED and ENTERED on this the ____ day of _____, 2005.


_____
JUDGE PRESIDING

53

Cause No. 0920589A

THE STATE OF TEXAS           §
                            §
VS.                         §
                            §
EDWARD LEE BUSBY, JR.        §

AUG 1 8 2005
IN CRIMINAL DISTRICT
COURT NUMBER TWO
DISTRICT CLERK
TARRANT COUNTY, TEXAS

## RULE 615 MOTION
## *(GASKIN MOTION)*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and requests the Court to instruct the attorneys for the State to have available for use by defense counsel, any written statements, notes, or other memoranda of any witness who will testify at trial, either in the State's case-in-chief or on rebuttal, and which were made at a time previous to the witness testifying in this case. Such availability is necessary so that defense counsel may have statements for the purpose of cross-examining the witness. This request is made pursuant to the authority of Rule 615(a), *Texas Rules of Criminal Evidence.*

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this motion be in all things granted by the Court and that the State's attorneys be so instructed.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

Motion # 8.

54

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the _18_ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.


## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of _____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

55

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| VS. | § | |
| | § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § | |
| | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29 day of _____ 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the 29 day of _____ 2005.

_____
JUDGE PRESIDING

56

Cause No. 0920589A

THE STATE OF TEXAS

VS.

EDWARD LEE BUSBY, JR.

§
§
§
§
§

FILED
TARRANT COUNTY
AUG 18 2005

IN CRIMINAL DISTRICT

COURT NUMBER TWO

DISTRICT CLERK

TARRANT COUNTY, TEXAS

## MOTION FOR DISCOVERY OF ANY AGREEMENTS WITH ANY WITNESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORGON, and moves the Court to order the State to disclose to counsel any agreements or conversations with any witness which could possibly influence the witness's testimony in the above-styled and numbered cause. In support of such motion, Defendant shows the Court the following:

I.

If any witness for the prosecution has discussed, been promised, has suggested, or has accepted any such agreement, or if any such agreement has been implied between the prosecution or any other law enforcement agency and the witness or a representative of the witness, which might induce the witness to testify or to have the belief that the testimony will inure to his benefit, then Defendant has a right under the due process clause of the Fourteenth Amendment to the *United States Constitution*, to be informed of any such agreement. The disclosure of any such agreement is necessary so that defense counsel may properly demonstrate the witness' possible bias or motive for testifying, and to provide Defendant with the effective assistance of counsel to which he is entitled under the Sixth Amendment to the *United States Constitution*, Article I, Section 19 of the *Texas Constitution*, and various other applicable provisions of the *Texas Code of Criminal Procedure*.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court grant this motion, and to order the State to disclose to defense counsel any agreements or understandings, expressed or implied, which have been made by the Tarrant County District Attorney, representatives of the

Motion # 9

57

District Attorney, law enforcement officers of this State or any other jurisdiction, with any witness or potential witness in this cause, as a result of the expected testimony of the witness in the above-styled and numbered cause. Further, Defendant prays that the Court order the prosecution to make inquiry of any law enforcement officers involved in the investigation of this cause who might have reached any agreements or understandings, whether expressed or implied, with any witness in return for his or her expected testimony.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

58

## CERTIFICATE OF SERVICE

On this the ___ day of August, 2005, I hereby certify that a true and correct copy of the foregoing motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of _____, 2005, at _____ o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

59

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29 day of ~~September~~ 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~

SIGNED and ENTERED on this the 29 day of September, 2005.

JUDGE PRESIDING

60

Cause No. 0920589A

THE STATE OF TEXAS          §

VS.                         §

                            §

EDWARD LEE BUSBY, JR.       §
                            §

IN CRIMINAL DISTRICT

COURT NUMBER TWO

TARRANT COUNTY, TEXAS

FILED
TARRANT COUNTY
AUG 1 8 2005
DISTRICT CLERK

## DEFENDANT'S MOTION REQUESTING THE
## PROSECUTION TO FILE A LIST OF PHYSICAL EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this his Motion Requesting the Prosecution to File a List of Physical Evidence. In support of said motion, Defendant would respectfully show the Court the following:

1.

The prosecution through its various agents or agencies, including law enforcement officers from the State of Texas and the State of Oklahoma, have accumulated tangible evidence in connection with the above-styled and numbered cause. Article 39.14, *Texas Code of Criminal Procedure*, specifically allows Defendant the right to examine, photographs, test, or copy any and all physical tangible evidence which the State of Texas has in its actual or constructive possession and which it may use in a trial against Defendant.

2.

That Defendant further requests this Court to require the prosecution to compile a complete list of all physical evidence that it has seized and currently has in its possession at this time in connection with the investigation and prosecution of Defendant in the above-styled and numbered cause. By requiring the prosecution to furnish this list, Defendant will be allowed expedited pre-trial preparation. Defendant further requests this Court to instruct the prosecution to continually update said list of physical evidence as it becomes necessary by them obtaining items of tangible evidence which were previously not included on the list.

Motion # 10

61

3.

That such list be presented to Defendant prior to trial.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this Court to instruct the prosecution to file with this Court a complete list of all physical evidence and tangible items of evidence that it has seized and his in its actual or constructive possession or the possession of any of its agents at this time and continue to file with this Court up to and including the last day of the trial on the merits a list of any additional items of physical evidence or tangible evidence which it may seize or take possession from any of its agents in the future.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

62

CERTIFICATE OF SERVICE

On this the _16_ day of August, 2005, I hereby certify that a true and correct copy of the foregoing motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of_____, 2005, at _____ o'clock _____ .m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

63

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29th day of ~~September~~ 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ ~~Sustained~~ _____

_____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the 29th day of September, 2005.

_____
JUDGE PRESIDING

64

2Case 4:09-cv-00160-O    Document 125    Filed 05/04/26    Page 72 of 286    PageID 5933

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

FILED
AUG 1 8 2005

## MOTION TO REQUIRE LAW
## ENFORCEMENT OFFICERS TO MAINTAIN PERSONAL NOTES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by the through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this Motion to Require Law Enforcement Officers to Maintain Personal Notes. In support of said motion, Defendant would respectfully show the Court the following:

1.

That Counsel for Defendant has reason to believe, and does in fact believe, that various law enforcement officers involved in the investigation of the above-styled and numbered cause took, made, or caused to be made, personal notes during their investigation of said cause. It is anticipated that those officers might utilize their notes prior to testifying, in order to refresh their memory concerning their activities in connection with the case. Those notes, under appropriate court order, would be available to Defendant and his attorney for inspection and for use in cross-examination.

2.

That in order to facilitate an orderly and timely procedure at trial, Defendant respectfully requests this Court to instruct the prosecution and through them, all of the law enforcement officers involved in the investigation of this cause, to completely and accurately maintain their personal notes and to have the same available at such time as said officers may be called as witnesses in the above-styled and numbered cause, or in any other cause, which may be filed on behalf of the State of Texas against Defendant.

Motion # 11.

65

3.

That in order to avoid any unnecessary delay during the trial of this cause for purposes of allowing Defendant's counsel the opportunity to review such personal notes taken by the law enforcement officers in this cause prior to his cross-examination of such officers, Defendant further respectfully requests that the Court order that State to provide copies of such notes to defense counsel prior to the commencement of the trial of this cause.

4,

That while the requirements of the foregoing motion do not unduly burden either the prosecution, or the law enforcement officers who are witnesses in this case, the denial of such motion would cause the Defendant to be irreparably damaged, and would serve only to deny Defendant those rights guaranteed to him under the Fifth, Sixth, and Fourteenth Amendments to the *United States Constitution*, as well as applicable statutory and constitutional provisions of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court to order all representatives of the State of Texas, whether prosecutors, or law enforcement officers of this state or any other jurisdiction who may be connected with this cause or any other case against Defendant, to completely, fully, and accurately maintain all personal notes relative to the investigation of the charges in the above-styled and numbered cause, or any other cause which may be pending against Defendant, and further to have such notes physically available and present in the courtroom at such time as they may be called to testify as in regard to those matters. Defendant further requests that such notes be provided to defense counsel prior to the commencement of the trial of this cause.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

66

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

On this the ___18th___ day of August, 2005, I hereby certify that a true and correct copy of the foregoing motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

### ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of _____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.


_____
JUDGE PRESIDING

67

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the ___ day of ___, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED ___

SIGNED and ENTERED on this the ___ day of ___, 2005.

JUDGE PRESIDING

68

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

### MOTION FOR COURT ORDER TO PROVIDE
### COPIES OF JAIL RECORDS OF DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant, in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and respectfully moves the Court to order the State, by and through the Tarrant County District Attorney's Office, to provide to the attorneys for Defendant copies of any and all records, including medical records, maintained by the Tarrant County Sheriff's Office pertaining to this Defendant, and his incarceration in the Tarrant County Jail. In support thereof Defendant would show the Court the following:

1.

The Sheriff's Office routinely maintains records pertaining to each person incarcerated in the Tarrant County Jail regarding, among other things, that person's conduct, infractions or disturbances, medical complaints and observations.

2.

These records may contain information which might constitute admissible mitigating evidence during the guilt/innocence and/or punishment stages of the trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court order the State to provide Defendant with copies of any and all jail records pertaining to Defendant maintained by the Tarrant County Sheriff's Office.

Motion # 12

69

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the _18_ day of August, 2005, I hereby certify that a true and correct copy of the

foregoing Motion was personally delivered to Mr. Gregory T. Miller,  Assistant District Attorney,

at 401 West Belknap Street, Fort Worth, Texas  76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day

of_____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

71

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 28 day of ~~September~~, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____
_____
_____
_____
_____

SIGNED and ENTERED on this the 29 day of ~~September~~, 2005.

JUDGE PRESIDING

72

Cause No. 0920589A

THE STATE OF TEXAS §
§
VS. §
§
EDWARD LEE BUSBY, JR. §

IN CRIMINAL DISTRICT

COURT NUMBER TWO

TARRANT COUNTY, TEXAS

## DEFENDANT'S MOTION TO DISCLOSE THE NAMES AND ADDRESSES OF EXPERT WITNESSES FOR THE STATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above entitled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and respectfully moves the Court to order the State, by and through the Tarrant County District Attorney's Office, to provide to Defendant the names and addresses of any person the State may use at trial to present evidence under Rules 702, 702 and 705, *Texas Rules of Evidence*. This request is made in accordance with Article 39.14(b), *Texas Code of Criminal Procedure*.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Court enter an order granting the foregoing motion and instruct the State to make such disclosure as soon as such experts become known to the State.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

Motion # 13

73

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the _18_ day of August, 2005, I hereby certify that a true and correct copy of the

foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney,

at 401 West Belknap Street, Fort Worth, Texas 76102.


## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day

of_____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

74

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the _28th_ day of _September_, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the _29th_ day of _September_, 2005.

_____
JUDGE PRESIDING

Cause No. 0920589A

THE STATE OF TEXAS

VS.

EDWARD LEE BUSBY, JR.

§
§
§
§
§

AUG 1 8 2005

IN CRIMINAL DISTRICT

COURT NUMBER TWO

TARRANT COUNTY, TEXAS

## MOTION TO DISCLOSE DOCUMENTS
## SIGNED OR MADE BY THE DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this his Motion to Disclose Documents Signed by the Defendant. In support of said motion, Defendant would show the Court as follows:

1.

It is believed that Defendant may have signed documents during the period of time that he has been in custody in regard to the above-styled and numbered cause.

2.

Defendant requests that the State produce all documents of whatever nature which bear Defendant's signature which have been obtained while Defendant was in custody in connection with this cause, whether or not said documents are intended to be introduced into evidence by the State in this cause, and regardless of whether said documents are believed to be admissible by the State in this cause, regardless of whether said documents are believed by the State to have any relevance in this cause.

3.

Defendant also requests any notes, drawings, diagrams, or charts purportedly made by Defendant while in custody in this case, regardless of their nature, or of the State's opinion as to their admissibility or relevancy.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court order that the

Motion # _14._

76

State disclose any and all such items in their possession.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this the _18_ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller,  Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas  76102.

77

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day

of_____, 2005, at _____ o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
|---|---|---|
| VS. | § § § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29th day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

SIGNED and ENTERED on this the 29 day of _____, 2005.

_____
JUDGE PRESIDING

79

Cause No. 0920589A



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | **AUG 1 8 2005** |
| VS. | § | IN CRIMINAL DISTRICT |
| | § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION TO PRODUCE INCONSISTENT OR MITIGATING EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR, Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this his Motion to Produce Inconsistent or Mitigating Evidence. In support of said Motion, Defendant shows the Court the following:

1.

Defendant requests that this Court instruct the prosecution to produce any and all evidence inconsistent with the Defendant's guilt of the offense charged in the indictment; any impeachment evidence; any mitigating evidence; or any other evidence that might fall within the purview of *Brady v. Maryland* and its progeny. In this connection, Defendant would show the Court that the non-disclosure of any such evidence favorable to Defendant by the prosecution would violate of his rights as secured by the *Texas Constitution*, and *United States Constitution*.

2.

Defendant would further request that the Court instruct the prosecution to produce any and all such evidence inconsistent with Defendant's guilt, impeachment evidence, mitigating evidence, or any other evidence that would be of material importance to the defense, even though it may not be offered as testimony or exhibits by the prosecution at the trial of this case on the merits; and further, that the Court order that the State continue to provide any such evidence to the defense as soon as any such evidence might become known to the State.

Motion # _15._

80



WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court grant this Motion and instruct the prosecution to provide to Defendant and his Counsel copies of all evidence, reports, notes and/or other memoranda in its possession which might contain such *Brady* material.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

81

## CERTIFICATE OF SERVICE

On this the __18th__ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of _____, 2005, at _____ o'clock _____ .m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

82

Cause No. 0920589A

THE STATE OF TEXAS          §          IN CRIMINAL DISTRICT
                           §
VS.                        §          COURT NUMBER TWO
                           §
                           §
EDWARD LEE BUSBY, JR.      §          TARRANT COUNTY, TEXAS

## O R D E R

On this the 29 day of ~~September~~, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the 29 day of ~~September~~, 2005.

_____
JUDGE PRESIDING

83

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | FILED AUG 1 8 2005 |
| | § | IN CRIMINAL DISTRICT |
| VS. | § | |
| | § | COURT NUMBER TWO |
| | § | DISTRICT CLERK |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION FOR EQUAL ACCESS TO
## BACKGROUND INFORMATION ON PROSPECTIVE JURORS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this Motion for Equal Access to Background Information on Prospective Jurors. In support of such motion Defendant shows the Court as follows:

1.

That Defendant is incarcerated, and neither he nor his Counsel have access to private and confidential information gathered by law enforcement agencies regarding arrests and/or convictions of the prospective jurors in this cause.

2.

That Defendant anticipates that the prosecution will utilize such confidential and restricted background information on prospective jurors regarding arrests, convictions and other data collected by law enforcement agencies, in selecting the jury to hear this case. Additionally, the prosecution has access to statewide data through the T.C.I.C. and/or N.C.I.C. computerized law enforcement information systems that would also provide them with such background information on the prospective jurors. Defendant has no such access to this information, and is specifically prohibited

Motion # 16.

84

by law from such access. *Texas Government Code* §§ 411.083, 411.084, and 411.085. Additionally, the prosecution is protected by statute from having to comply with any request from an incarcerated individual for such information. *Texas Government Code* §552.028.

3.

For such reasons, Defendant requests that the Court order the State, by and through the Tarrant County District Attorney, to provide any such information that it may find in this case to defense counsel. The Court's failure to do so would be violative of Defendant's rights to due process, equal protection, and effective assistance of counsel as guaranteed to him by the Federal and State constitutions.

4.

That Defendant also urges this motion on the theory that the prosecution has a duty under state and federal law to reveal information favorable to the defense, pursuant to the Fifth, Sixth and Fourteenth Amendments to the *United States Constitution*, Article 2.01 of the *Texas Code of Criminal Procedure*, and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963).

WHEREFORE PREMISES CONSIDERED, Defendant prays that the Court grant this motion and provide Defendant with equal access to such background information on the prospective jurors as may be available to the State

85

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com


_____
JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


_____
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the _____ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller,  Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas  76102.


_____

86

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day

of_____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

87

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29th day of September, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the 29th day of September, 2005.

_____
JUDGE PRESIDING

88

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| VS. | § | |
| | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION TO DISCOVER CRIMINAL RECORDS OF WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this his Motion to Discover Criminal Records of Witnesses. Defendant requests the Court to require the District Attorney to make available to Defendant, any and all criminal records of conviction, and/or criminal arrest records, which any of the State's witnesses or possible witnesses may have in this cause. In support of such motion Defendant shows the Court as follows:

1.

Defendant would show the Court that if there is information which the District Attorney's Office has reflecting that any witness they may call has been convicted of a crime, or has been adjudicated guilty of criminal acts, or has had such an adjudication suspended, then it is possible that this testimony could be used by Defendant for impeachment purposes. Failure of the State to reveal such information to Defendant would result in the secreting of evidence which could impair confidence in the verdict in this case, or might even tend to show that Defendant is not guilty of the offense with which he is charged.

WHEREFORE, PREMISES CONSIDERED, Defendant moves the Court to require the prosecution to reveal any criminal records, and/or arrest records, of any witness which the State intends to call, or may call to testify in this cause. Defendant further prays that the prosecution be ordered to contact the appropriate law enforcement agency and instruct that agency to exercise diligence in attempting to discover the information requested by this motion.

Motion # 17.

89

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/S/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the _18_ day of August, 2005, I hereby certify that a true and correct copy of the

foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney,

at 401 West Belknap Street, Fort Worth, Texas 76102.

90

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day

of _____, 2005, at _____ o'clock _____ .m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

91

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| VS. | § § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the ___ day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the 29 day of _____, 2005.

_____
JUDGE PRESIDING

92

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | $\partial/\partial$ |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S MOTION TO LIST STATE'S WITNESSES (TRIAL WITNESSES)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this his Motion to List State's Witnesses (Trial Witnesses). In support of said motion, Defendant would show the Court the following:

1.

Defendant requests this Court to instruct the prosecution to list for Defendant, all of the State's witnesses (together with their current addresses, employment, and telephone numbers) who they in good faith expect to use during the trial of the State's case in chief, and in rebuttal, both during the guilt or innocence stage, and the punishment stage of said trial for the reason that Defendant has no way of knowing the existence of any relationship between such witnesses and prospective veniremen and that Defendant cannot make an intelligent use of his pre-emptory challenges without obtaining such information prior to the time the voir dire examination of the jury begins.

2.

Defendant would further show the Court that said information is only available to the prosecution and is not otherwise attainable by Defendant except by this Court's order granting this motion.

3.

Defendant would further show the Court that it is necessary to have these witnesses so that they may be interviewed and contacted to determine their testimony concerning the purported facts of such case. Such interviews of witnesses may led to evidence that is favorable to Defendant and

Motion # 18.

93

denial of this information would constitute a suppression of evidence favorable to the accused by the prosecution.

4.

Due to the impending setting of this cause of action, Defendant requests that the State's answer to the foregoing Motion to List State's Witnesses (Trial Witnesses) be delivered to the attorney for Defendant sufficiently in advance of trial to allow for adequate preparation for trial.

WHEREFORE, PREMISES CONSIDERED, Defendant requests the Court to instruct the prosecution to provide to Defendant a list of all of the witnesses who they in good faith expect to use during the trial of the State's case in chief and in rebuttal, during the guilt or innocence stage of the trial and at the punishment stage of said trial, for use in preparation for trial and voir dire examination of the jury panel.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

94

## CERTIFICATE OF SERVICE

On this the ___ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of_____, 2005, at _____o'clock _____.m.

*SIGNED* on this the _____ day of_____, 2005.

_____
JUDGE PRESIDING

95

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the _29_ day of _September_ 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the _29_ day of _September_, 2005.

JUDGE PRESIDING

96

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| VS. | § | |
| | § | COURT NUMBER TWO |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## REQUEST FOR COURT TO INSTRUCT
## JURY PANEL ON PAROLE LAW - 40 YEAR MINIMUM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, EDWARD LEE BUSBY, JR., by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and makes this Request for Court to Instruct Jury Panel on Parole Law - 40 Year Minimum, and as grounds therefore would show the Court as follows:

1.

In the event that Defendant is convicted of capital murder and sentenced to life, Defendant will be compelled to serve a minimum of 40 calendar years before he would be eligible for parole. The jury has a right to know this information in answering the special issues. Further, Defendant has a right to know if this information could effect the jurors' answers to the special issues. The answers to such questions are necessary in order to allow Defendant to intelligently exercise his peremptory challenges, as well as to have the effective assistance of counsel. For such reasons, Defendant requests that the Court instruct the jury on this matter during the voir dire examination, and that Defendant's counsel be allowed to inquire into such matter with the prospective jurors. This request is made on the basis of the right to trial by an impartial jury as guaranteed by the Sixth Amendment to the *United States Constitution*, Articles I §10 and 15 of the *Texas Constitution*, and Article 35.17, *Texas Code of Criminal Procedure*.

2.

Article 37.071,§ 2(e)(2), *Texas Code Crim. Proc.*, specifically mandates that such a jury instruction be given upon written request of Defendant. As such, it is necessary that Defendant's counsel be able to voir dire the potential jurors on such law that might be applicable in this case.

Motion # 19.

97

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant the foregoing request in all things.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

98

## CERTIFICATE OF SERVICE

On this the __16__ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller,  Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas  76102.

99

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29th day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the 29 day of _____, 2005.

_____
JUDGE PRESIDING

100

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | AUG 1 8 2005 |
| VS. | § | COURT NUMBER TWO |
| | § | DISTRICT CLERK |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION FOR COURT TO DECLARE CODE OF CRIMINAL PROCEDURE ARTICLE 37.071, SECTION 2 (a) <u>UNCONSTITUTIONAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and requests the Court to declare Code of Criminal Procedure Article 37.071, § 2(a) unconstitutional. In support of said motion Defendant would show the Court as follows:

1.

That Defendant anticipates that in the voir dire examination of the jury veniremen in this case, the Court and/or the attorneys for the State will instruct the jury as to the punishment procedures for capital cases set out in Article 37.071, *Texas Code of Criminal Procedure*. Article 37.071, § 2 sets out the procedure whereby the jury will answer the special issues submitted to them; however, Article 37.071, § 2(a) specifically states that no one may inform the jury of the result of their inability to agree on the answer to any of the special issues submitted to them. Defendant asserts that such statute unconstitutionally limits his rights to due process and due course of law, to equal protection under the law, and to the effective representation of counsel, as guaranteed by both the State and federal constitutions. Such unconstitutionality flows from the fact that the jury is not apprised that each, single juror has both the power and the responsibility to insure that a life sentence, as opposed to a death sentence, will result if he believes that sentence to be appropriate in the case. The instructions pursuant to Article 37.071, § 2(a) therefore become coercive to the jury, in their inference that the jury *must* arrive at a verdict as set pursuant to Article 37.071, § 2, when in fact, the jury's inability to answer a special issue is contemplated, and provisions are made for such occurrence under Article 37.071, § 2(g). Article 37.071, § 2(a), therefore compels the jury to decide the punishment issues

Motion # _20._

101

under false and misleading instructions, and in doing so, violates the rights of Defendant as set out above. It also impermissibly conflicts with the duty and the responsibility assigned to each single juror under the statutory scheme, to determine the issue of death, by improperly suggesting that there *must* be an agreement among a substantial number of the jurors pursuant to the statute, before a verdict of *life* can be rendered on that issue.

Due to such infirmity, Defendant requests the Court upon hearing this Motion to declare Article 37.071, § 2(a) unconstitutional; and further, that the Court instruct the jury, or allow counsel for Defendant to directly instruct the jury as to the results of their failure to answer a special issue under the statutory scheme.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon hearing the foregoing motion, that the Court grant such motion in all things, and further grant Defendant such other relief as to which he may be entitled.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

102

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/S/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the ___15___ day of August, 2005, I hereby certify that a true and correct copy of the

foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney,

at 401 West Belknap Street, Fort Worth, Texas 76102.


103

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 7th day of November, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the 7 day of November, 2005.

_____
JUDGE PRESIDING

104

Cause No. 0920589A

FILED
AUG 1 8 2005

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | COURT NUMBER TWO |
| VS. | § | |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION FOR COURT TO DECLARE
## CODE OF CRIMINAL PROCEDURE ARTICLE 37.071, SECTION 2,
## UNCONSTITUTIONAL AS WRITTEN AND AS APPLIED
## IN ALL CASES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and moves the Court grant the relief requested in accordance with this motion. In support of said motion Defendant shows the Court as follows:

1.

Defendant submits to the Court that the special issue procedure for capital cases as mandated by Article 37.071, § 2, *Texas Code of Criminal Procedure,* is violative of Defendant's rights to equal protection of the law, due process and due course of law, and effective representation of counsel, as guaranteed to the Defendant by the *United States Constitution* and the *Texas Constitution.* Defendant asserts that such special issue procedure is unconstitutional both as it is written and as it is applied to all capital cases, due to the failure of such procedure to allow the jury to fully and fairly consider any and all mitigating evidence in behalf of Defendant, and to give full effect to such evidence in arriving at its verdict on punishment. Defendant also asserts that his counsel is prohibited from effectively presenting and arguing such mitigating evidence on his behalf on the issue of punishment, due to the restrictive procedures created by Article 37.071, § 2(f)(4). The unconstitutionality in the application of that article arises from the statutory procedure itself. Constitutional infirmities exist in the statutory scheme created by such statute, first in the manner in which the statute unduly restricts the jury's determination of the existence of mitigating circumstances; and second, in the manner in which it unduly restricts the ability of the jury to give effect to such mitigating circumstances.

Motion # 21.

2.

In Article 37.071, § 2(f)(4), the statute sets forth a definition for the "mitigating evidence" that a juror is allowed to consider (and to give effect to) in arriving at the death penalty decision. This "definition" is impermissibly restrictive, in that it limits the jury's consideration *only* to those circumstances which the jurors "might regard as reducing Defendant's moral blameworthiness." It is imperative that the individual jurors have the opportunity to consider and give effect to *any and all* evidence that they might personally believe impacts upon the death penalty decision. The concept of what constitutes mitigating evidence should therefore necessarily be left to each individual juror's conscience, and should not be arbitrarily limited by requiring the juror to go yet one step further and to determine whether such circumstance (which he has found to exist) also relates directly to the "moral blameworthiness" of Defendant for the offense for which he has been convicted. "Mitigating evidence" is not intended to be so narrowly constrained as to include *only* those things which can be fit within this narrow framework; but rather, it should be more expansive, and should include even those circumstances, factors or "feelings" of the juror which he believes should impact on the death decision, whether or not he can even put them into words. Under such a restrictive definition of "mitigating evidence" as is found in Art. 37.071, § 2(f)(4), only those factors which relate directly to the offense on trial are given effect by the jury. Other positive attributes of Defendant, including such things as artistic or musical talents; prior good deeds; and even the lack of a prior criminal record may not be given effect by the jury in its decision-making process, unless they first find that such factor relates to Defendant's "moral blameworthiness" for the offense of conviction.

It is worth noting at this point that the courts have consistently and steadfastly refused to define, and thereby restrict, the meaning of various other significant words and phrases contained within Article. 37.071. For example, "probability", "criminal acts of violence", and "continuing threat to society" are concepts which are left to the discretion of each individual juror to define for themselves. Given that the State has a burden to affirmatively prove that those undefined characteristics are applicable to a capital murder defendant, the very vagueness of the terms works to the benefit of the prosecutor. However, the obverse is true regarding mitigating evidence. The restrictive nature of what the juror may consider to be mitigating evidence works to the detriment of

106

the defendant. This scheme, whether intended or not, stacks the deck in favor of the State and increases the likelihood of a death sentence.

3.

Article 37.071, § 2(a)(I) also impermissibly restricts the ability of the individual jurors to "give effect" to what they believe to be mitigating circumstances, by requiring an agreement of at least 10 of the jurors before they can answer the mitigation special issue affirmatively. By failing to apprise the jurors that the failure to reach an answer as to any one of the special issues will result in a life sentence, the jurors are left with the mistaken impression that they *must* reach an agreement as to the mitigation issue before a verdict of life will be rendered. While the statute contemplates that a single juror has the power, the ability, and the responsibility to insure that a death sentence will *not* be entered, *unless* he personally believes that it is justified under the facts, by further requiring that the juror *not* be told that he alone has such power, ability, and responsibility to ensure that a death sentence does not result, the statute impermissibly restricts the ability of the individual juror to give effect to that mitigating evidence which *he* personally has already found to exist.

For the foregoing reasons, the Defendant respectfully requests the Court to declare 37.071, §2, *Texas Code of Criminal Procedure*, unconstitutional as written and as applied to all cases, and particularly as applied to this case. Defendant further requests that the Court therefore order that the death penalty will not be available as a possible punishment in any trial of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays the Court grant this motion in all things, and further grant Defendant such other relief as to which he may be entitled.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

107

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


By _____
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On this the ___15___ day of August, 2005, I hereby certify that a true and correct copy of the

foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney,

at 401 West Belknap Street, Fort Worth, Texas 76102.

108

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the ____ day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the ____ day of _____, 2005.


_____
JUDGE PRESIDING

109

Cause No. 0920589A

AUG 1 8 2005

THE STATE OF TEXAS          §          IN CRIMINAL DISTRICT
                           §
VS.                        §          COURT NUMBER TWO
                           §
EDWARD LEE BUSBY, JR.       §          TARRANT COUNTY, TEXAS

## DEFENDANT'S SUPPLEMENTAL MOTION TO DECLARE THE TEXAS DEATH PENALTY PROCEDURE AND ARTICLE 37.071, *TEX. CODE CRIMINAL PROC.*, UNCONSTITUTIONAL ON ITS FACE

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW, Defendant, EDWARD LEE BUSBY, JR., by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, pursuant to the authority of the *United States Constitution* and the *Texas Constitution*, and moves this Court to exclude death as a possible punishment in this case, and to declare the death penalty procedure authorized pursuant to Art. 37.071, *Tex. Code Crim. Procedure*, unconstitutional on its face, for the following reasons, which are offered in addition to those previously delineated in the *Defendant's Motion to Declare the Texas Death Penalty Procedure and Article 37.071, Tex. Code Criminal Procedure, Unconstitutional On Its Face*, heretofore filed in this cause:

1.

The statutory "*Penry*" special issue in *Tex. Code Crim. Proc.*, Art. 37.071 is unconstitutional because it fails to place the burden of proof on the State regarding aggravating evidence. The Supreme Court has held that the Eight Amendment requires the State to prove the existence of aggravating factors during the capital punishment phase. See, e.g., *Walton v. Arizona*, 110 S.Ct. 3047,3055 (1990)(State's "method of allocating the burdens of proof" during capital sentencing phase cannot "lessen the State's burden... to prove the existence of aggravating factors"). In order to understand why *Walton* applies to the statutory "*Penry*" special issue, this Court must recognize that this special issue is a conduit for aggravating (as well as mitigating) factors. By asking jurors to determine whether there are "*sufficient* ... mitigating circumstances," *Tex. Code Crim. Proc.* Art. 37.071, Section 2(e ), the statutory special issue in effect tells jurors to consider any possible aggravating factors that may outweigh the mitigating factors present in the case. Although the statute does not

Motion # 22

110

explicitly use the term "aggravating circumstances," clearly that is how a reasonable juror must interpret the statute. *Cf. Johnson v. Texas*, 113 S.Ct. 2568 (1993) (describing jurors' determination of answer to "future dangerousness" special issue to require balancing of aggravating and mitigating circumstances). Because the statute is silent about whether the State or the defense has the burden of proof on aggravating factors; and, moreover, because the language of the special issue implies that the burden to disprove aggravating circumstances is on the defense, the statute is unconstitutional under the Eighth and Fourteenth Amendments to the *United States Constitution*, and under the *Texas Constitution*.

2.

The statutory *"Penry"* special issue is unconstitutional under the Eighth and Fourteenth Amendments to the *United States Constitution* (and under the *Texas Constitution*), because it permits the very type of open-ended discretion condemned by the United States Supreme Court in *Furman v. Georgia*. In *Furman v. Georgia*, 408 U.S. 238 (1972), in which the Supreme Court struck down capital punishment as it then was being administered, the chief constitutional infirmity that the controlling members of the Court pointed to in their respective concurring opinions was arbitrariness. In particular, the Court condemned the open-ended, unstructured discretion that was given to capital sentencing juries. *See also, Gregg v. Georgia*, 428 U.S. 153 (1976); *Spaziano v. Florida*, 468 U.S. 447, 460-64 (1984).

In the years following the Supreme Court's decision in *Penry v. Lynaugh*, 109 S.Ct. 2934 (1989), the Texas Legislature enacted a new capital sentencing scheme that sought to cure the constitutional defect found in the former capital sentencing scheme and identified by the Court in *Penry*. The new statutory *"Penry"* special issue contained in *Tex. Code Crim. Proc.* Arts. 37.071 & 37.0711 (Vernon 1994), provides as follows:

> "Whether, taking into consideration all of the evidence, including the circumstances of the offense, the Defendant's character and background, and the personal moral culpability of the Defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed."

Five members of the modern Supreme Court have, directly or indirectly, condemned an open-ended, unstructured capital sentencing instruction – such as Texas' statutory *"Penry"* special issue

– as violative of the Eighth and Fourteenth Amendments to the *United States Constitution*. See, *Penry v. Lynaugh*, 109 S.Ct. 2934, 2969 (1989) (Scalia, J., dissenting, joined by Rehnquist, C.J., White, J., & Kennedy, J.) ("In holding that the jury had to be free to deem *Penry's* mental retardation and sad childhood for whatever purpose it wished, the Court has come full circle, not only permitting but requiring what *Furman* once condemned."); *Graham v. Collins*, 113 S.Ct. 892, 903-15 (1993) (Thomas, J., concurring) ("*Penry* reintroduces the very risks that we had sought to eliminate through the simple directive that States in all events provide rational standards for capital sentencing."). In dicta, Justice Thomas has explicitly suggested that the type of sentencing scheme in operation at Appellant's trial violates *Furman*. See Graham, 113 S.Ct. at 913 n. 9 (discussing the present Texas capital sentencing statute).

Rather than submit such an open-ended, unstructured sentencing issue, the Eighth Amendment requires that a trial court, in the sentencing phase of a capital case, instead submit a charge that adequately structures the jury's sentencing discretion regarding mitigating and aggravating factors. *Cf. Gregg v. Georgia*, 428 U.S. 153 (1976) (discussing Georgia's post-*Furman* capital sentencing statute). Unless such an instruction is submitted in this case, any death sentence returned by Defendant's jury would violate the Eighth and Fourteenth Amendments, and the *Texas Constitution*.

3.

Texas' statutory capital sentencing scheme is unconstitutional under the Eighth and Fourteenth Amendments because it does not permit meaningful appellate review. As discussed above, the pivotal sentencing issue in Texas capital cases – the statutory "*Penry*" special issue – does to specify the types of mitigating or aggravating factors relevant to a capital sentencing jury's deliberations during the punishment phases. Rather, the jury is simply asked whether there exists a "sufficient mitigating circumstance or circumstances" to warrant a life sentence rather than a death sentence. See *Tex. Code Crim. Proc.* Arts. 37.071 & 37.0711 (Vernon 1994). In a larger sense, however, the "*Penry*" special issue requires Texas juries to perform the same functions that other states' post-*Furman* capital sentencing juries perform: (i) the threshold findings of particular aggravating and mitigating circumstances; and (ii) the balancing process, whereby jurors determine whether the mitigating factors outweigh the aggravating factors. *Cf. Gregg v. Georgia*, 428 U.S. 153 (1976) (discussing Georgia's post-*Furman* statute).

Defendant contends that Texas' unstructured sentencing scheme is unconstitutional because it

112

does not permit meaningful appellate review, which is not only required by Texas statute, but also is a prerequisite to any constitutionally implemented capital sentencing scheme. Because the second statutory special issue is open-ended and unstructured (i.e., not enumerating a list of mitigating and aggravating factors and not requiring jurors to make specific "findings" in this regard), the Court of Criminal Appeals has no way to know which aggravating and mitigating factors the jurors considered. Thus, the appellate court has no way to know how, and indeed whether, the jury considered all of the constitutionally relevant mitigating evidence offered at trial. In this way, meaningful appellate review is impossible. The Supreme Court has recognized that an appellate court is in a virtually impossible position to review a jury's consideration of mitigating and aggravating evidence, without knowing which factors the jury in fact considered. See *Sawyer v. Whitley*, 112 S.Ct. 2514, 2522-23 (1992) (noting "how difficult [a] task" a reviewing court faces in "assess[ing] how jurors' reacted to mitigating and aggravating evidence, particularly considering the breadth of those factors that a jury … must be allowed to consider" without knowing how jurors actually considered the totality of the evidence). Because the Court of Criminal Appeals is required by statute, and by the Constitution, to review the sufficiency of the evidence supporting a jury's negative answer to the statutory "*Penry*" special issue, the open-ended and unstructured nature of Arts. 37.071 & 37.0711, which prevents such meaningful appellate review, renders the Texas capital sentencing statute unconstitutional under the Eighth and Fourteenth Amendments to the *United States Constitution*, and under the provisions of the *Texas Constitution*.

4.

Article 37.071's "parties" special issue violates the Eighth and Fourteenth Amendments to the *United States Constitution*, and the *Texas Constitution*. The "parties" statutory special issue contained in *Tex. Code Crim. Proc.* Art. 37.071, Section2(b)(2) (Vernon 1994) reads as follows:

> "[I]n cases in which the jury charge at the guilt or innocence stage permitted the jury to find the Defendant guilty as a party under Sections 7.01 and 7.02, *Penal Code*, whether the Defendant actually caused the death of the deceased or did not actually cause the death of the deceased but intended to kill the deceased or another or anticipated that a human life would be taken."

Defendant contends that this statutory' special issue is facially unconstitutional because of the statute's use of the language "*or anticipated that a human life would be taken.*" Defendant believes that such language – which permits a capital sentencing jury to impose a death sentence based upon

113

a finding that a Defendant, found guilty under the "law of the parties", simply "anticipated" that death might occur – violates the Eighth Amendment principle announced by the Supreme Court in *Tison v. Arizona*, 481 U.S. 137 (1987) and *Enmund v. Florida*, 458 U.S. 782 (1982).

5.

This statute is unconstitutional because it fails to *require* that mitigation be considered. A juror is constitutionally required to consider *all* mitigation. After the juror has *considered* the mitigation, it is then up to the juror to determine what effect to give the mitigation. Failure to mandate consideration of *all* mitigating evidence makes this statute unconstitutional, in violation of the Eighth Amendment. Capital murder statutes which have survived constitutional scrutiny all require that the jury be told that it *must* consider all mitigating evidence. *E.g., Johnson v. Texas*, 113 S.Ct. 2658 (1993); *Boyde v. California*, 494 U.S. 370 (1990); *Blystone v. Pensylvania*, 494 U.S. 299 (1990).

6.

The present Texas capital sentencing statute defines "mitigating evidence" as "evidence that a juror might regard as reducing the Defendant's moral blameworthiness." *Tex. Code Crim. Proc.* Art. 37.071, Section 2(e)(4) & 37.0711, Section 3(f)(3) (Vernon 1994). This definition of "mitigating evidence" is unconstitutionally narrow. The Supreme Court has held that constitutionally relevant mitigating evidence is not simply that type of mitigating evidence that relates to a capital defendant's moral culpability or blameworthiness for the crime, but also includes any mitigating evidence relevant to a defendant's character, history, or circumstances of the crime that militates in favor of a life sentence. *See, e.g., Skipper v. South Carolina*, 476 U.S. 1 (1986). Numerous types of constitutionally relevant mitigating evidence thus have nothing to do with a capital defendant's moral culpability or blameworthiness – such as a history of positive character traits, kindness shown toward children, or animals, or artistic talent. Although the statutory "*Penry*" special issue speaks of "the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant;" Art. 37.071, Section 2(e), the statute's separate definition of "mitigating evidence," limits jurors' consideration of such evidence to those mitigating factors that specifically implicate the defendant's moral blameworthiness.

Therefore, the statute's limited definition of "mitigating evidence" violates the Eighth and Fourteenth Amendments to the *United States Constitution*, and the provisions of the *Texas Constitution*.

114

7.

The Texas death penalty scheme is a mandatory one, in violation of the Eighth and Fourteenth Amendments of the *United States Constitution* and Article I, Sections 10, 14, and 19 of the *Texas Constitution.*

8.

The Texas death penalty scheme is unconstitutional and in violation of the Eighth and Fourteenth Amendments of the *United States Constitution*, and Article I, Sections 10, 14 and 19 of the *Texas Constitution*, because it does not define the various terms and phrases used in the three special issues in ways that would permit the jury to give full mitigating significance to those terms.

9.

The procedure by which the death penalty is imposed in Texas denies the Defendant protection from cruel and unusual punishment. A close analysis of the statute reveals that the system for imposition of the death penalty permits arbitrary and unchecked discrimination amounting to a denial of equal protection under the law. Pursuant to the provisions of the Texas statutes, two persons could commit capital offenses under similar circumstances, yet one could receive the death penalty and the other life imprisonment. The special issue submission pursuant to Article 37.071 provides no real standard for the guidance of juries in death penalty cases. Turning to the issues themselves, one can readily see that the are couched in nebulous terms that defy a realistic answer. Further, there is no properly defined policy for assisting jurors with the life and death question. The only guidance which the Court gives the jury under Article 37.071, concerning capital punishment, is simply to submit these rather meaningless issues, affirmative answers to which result in a mandatory death sentence. Consequently, the defendant is not adequately protected from jurors acting arbitrarily, and with caprice, in arriving at the awesome decision between life and death.

10.

The Defendant has a right to be free from punishment imposed arbitrarily and capriciously in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the *United States Constitution*, and Article I Sections 13 and 19 of the *Texas Constitution*. The special issues procedure set out in Article 37.071 allow total discretion to a jury to make unfavorable findings against a defendant, and such findings may be based on any prejudices the jury may have, individually or as a whole.

115

11.

Article 37.071 is so vague and indefinite as to be incapable of interpretation by reasonable men, and is therefore facially void as violating the Defendant's rights to due process and due course of law, and fundamental fairness as guaranteed by the Fifth and Fourteenth Amendments to the *United States Constitution*, and Article I, Sections 10, 13 and 14 of the *Texas Constitution*.

12.

The Statutes upon which said prosecution is based are violative of the Eighth Amendment to the *United States Constitution*, and Article I, Section 13 and 19 of the *Texas Constitution*, in that the death penalty is *not* a deterrent to future homicides.

13.

The infirmities in the statute discussed above are all violative of State Constitutional Law, as well as federal constitutional law. Under the "due course of law" provision of the *Texas Constitution*, Article I, Section 10, the citizens of this state are guaranteed that any punishment for an offense will be in accordance with the law. *McFarlane v. State*, 254 S.W.2d 136, 136 (Tex. Cr. App. 1953). When the burden of proof is shifted to the Defendant, the State's burden has essentially been reduced. See e.g., *Cobarrubio v. State*, 675 S.W.2d 749 (Tex. Cr. App. 1983) overruled in part, *Lawrence v. State*, 700 S.W.2d 208 (Tex. Cr. App. 1985); and *Elliott v. State*, 858 S.W.2d 478-488 (Tex. Cr. App. 1993). Such a punishment, based on a reduced burden, is not in accordance with Texas law and is unconstitutional. The statute further fails to afford the protections guaranteed to the Defendant pursuant to Article I, Sections 10, 13, 15 and 19 of the *Texas Constitution*, in the ways indicated herein above.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon hearing the foregoing Motion, that the Court grant such motion in all things, and further grant Defendant such other relief as to which he may be entitled.

116

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this the ___18th___ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller,  Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas  76102.

117

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 7 day of November, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the 7th day of November, 2005.

_____
JUDGE PRESIDING

118

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | AUG 1 8 2005 |
| VS. | § | COURT-NUMBER TWO |
| | § | DISTRICT CLERK |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this Motion To Preclude The Death Penalty as a Sentencing Option, pursuant to the 5th, 6th, 8th and 14th Amendments to the *United States Constitution*, and Article 1, Sections 3, 10, 13 and 19 of the *Texas Constitution*. In support of such Motion, Defendant would show the Court as follows:

1.

That Defendant has been indicted for the offense of capital murder.

2.

The State has announced to the Court that it is seeking the death penalty. The Eighth Amendment therefore requires a greater degree of accuracy in fact-finding than would be true in a noncapital case. *Gilmore v. Taylor*, 508 U.S. 333, 113 S.Ct. 2112, 124 L. Ed.2d 306 (1993), and *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

3.

Under the Texas statutory scheme, the maximum penalty for the offense of capital murder is *life* in prison, without the possibility of parole for 40 years. *Texas Penal Code* §12.31. It is only when the State seeks the death penalty, that this statutory maximum can be exceeded, and then only if the finder of fact concludes, beyond a reasonable doubt, that "there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." *Texas Code of Criminal Procedure*, Article 37.071(2)(b)(1).

Motion # 23.

119

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | AUG 1 8 2005 |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## MOTION TO PRECLUDE THE DEATH PENALTY
## AS A SENTENCING OPTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this Motion To Preclude The Death Penalty as a Sentencing Option, pursuant to the 5th, 6th, 8th and 14th Amendments to the *United States Constitution*, and Article 1, Sections 3, 10, 13 and 19 of the *Texas Constitution*. In support of such Motion, Defendant would show the Court as follows:

1.

That Defendant has been indicted for the offense of capital murder.

2.

The State has announced to the Court that it is seeking the death penalty. The Eighth Amendment therefore requires a greater degree of accuracy in fact-finding than would be true in a noncapital case. *Gilmore v. Taylor*, 508 U.S. 333, 113 S.Ct. 2112, 124 L. Ed.2d 306 (1993), and *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

3.

Under the Texas statutory scheme, the maximum penalty for the offense of capital murder is *life* in prison, without the possibility of parole for 40 years. *Texas Penal Code* §12.31. It is only when the State seeks the death penalty, that this statutory maximum can be exceeded, and then only if the finder of fact concludes, beyond a reasonable doubt, that "there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." *Texas Code of Criminal Procedure*, Article 37.071(2)(b)(1).

Motion # 23.

119

4.

Any fact that increases the penalty for an offense beyond the prescribed statutory maximum normally assigned to such offense, must be alleged in the indictment, and proved to the jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S.466, 147 L.Ed. 2d 435, 120 S.Ct. 2348 (2000). The Texas legislature has in essence created two offenses, one being a Capital Felony where the State seeks death, and the other being a Capital Felony where the State does not seek death. *Texas Penal Code*, Section §12.31(a). Evidence of Defendant's "future dangerousness," therefore must be presented to the Grand Jury, and alleged in the indictment, if such "future dangerousness" is found to be true by the grand jurors. If the indictment does not contain such an allegation, then pursuant to the authority of *Apprendi*, the Court does not have jurisdiction to prosecute the Defendant for anything other than a non-death capital felony, and death should therefore be precluded as a sentencing option.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court preclude the death penalty as a sentencing option in this case.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

120

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this the 8th day of December, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of _____, 2005, at _____ o'clock _____.m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

121

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 7 day of ~~November~~ , 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be ~~GRANTED~~ / DENIED _____

_____

_____

_____

_____

_____

SIGNED and ENTERED on this the 7 day of ~~November~~ , 2005.

JUDGE PRESIDING

122

Cause No. 0920589A

AUG 1 8 2005

THE STATE OF TEXAS       §       IN CRIMINAL DISTRICT

      §

VS.       §       COURT NUMBER TWO

      §

EDWARD LEE BUSBY, JR.       §       TARRANT COUNTY, TEXAS

## DEFENDANT'S MOTION
## TO ALLOW ADDITIONAL PRETRIAL AND TRIAL MOTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this his Motion to Allow Additional Pretrial and Trial Motions. In support of such Motion, Defendant shows the Court as follows:

1.

Article 28.01, *Texas Code of Criminal Procedure*, sets out specific dates for filing of all pretrial motions, but prior to this date Defendant and his attorneys have not had an opportunity to inspect all items of evidence and/or testimony which the State will elicit at the trial of the above-styled and numbered cause. Further, there are pretrial motions on file in this cause which have not yet been heard, ruled upon, or answered by the prosecution.

2.

Defendant would further show the Court that since additional information and material will undoubtedly be made available by the prosecution by virtue of court order, it may become necessary after the production and examination of said information and documents that additional motions be filed based upon the information and documents produced pursuant to court order.

This motion is designed to put the Court and the prosecution on notice that there may be a necessity for filing additional material, trial and pretrial motions based upon information and documents produced under a Court order or as a result of the previously filed pretrial motions and requests made to the prosecution. Therefore, Defendant requests permission to file additional pretrial and trial motions, as applicable and necessary.

Motion # 24.

123

3.

Defendant would further show the Court that the *Texas Code of Criminal Procedure* provides that additional motions may be filed for good cause shown, and if such is presented, the Court should allow the Defendant the opportunity to file same in order to make an accurate and complete record in the above-styled and numbered cause.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court allow the filing of additional pre-trial and trial motions if applicable and necessary in order to insure that Defendant's rights are fully protected and a proper, compete and accurate record is produced in the above-styled and numbered cause.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

124

## CERTIFICATE OF SERVICE

On this the _____ day of August, 2005, I hereby certify that a true and correct copy of the foregoing Motion was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

_____

## ORDER SETTING HEARING

A hearing on the foregoing Motion is hereby set before this Court on the _____ day of _____, 2005, at _____ o'clock _____ .m.

*SIGNED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

### STATE'S WRITTEN REQUEST FOR DISCLOSURE OF EXPERTS PURSUANT TO ARTICLE 39.14(b)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court this motion requiring counsel for the Defendant to timely advise the State of Texas the names and addresses of each expert witness that the defense intends to call as a witness in the above-styled case as provided for in Article 39.14(b).

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Assistant
Criminal District Attorney
State Bar No. 18107000

AUG 1 9 2005

**126**

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 19th day of August, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

_____
Gregory T. Miller

## ORDER

The Court, having considered the above motion, on this the ____ day of _____, 2005, finds that the motion should be GRANTED /// DENIED.

SO ORDERED.

_____
Wayne F. Salvant
Judge
Criminal District Court Number Two
Tarrant County, Texas

127

## JACK V. STRICKLAND

Attorney
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102

Board Certified
Criminal Law
Texas Board Of Legal Specialization

Telephone (817) 338-1000
Telecopier (817) 338-1020
Email jvs1943@aol.com

August 17, 2005

Mr. Greg Miller
Mr. Joe Shannon
Tarrant County District Attorney's Office
401 West Belknap Street
Fort Worth, Texas 76196

> RE:    Cause No. 0920589A
>         *The State of Texas vs. Edward Lee Busby, Jr.*

Gentlemen:

The above-styled and numbered cause is set for jury selection on October 3, 2005. Mr. Busby is charged with capital murder and the State has given us informal notice that it is seeking the death penalty.

Please consider this letter as a request for notice of all crimes, wrongs, or acts other than those arising in the same transaction for which Mr. Busby is indicted and which the State intends to introduce as evidence in either stage of his trial. By "notice" I mean at the very least the date, location, description of the act, injured party with address, material witnesses with addresses, and case disposition. Of course, my stated preference is that if such acts occurred in Tarrant County, Texas, that the district attorney's files regarding the acts be retrieved and I be permitted to examine those files. If the acts occurred outside of Tarrant County, Texas, but your office has managed to obtain prosecution files, police reports, or other records not ordinarily available to non-law enforcement personnel, I would ask that the same privilege of examination be extended.

I realize that my request for extraneous offense information may go beyond what has been customarily provided in the past. However, I believe that pursuant to the recent U.S. Supreme Court case of *Rompilla v. Beard*, I am obligated to obtain and review materials that I know or reasonably believe the prosecution will rely on as evidence of aggravation, i.e., death-worthiness, at least at the trial's penalty phase.

I would ask that you provide the requested information as soon as possible in order that the investigator and mitigation expert, as well as the attorneys, can thoroughly review it. Certainly we

128

Mr. Greg Miller
Mr. Joe Shannon
August 17, 2005
Page Two

should have the information well in advance of voir dire in order to craft proper questions and perhaps even draft a questionnaire.

Thank you for your attention to this matter.

Sincerely,

JACK V. STRICKLAND

JVS/df

cc:    The Honorable Wayne Salvant
       Mr. Stephen Gordon
       Mr. Edward L. Busby, Jr.

129

## JACK V. STRICKLAND
Attorney
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102

Board Certified
Criminal Law
Texas Board Of Legal Specialization

Telephone (817) 338-1000
Telecopier (817) 338-1090
Email jvs1943@aol.com

August 18, 2005

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

AUG 2 4 2005

TIME _____

BY _____ DEPUTY

The Honorable Wayne Salvant
Criminal District Court Number Two
401 West Belknap Street
Fort Worth, Texas 76196

RE:    Cause No.0920589A
       *The State of Texas vs. Edward Lee Busby, Jr.*

Dear Judge Salvant:

Your scheduling order of June 29, 2005, requires that the defense disclose expert witnesses by August 19.

I would like to request that we be excused from meeting that obligation at this time. We are undoubtedly going to have some experts, but I have not yet retained them. I have spoken with Greg Miller and he has no objection to my request. I agree to likewise excuse him from that same disclosure requirement. We can agree either to a date certain, or until the time voir dire commences, whichever the court would prefer.

Thank you for your consideration of this matter.

Sincerely,

JACK V. STRICKLAND

JVS/df

cc:    Mr. Stephen Gordon
       Mr. Joe Shannon
       Mr. Greg Miller
       Mr. Edward L. Busby, Jr.

130

NO. 0920589A

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
|  | § |  |
| VS. | § | COURT NUMBER TWO |
|  | § |  |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S NOTICE OF INTENT TO SEEK THE DEATH PENALTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and

hereby gives notice to the Court that the death penalty will be sought in the above numbered and

styled case.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

**FILED**
**THOMAS A. WILDER, DIST. CLERK**
**TARRANT COUNTY, TEXAS**

SEP 0 7 2005
TIME 9:27 A
BY _____ DEPUTY

131

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 7th day of September, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing notice to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

132

NO. 0920589A

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S NOTICE PURSUANT TO RULE 404(b) & ARTICLE 37.07 § 3(g)

The State of Texas hereby gives notice to the Defendant and his Attorneys of Record of the following convictions, extraneous offenses, or other bad acts.

1. Location: Potter County, Texas
   Date: On or about May 11, 1992
   Victim: State of Texas
   Offense/Bad Act: Terroristic Threat

2. Location: Potter County, Texas
   Date: On or about February 6, 1998
   Victim: State of Texas
   Offense/Bad Act: Delivery of Simulated Controlled Substance

3. Location: Potter County, Texas
   Date: On or about October 11, 1993
   Victim: Jennifer Carol Roberts
   Offense/Bad Act: Theft of food stamps

4. Location: Potter County, Texas
   Date: On or about May 14, 1994
   Victim: Kristy Easley
   Offense/Bad Act: Assault

5. Location: Potter County, Texas
   Date: On or about April 14, 1995
   Victim: State of Texas
   Offense/Bad Act: Possession of Marijuana & Drug Paraphernalia

6. Location: Potter County, Texas
   Date: On or about August 23, 1995
   Victim: Deborah Ann Easley
   Offense/Bad Act: Assault

7. Location: Potter County, Texas
   Date: On or about December 15, 1995

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
SEP 09 2005
TIME 11:00/1
BY M Q DEPUTY

Motion

133

Victim: Merlyn Cilina Rogers
Offense/Bad Act: Assault

8.    Location: Potter County, Texas
Date: On or about February 27, 1996
Victim: Vernon Lee Richards
Offense/Bad Act: Theft of TV

9.    Location: Potter County, Texas
Date: On or about November 10, 1996
Victim: Kimiko Michelle Coleman
Offense/Bad Act: Assault

10.    Location: Potter County, Texas
Date: On or about December 14, 1996
Victim: State of Texas
Offense/Bad Act: Possession of Drug Paraphernalia

11.    Location: Potter County, Texas
Date: On or about December 26, 1996
Victim: Lavern Coleman Busby
Offense/Bad Act: Theft

12.    Location: Potter County, Texas
Date: On or about January 6, 1997
Victim: Jesse Poisel
Offense/Bad Act: Assault

13.    Location: Potter County, Texas
Date: On or about January 23, 1997
Victim: Sammy Lawrence Houston
Offense/Bad Act: Assault

14.    Location: Potter County, Texas
Date: On or about January 24, 1997
Victim: Darren Lee Podhorsky
Offense/Bad Act: UUMV

15.    Location: Potter County, Texas
Date: On or about January 25, 1997
Victim: State of Texas
Offense/Bad Act: UCW & Possession of Controlled Substance

16.    Location: Potter County, Texas
Date: On or about February 1, 1997

134

Victim: Carlyce Alonzo Black
Offense/Bad Act: Theft & UUMV

17. Location: Potter County, Texas
Date: On or about May 4, 1997
Victim: State of Texas
Offense/Bad Act: Possession of Controlled Substance

18. Location: Potter County, Texas
Date: On or about August 15, 1997
Victim: James Ashbury Graham
Offense/Bad Act: Theft

19. Location: Potter County, Texas
Date: On or about August 15, 1997
Victim: James Ashbury Graham and others
Offense/Bad Act: Terroristic Threat & Threatened to kill loss prevention personnel

20. Location: Potter County, Texas
Date: On or about September 1, 1997
Victim: State of Texas
Offense/Bad Act: Criminal Trespass

21. Location: Potter County, Texas
Date: On or about September 1, 1997
Victim: State of Texas
Offense/Bad Act: Possession of Controlled Substance

22. Location: Potter County, Texas
Date: On or about September 28, 1997
Victim: State of Texas
Offense/Bad Act: Delivery of Controlled Substance

23. Location: Potter County, Texas
Date: On or about September 28, 1997
Victim: State of Texas
Offense/Bad Act: Evading Arrest/Detention

24. Location: Potter County, Texas
Date: On or about January 21, 1998
Victim: Jesse Willard Stout & Kimiko Michelle Coleman
Offense/Bad Act: Theft & UUMV

25. Location: Potter County, Texas
Date: On or about February 19, 1998

135

Victim: State of Texas
Offense/Bad Act: Evading Arrest/Detention

26. Location: Potter County, Texas
Date: On or about February 19, 1998
Victim: State of Texas
Offense/Bad Act: Possession of Controlled Substance

27. Location: Potter County, Texas
Date: On or about August 15, 1997
Victim: State of Texas
Offense/Bad Act: Failure To Identify

28. Location: Potter County, Texas
Date: On or about June 8, 1998
Victim: State of Texas
Offense/Bad Act: Felony Conviction for Delivery of a Simulated Controlled Substance

29. Location: Tarrant County, Texas
Date: On or about June 5, 2000
Victim: State of Texas
Offense/Bad Act: Evade Arrest/Detention

30. Location: Tarrant County, Texas
Date: On or about June 22, 2000
Victim: David Coburn
Offense/Bad Act: Aggravated Assault Deadly Weapon

31. Location: Tarrant County, Texas
Date: On or about June 22, 2000
Victim: Darwin Willis
Offense/Bad Act: Aggravated Robbery

32. Location: Tarrant County, Texas
Date: On or about June 22, 2000
Victim: Darwin Willis
Offense/Bad Act: Aggravated Assault Deadly Weapon

33. Location: Tarrant County, Texas
Date: On or about June 22, 2000
Victim: Darwin Willis
Offense/Bad Act: Burglary of a Habitation

34. Location: Tarrant County, Texas
Date: On or about June 22, 2000

136

Victim: Darwin Willis
Offense/Bad Act: Theft & UUMV

35.  Location: Tarrant County, Texas
     Date: On or about December 4, 2003
     Victim: Harold Tracy, Terri Watson, Manual Anderson, Richard Harman & Carl Ungurait
     Offense/Bad Act: Burglary of a Vehicle

36.  Location: Tarrant County, Texas
     Date: On or about January 4, 2004
     Victim: State of Texas
     Offense/Bad Act: Driving While License Suspended

37.  Location: Tarrant County, Texas
     Date: On or about January 30, 2004
     Victim: Laura Lee Crane
     Offense/Bad Act: Kidnapping

38.  Location: Tarrant County, Texas
     Date: On or about January 30, 2004
     Victim: Laura Lee Crane
     Offense/Bad Act: Theft & UUMV

39.  Location: Tarrant County, Texas
     Date: On or about January 30, 2004
     Victim: Laura Lee Crane
     Offense/Bad Act: Forgery

40.  Location: Tarrant County, Texas
     Date: On or about January 30, 2004
     Victim: Laura Lee Crane
     Offense/Bad Act: Murder

41.  Location: Tarrant County, Texas
     Date: On or about January 30, 2004
     Victim: Laura Lee Crane
     Offense/Bad Act: Aggravated Robbery & Robbery

42.  Location: Tarrant County, Texas
     Date: On or about January 30, 2004
     Victim: Laura Lee Crane
     Offense/Bad Act: Injury To The Elderly

43.  Location: Tarrant County, Texas
     Date: On or about November 30, 2000

137

Victim: State of Texas
Offense/Bad Act: Felony Conviction for Robbery-Bodily Injury

44. Location: Tarrant County, Texas
Date: On or about June 15, 2000
Victim: State of Texas
Offense/Bad Act: Misdemeanor Conviction - Evade Arrest/Detention

45. Location: Tarrant County, Texas
Date: On or about November 30, 2000
Victim: David Coburn
Offense/Bad Act: Admission of Guilt for Aggravated Assault

46. Location: Tarrant County, Texas
Date: One or about November 30, 2000
Victim: Darwin Willis
Offense/Bad Act: Admission of Guilt for Theft $1500-$20,000 & UUMV

47. Location: Tarrant County, Texas
Date: On or about December 11, 2003
Victim: State of Texas
Offense/Bad Act: Misdemeanor Conviction for Burglary of a Vehicle

48. Location: Tarrant County, Texas
Date: On or about January 15, 2004
Victim: State of Texas
Offense/Bad Act: Misdemeanor Conviction for Driving While License Suspended

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr.,  Assistant
Criminal District Attorney
State Bar No. 18107000

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 9th day of September, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing 404(b) and 37.07 § (g) notice to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

139

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

### STATE'S LIST OF POTENTIAL TRIAL WITNESSES

Fort Worth Police Officers

L. M. Sanborn # 2592
J. A. Ponce # 1869
L. Avery # K441
C. D. Johnson # 2455
M. J. Carroll # 1927
Jill Nesbitt # K369
B. R. Patterson # 1550
R. F. Dixon # 1735
J. D. Thornton # 1707
S. R. Lacroix # 2632
Beronica Bribiesca
B. S. Nesbitt # 2375
D. R. Swiney # 1872
G. D. Cunningham # 1656
K. L. Hopson # 2035
M. A. Henry # 2057
G. P. Jeandron # 2121

Oklahoma City Police Officers

Sergeant Jeff Padgett # 1062
William Young # 1433
Christain Gabeau # 1266
Jeffrey Yust # 1093
Sergeant Everett Baxter # 1166
Sergeant David Evans # 901
Lieutenant Francis O'Brien 949
Sergeant Kevin Whitebird # 845
Sergeant Roland Garrett # 740
Ira Buchanan # 1225
Cecil Moss # 1453
Kenneth Rambo # 1430
Gary Damron # 224

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 0 9 2005

TIME 11:00A
BY _____ DEPUTY

140

Taylor Dinh # 1085

Amarillo Police Officers

M. D. Powers # 340
S. L. McCaig # 390
E. J. Reiser # 302
K. A. Fentek # 280
L. D. Plumlee # 315
S. A. Martinez # 212
T. J. Russell # 328
T. K. Phillips # 556
T. S. Hardin # 207
C. E. May # 314
R. H. West # 288
B. A. Amos # 202
J. A. Godrey # 324
C. A. Vargas # 304
T. D. Conley # 334
D. B. Harlan # 295
L. D. Nevins # 672
P. D. Hagler # 730
R. R. Montanez # 539
M. W. Everett # 264
J. D. Moore # 470
D. A. Sloan # 258
B. J. Ralston # 285
K. D. Jester # 388
R. K. Ray # 341
R. E. Lake # 362
E. C. Wheeler # 344
J. L. Ingle # 267
E. V. Contreras # 381
J. E. Page # 367
M. D. Hill # 763
H. L. Simpson # 222
B. C. Gardner # 265
G. A. Utsey # 376

Arlington Police Officers

Craig Leondike # 1484
Bill Nordyke # 1591
Chris Green # 1295
William Perez # 687

141

Maribel Cortes # 1325
Jason Arnott # 1845
Lisa Male # 892
Danny Nutt # 860
Daniel Poe # 731
Jim Greenwell # 670
Nicole Strong # 1314
Michael Zamora # 1480
John Stanton # 743
Tresia Anderson # 1055
Alex Ramsey # 427

### Federal Bureau of Investigation

Richard Collodi - OKC
James Anderson - OKC
Andrew Farrell - Fort Worth

### Office of the Chief Medical Examiner - Oklahoma City

Dr. Jeffery Gofton
John Miller
Dr. Philip M. Kemp
Annette Ledgerwood

### Oklahoma State Bureau of Investigation

Bob Horn
Stan Florence

### Tarrant County Medical Examiner's Office

Carolyn Van Winkle
Constance Patton
Patricia Eddings
Kelly Belcher

### Forensic Consultant Services

Max Courtney
Frank Shiller
Tom Eakis

142

Civilian Witnesses

Meade Crane [Protected address // Husband of Laura Crane]
Allan Walker [Protected address // Daughter of Laura Crane]
Lee Wood [Protected address // Daughter of Laura Crane]
Meade Crane, Jr., [Protected address // Son of Laura Crane]
Riley Joe Dunbar, 2808 Finley, Fort Worth, Texas
James A. Peters, 203 Hickory Springs, Euless, Texas
Jennifer Poole, 911 E. Humbolt, Fort Worth, Texas
Steve Humble, 4624 Collinwood, Fort Worth, Texas
Cecelia Van Donselaar, 4205 Ridglea Country Club, Fort Worth, Texas
Gaye Reed, 2341 Harrison Avenue, Fort Worth, Texas
Pam Kuras, 4800 Inverness, Fort Worth, Texas
Ruth Rowley, 2432 Veterans Blvd., Ardmore, Oklahoma
Kathleen Latimer, Tarrant County Jail
Danny Burns, 115 N. Henderson, Fort Worth, Texas
Chris Shaw, Interstate 35 & Highway 7, Oklahoma
Shallah Mitchell, 4515 Santa Fe # 7, Oklahoma City, Oklahoma
Debra Arnold, 2119 SW 39TH Street # 101, Oklahoma City, Oklahoma
Brenda Bowie, 641 SE 36TH Street, Oklahoma City, Oklahoma
Deborah Miller, 519 Taylor Street, Arlington, Texas
Darwin Willis, 608-A N. Oak Street, Arlington, Texas
David Coburn, 3022 S. Cooper Street, Arlington, Texas
Lee Norris Walters, 1710 Patricia, Arlington, Texas
Harold Tracy, 1855 E. Lancaster Avenue, Fort Worth, Texas
Terri Watson, 1855 E. Lancaster Avenue, Fort Worth, Texas
Manuel Anderson, 1855 E. Lancaster, Fort Worth, Texas
Richard Harman, 2700 E. Belknap, Fort Worth, Texas
Carl Ungurait, 1315 Porta # 1415, Fort Worth, Texas
Randy Roberts, PO Box 484, Troy, Texas
Jennifer Carol Roberts, 4209 NE 13TH Avenue, Amarillo, Texas
Kristy Easley, 2708 N. Oak Drive, Amarillo, Texas
Deborah Ann Easley, 302 N. Florida, Amarillo, Texas
Merlyn Cilina Rogers, 304 N. Adams Street, Amarillo, Texas
Vernon Lee Richards, 1920 NW 12TH Avenue, Amarillo, Texas
Kimiko Michelle Coleman, 1920 NW 12TH Avenue, Amarillo, Texas
Lavern Coleman Busby, 3016 SW 27TH Avenue, Amarillo, Texas
Jessie Dwayne Poisel, 303 SW 26TH Avenue, Amarillo, Texas
Samantha Anne Poisel, 903 S. Jefferson Street # B, Amarillo, Texas
Jerry Frank Harvey, 6403 S. Tarrington Drive, Amarillo, Texas
Sammy Lawrence Houston, 305 N. Van Buren Street # B, Amarillo, Texas
Darren Lee Podhorsky, 601 SE 35TH Street, Oklahoma City, Oklahoma
Carlyce Alonzo Black, 1313 49TH Street, Lubbock, Texas
Ardatha Jean White, 5109 S. Theda Drive, Amarillo, Texas
Rodney Earl Asberry, 321 Hickory Street, Amarillo, Texas

Carl Clinton Storey, 602 N. Washington, Amarillo, Texas
Jim Andrew Paslay, 2747 Duniven Circle, Amarillo, Texas
Susan Denise Dockery, 3514 Carlton Street, Amarillo, Texas
James Asbury Graham, 2747 Duniven Circle, Amarillo, Texas
Jess Willard Stout, 3639 Doris Drive, Amarillo, Texas
James Calvin Gibbs, 604 No Mirror Street, Amarillo, Texas
Ivory Nickles, 604 N. Washington, Amarillo, Texas
Lonnell Goins, 2604 Fisher, Plainview, Texas


Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 9th day of September, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing notice to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

144

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR CHANGE OF VENUE

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files, his motion for change of venue. In support of this motion, Defendant shows as follows:

1.

Defendant is indicted for the offense of capital murder. The State has announced its intention to seek the death penalty. Jury selection is scheduled to begin on September 29, 2005.

2.

Venue for this cause rests in Tarrant County, Texas. However, there exits in that county so great a prejudice against Defendant that he cannot obtain the fair and impartial trial to which he is entitled under the law.

3.

The bases for this prejudice include, but are not limited to, significant pretrial publicity which enjoyed widespread circulation in the community and which was adverse to Defendant; the severity and notoriety of the offense; and the prominence of the victim.

Motion # 25

145

4.

Tarrant County is in the Eighth Administrative Region of Texas. Other counties located in that region/district and adjoining districts are served by some or all of the same media outlets that serve Tarrant County. Accordingly, transfer to a county outside this district and beyond an adjoining district is necessary.

5.

Attached to this motion are affidavits of two credible persons who are residents of Tarrant County, Texas. (Exhibit A., Exhibit B.)

6.

Defendant makes this request based upon his rights pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the *United States Constitution*; Article I, §§ 10, 13, 15, and 19 of the *Texas Constitution*; Chapter 31, *Texas Code of Criminal Procedure*; and such other rights as accorded Defendant under the laws of the United States and the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the court order as follows:

a.    that a pre-trial hearing on this motion be conducted prior to the commencement of individual jury questioning on October 3, 2005;

b.    that at such hearing the court consider evidence and argument of counsel regarding this motion;

c.    that at the conclusion of such hearing that the court find the representations made by Defendant in regard to this motion are well-founded and that the ends of public justice will be subserved by granting a change of venue of this cause;

d.    that such change of venue be to a district outside this district and beyond any adjoining district;

146

e.   that the trial of this cause be continued until such time as suitable arrangements can be made for the transfer of this cause; and

f.   that such other relief as appropriate be granted.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

147

THE STATE OF TEXAS §

COUNTY OF TARRANT §

BEFORE ME, the undersigned authority, on this day personally appeared EDWARD LEE BUSBY, JR., who after being duly sworn, under oath, says:

"My name is EDWARD LEE BUSBY, JR. I am the same EDWARD LEE BUSBY, JR., who is the Defendant in the foregoing motion for change of venue. I have read that motion, have discussed the motion with my attorneys, and hereby state that the allegations set forth in the motion are true and correct. I further state that I wish the court to transfer the trial of my case in accordance with the relief sought in the motion."

EDWARD LEE BUSBY, JR.

SUBSCRIBED AND SWORN TO BEFORE ME, this the 20th day of September, 2005.



DEBORAH K. FITZPATRICK
MY COMMISSION EXPIRES
August 19, 2009

NOTARY PUBLIC, STATE OF TEXAS

148

## CERTIFICATE OF CONFERENCE

A telephone conference was held on September 19, 2005, with Mr. Gregory T. Miller,

Assistant District Attorney, on the merits of this Motion. Mr. Miller OBJECTS to the motion.

## CERTIFICATE OF SERVICE

On this the _____ day of September, 2005, I hereby certify that a true and correct copy of the

foregoing motion for change of venue was personally delivered to Mr. Gregory T. Miller, Assistant

District Attorney, at 401 West Belknap Street, Fort Worth, Texas 76102.

149

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the _____ day of _____, 2005, came on to be heard the foregoing Motion, and the Court having heard such Motion, it is hereby ordered that such Motion be GRANTED / DENIED _____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the _____ day of _____, 2005.

_____
JUDGE PRESIDING

150

NO. 0920589A

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 2 1 2005

TIME ___3:53 pm___
BY_____DEPUTY

THE STATE OF TEXAS     *     IN CRIMINAL DISTRICT

V.     *     COURT NUMBER TWO

EDWARD LEE BUSBY JR.     *     TARRANT COUNTY, TEXAS

## AFFIDAVIT IN SUPPORT OF MOTION FOR CHANGE OF VENUE

THE STATE OF TEXAS     §
    §
COUNTY OF TARRANT     §

*BEFORE ME*, the undersigned authority, on this day personally appeared Larry M. Moore, who after being duly sworn stated:

"My name is Larry M. Moore, and I am an attorney at law, duly licensed to practice in the State of Texas. I am a resident of Tarrant County, Texas, the county in which the case of the *State of Texas v. Edward Lee Busby, Jr.* is currently pending. I am aware of the contents of the Defendant's Motion for Change of Venue in the above-entitled and numbered cause, and I state upon my oath that in my opinion, the Defendant cannot obtain a fair and impartial trial in Tarrant County, Texas. The Defendant is unable to receive a fair trial due to inflammatory and prejudicial newspaper articles and radio and television broadcasts concerning the Defendant which have created so great a prejudice against the Defendant in Tarrant County, Texas, that a fair trial is not possible."

LARRY M. MOORE, Affiant

*SUBSCRIBED* and *SWORN TO BEFORE ME* on this 20th day of September, 2005.

KIMBERLY MOORE
NOTARY PUBLIC
STATE OF TEXAS
My comm. Exp 5-31-2006

NOTARY PUBLIC IN & FOR THE STATE OF TEXAS

**EXHIBIT A**

151

FILED
THOMAS A. WILDER ST. CLERK
TARRANT COUNTY, TEXAS

SEP 2 1 2005

NO. 0920589A

TIME 3:53 pm

BY_____ NK DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY JR. | § | TARRANT COUNTY, TEXAS |

## AFFIDAVIT IN SUPPORT OF MOTION FOR CHANGE OF VENUE

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned authority, on this day personally appeared Michael Logan Ware, who after being duly sworn stated:

"My name is Michael Logan Ware, and I am an attorney at law, duly licensed to practice in the State of Texas. I am a resident of Tarrant County, Texas, the county in which the case of the *State of Texas v. Edward Lee Busby, Jr.* is currently pending. I am aware of the contents of the Defendant's Motion for Change of Venue in the above-entitled and numbered cause, and I state upon my oath that in my opinion, the Defendant cannot obtain a fair and impartial trial in Tarrant County, Texas. The Defendant is unable to receive a fair trial due to inflammatory and prejudicial newspaper articles and radio and television broadcasts concerning the Defendant which have created so great a prejudice against the Defendant in Tarrant County, Texas, that a fair trial is not possible."

MICHAEL LOGAN WARE, Affiant

SUBSCRIBED and SWORN TO BEFORE ME on this 20th day of September, 2005.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

JENA E PARKER
My Commission Expires
July 16, 2009

EXHIBIT B.

152

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## ORDER

On this the 26th day of September, 2005, came on Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and requested that the court appoint an investigator to assist in the preparation and trial of said cause. The court, having considered the motion, and having found that Defendant is an indigent person and without funds to hire and pay for such investigator is of the opinion that the motion should in all things be GRANTED.

Accordingly, IT IS ORDERED that FRED PENDERGRAF, be appointed as investigator for the purpose of assisting counsel in this cause. This is his authority to investigate and seek tangible or testamentary evidence from all witnesses having any knowledge of Defendant and also to seek and compile any and all types of records and information that may be necessary for the preparation of this case.

A copy of this Order shall be deemed to have the full force and effect as the original.

This Order shall continue in full force and effect until further Order of the court.

Signed this the 26th day of September, 2005.

_____
JUDGE PRESIDING

153

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 29th day of September, 2005, came on Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and requested that the court appoint a mitigation specialist to assist in the preparation and trial of said cause. The court, having considered the motion, and having found that Defendant is an indigent person and without funds to hire and pay for such specialist is of the opinion that the motion should in all things be GRANTED.

Accordingly, IT IS ORDERED that LINDA SANDERS, be appointed as a mitigation specialist for the purpose of assisting counsel in this cause. This is her authority to investigate and seek tangible or testamentary evidence from all witnesses having any knowledge of Defendant and also to seek and compile any and all types of records and information that may be necessary for the preparation of this case.

A copy of this Order shall be deemed to have the full force and effect as the original.

This Order shall continue in full force and effect until further Order of the court.

Signed this the 29th day of September, 2005.

_____
JUDGE PRESIDING

154

Case No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | CRIMINAL DISTRICT COURT |
| vs. | § | TWO OF |
| EDWARD LEE BUSBY JR. | § | TARRANT COUNTY, TEXAS |

## THE STATE OF TEXAS

To the Sheriff or any Constable of TARRANT County, Greeting:

YOU ARE HEREBY COMMANDED to deliver to EDWARD LEE BUSBY JR., the defendant in above entitled cause, the accompanying certified copy of the names of persons summoned by Venire Facias to serve as Jurors on trial of said cause.

HEREIN FAIL NOT, but of this writ make due return, showing how you have executed the same.

WITNESS my hand and seal of office, this date of September 27, 2005.

Thomas A. Wilder Clerk,
CRIMINAL DISTRICT COURT TWO
TARRANT COUNTY, TEXAS

By _____, Deputy

155

SHERIFF'S RETURN

Came to hand on the _27_ day of _Sept_ _____, 2005 at _15:46_ o'clock
_P_ M., by delivering to _Edward Lee Busby JR/ Jack Strickland_ .
the within named defendant, in person, at _401 W. Belknap_ _____
a certified copy of the names of persons summoned to serve as Jurors on the trial of the
within named cause as herein commanded.

_Dee Anderson_ _____ Sheriff

_Tarrant_ _____ County,

By _R Ward_ _____ Deputy

---

Case No. 0920589A

---

THE STATE OF TEXAS
vs.
EDWARD LEE BUSBY JR.

---

PRECEPT TO SERVE COPY
OF NAMES OF JURORS
SUMMONED BY VENIRE FACIAS

---

Issued this date of September 27, 2005

Thomas A. Wilder, Clerk

By _____ Deputy

---

Case 4:09-cv-00160-O   Document 125   Filed 05/04/26   Page 164 of 286   PageID 6025

Cause No. 0920589A

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY TEXAS

SEP 27 2005

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | TH... CRIMINAL DISTRICT |
| | § | BY |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S MOTION TO QUASH ARRAY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this, his motion to quash array. In support of said motion, Defendant would show the court the following:

1.

Defendant is indicted for capital murder. The State is seeking the death penalty. ("Exhibit A"). The jury array is ordered to appear at 8:30 a.m., Thursday, September 29, 2005.

2.

The law of the State of Texas requires in part that

> "(n)o defendant in a capital case in which the State seeks the death penalty shall be brought to trial until he shall have had at least two days (including holidays) a copy of the names of the persons summoned as veniremen, for the week for which his case is set for trial except when he waives the right or is on bail." Art. 34.04, *Texas Code of Criminal Procedure*

3.

Defendant is incarcerated. Defendant does not waive his right to notice of the list.

4.

At the time of the filing of this motion, it is less than two days prior to the time the jury array

Motion # 26

157

is scheduled to appear. Neither Defendant nor his counsel have been served with a list of veniremen.

5.

The right of a capital defendant to have the names of summoned jurors is a valuable right and a mandatory obligation upon the court. To deprive Defendant of this right will serve to deprive him of his rights guaranteed him by the Fifth, Sixth, Eighth and Fourteenth Amendments to the *United States Constitution*, Art. I, §§ 10, 15, and 19 of the *Texas Constitution*, and various applicable provisions of the *Texas Code of Criminal Procedure.*

WHEREFORE, PREMISES CONSIDERED, Defendant requests the court quash the array summoned to appear at 8:30 a.m., Thursday, September 29, 2005, at the central jury room, Tarrant County, 401 West Belknap Street, Fort Worth, Tarrant County, Texas. Further, that the court order the district clerk of Tarrant County, Texas to summon a new jury panel in accordance with applicable provisions of both the *Texas Code of Criminal Procedure* and the *Texas Government Code*, as well as plans approved by the Tarrant County Commissioner's court in strict accordance with § 62.011, *Texas Government Code*. Further, Defendant requests all other relief to which he may be entitled.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020
E-mail: jvs1943@aol.com

JACK V. STRICKLAND
State Bar No. 19397000

158

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT


| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned authority, on this day personally appeared JACK V. STRICKLAND, who after being duly sworn, deposes and says:

"My name is JACK V. STRICKLAND. I am the same JACK V. STRICKLAND who is the attorney of record for EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause. The allegations set forth in the foregoing motion are true and correct. In particular, neither Defendant, nor STEPHEN GORDON, co-counsel in this case, nor I, nor anyone else acting in behalf of any of those named persons, have been served or in any other manner received a copy of the names of persons summoned as veniremen for this cause."


JACK V. STRICKLAND

SUBSCRIBED AND SWORN TO BEFORE ME, this the 27 day of September, 2005.


DEBORAH K. FITZPATRICK
MY COMMISSION EXPIRES
August 19, 2009

NOTARY PUBLIC, STATE OF TEXAS

159

## CERTIFICATE OF SERVICE

On this the _27_ day of September, 2005, I hereby certify that a true and correct copy of

the foregoing motion to quash array was personally delivered to Mr. Gregory T. Miller, Assistant

District Attorney, 401 West Belknap Street, Fort Worth, Texas 76196.

## CERTIFICATE OF CONFERENCE

A telephone conference was held on September _27_, 2005, with Mr. Gregory Miller,

Assistant District Attorney, on the merits of this Motion. Mr. Miller does/~~does not~~ object.

160

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S NOTICE OF INTENT TO SEEK THE DEATH PENALTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and hereby gives notice to the Court that the death penalty will be sought in the above numbered and styled case.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 0 7 2005

TIME_____
BY_____ DEPUTY·

COPY

EXHIBIT A

<u>CERTIFICATE OF SERVICE</u>

I, Gregory T. Miller, hereby certify that I have on this the 7th day of September, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing notice to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

162

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 27th day of _September_, 2005, came on to be heard the foregoing motion, and the Court having heard such motion, it is hereby ordered that such motion be GRANTED / DENIED _Denies Summons Friday September 30, 2005 within time period for Art 34.04_

SIGNED and ENTERED on this the 27th day of _September_, 2005.

_____

JUDGE PRESIDING

163

FILED
WILDER
TARRANT COUNTY, TEXAS

SEP 2 7 2005

TIME _____
BY _____ DEPUTY

Cause No. 0920589A

THE STATE OF TEXAS                    §
                                      §
VS.                                   §
                                      §
EDWARD LEE BUSBY, JR.                 §

IN CRIMINAL DISTRICT

COURT NUMBER TWO

TARRANT COUNTY, TEXAS

## DEFENDANT'S MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this, his motion for continuance. In support of said motion, Defendant would show the court the following:

1.

That Defendant is charged by indictment with the offense of capital murder. The State is seeking the death penalty.

2.

That a regular venire was summoned pursuant to Art. 34.01, *Texas Code of Criminal Procedure*. Said venire was ordered to appear at the central jury room, 401 West Belknap Street, Fort Worth, Tarrant County, Texas 76196 at 8:30 a.m., Thursday, September 29, 2005.

3.

That Art. 34.04, *Texas Code of Criminal Procedure* requires that a copy of the names of the venire shall be provided Defendant at least two days prior to the trial of a death penalty case. That has not been done in this case. Defendant has by separate motion filed a motion to quash the array based upon this failure.

Motion # 27

164

4.

That Defendant herein insists on his right to receive the names of venire persons pursuant to Art. 34.04, *Texas Code of Criminal Procedure*. Invocation of that right will necessarily delay the trial of this cause until qualified venire persons can be properly summoned and Defendant can be properly served with a list of those venire persons.

5.

That this motion is not made solely for purposes of delay, but in order that justice may be done.

6.

That to deny this motion will serve to deprive Defendant of the rights guaranteed him by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the *United States Constitution*, Art. I, §§ 10, 15, 19 of the *Texas Constitution*, and various applicable provisions of the *Texas Code of Criminal Procedure*.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the court grant this motion for continuance, and reset this case for a time which allows for the proper summoning of a venire and the proper notice to Defendant of the names of those summoned. Further, Defendant requests all other relief to which he may be entitled.

165

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


/s/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

166

## CERTIFICATE OF SERVICE

I hereby certify that on September __27__, 2005, a true and correct copy of the foregoing

Defendant's motion for continuance was personally delivered to Mr. Gregory T. Miller, Assistant

District Attorney, 401 West Belknap Street, Fort Worth, Texas 76196.

## CERTIFICATE OF CONFERENCE

A telephone conference was held on September __27__, 2005, with Mr. Gregory Miller,

Assistant District Attorney, on the merits of this motion. Mr. Miller does/does not object.

167

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 27 day of _September_ , 2005, came on to be heard the foregoing motion, and the Court having heard such motion, it is hereby ordered that such motion be GRANTED / ~~DENIED~~ having summons Friday September 30, 2005, this satisfies art 340Y.

SIGNED and ENTERED on this the 27th day of _September_ , 2005.

_____
JUDGE PRESIDING

168

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S DESIGNATION OF EXPERT WITNESSES

Sergeant Everett Baxter
Sergeant David Evans
Oklahoma City Police Department
701 Colcord Drive
Oklahoma City, Oklahoma 73102

Dr. Jeff Gofton
John Miller
Office of the Chief Medical Examiner
904 N. Stonewall
Oklahoma City, Oklahoma 73117-1218

Particia Eddings
Kelly Belcher
Bill Bailey
Constance Patton
Carolyn Van Winkle
Tarrant County Medical Examiner's Office
Criminalistics Laboratory
200 Feliks Gwozdz Place
Fort Worth, Texas 76104-4919

Max Courtney
Tom Eakas
Frank Shiller
Forensic Consultant Services
1216 S. Henderson Street
Fort Worth, Texas 76104

Charles Kaiser
Tarrant County Sheriff's Department
100 N. Lamar
Fort Worth, Texas 76102

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 2 8 2005

TIME 9:53 am
BY NS DEPUTY

169

Brad Patterson
Jim Varnon
Harold Gass
Robert Presney
Cheryl Johnson
Mike Carroll
Fort Worth Police Department
350 W. Belknap
Fort Worth, Texas 76102

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 27th day of September, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

170

THOMAS A. WI██ DIST. CLERK
TARRANT C████ TY. TEXAS

SEP 2 8 2005

NO. 0920589A

TIME___9 ૩\o૪__

THE STATE OF TEXAS          §        IN THE CRIMINAL DISTRICT ᴵᵁˢ ___DEPUTY
                           §
                           §        COURT NUMBER TWO
VS.                        §
                           §
EDWARD LEE BUSBY, JR.       §        TARRANT COUNTY, TEXAS

## STATE'S FILING OF CONTROVERTING AFFIDAVITS PURSUANT TO ART. 31.04 ON DEFENDANT'S MOTION FOR CHANGE OF VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Clerk of the Court affidavits that controvert the affidavits filed by the Defendant and others claiming that he cannot receive a fair trial in Tarrant County, Texas on these allegations. These controverting affidavits are filed pursuant to Article 31.04 of the Code of Criminal Procedure. The affidavits were made by Judy D. Miller and Ray Stewart, both residents of Tarrant County.

WHEREFORE, the State of Texas says that the Defendant in this cause can obtain a fair trial of this case in Tarrant County, Texas, and requests this Court to deny the Defendant's Motion For Change of Venue.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

171

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 28th day of September, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

172

NO. 0920589A

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## AFFIDAVIT CONTROVERTING
## DEFENDANT'S MOTION FOR CHANGE OF VENUE

| THE STATE OF TEXAS | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned authority, on this day personally appeared Judy D. Miller, who, upon her oath stated as follows:

"My name is Judy D. Miller and I am a resident of Tarrant County, Texas. I have worked as a Court Reporter in the Criminal Courts of Tarrant County since 1978. I have read the affidavits in support of Defendant's Motion For Change Of Venue in this case. The means of knowledge of the Affiants of the affidavits are insufficient to support and justify their statements that the Defendant cannot receive a fair and impartial trial in Tarrant County. The media coverage was not inflammatory or prejudicial. No prejudice exists against the Defendant in Tarrant County, Texas. He can get a fair trial here.

Further, Tarrant County is a large metropolitan area with a population exceeding one million residents. From this large base, I believe the Defendant can receive a fair and impartial trial in Tarrant County, Texas."

_____
Affiant

Subscribed and sworn to before me, this 26th day of September, 2005.

_____
Notary Public in and For the State of Texas

LISA G MORTON
NOTARY PUBLIC
State of Texas
Comm. Exp. 10-25-2007

173

NO. 0920589A

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

### AFFIDAVIT CONTROVERTING
### DEFENDANT'S MOTION FOR CHANGE OF VENUE

THE STATE OF TEXAS    §
COUNTY OF TARRANT    §

BEFORE ME, the undersigned authority, on this day personally appeared Ray Stewart, who, upon his oath stated as follows:

"My name is Ray Stewart and I am a resident of Tarrant County, Texas. I am 68 years of age and retired. I have read the affidavits in support of Defendant's Motion For Change Of Venue in this case. The means of knowledge of the Affiants of the affidavits are insufficient to support and justify their statements that the Defendant cannot receive a fair and impartial trial in Tarrant County. The media coverage was not inflammatory or prejudicial. No prejudice exists against the Defendant in Tarrant County, Texas. He can get a fair trial here.

Further, Tarrant County is a large metropolitan area with a population exceeding one million residents. From this large base, I believe the Defendant can receive a fair and impartial trial in Tarrant County, Texas."

_____
Affiant

Subscribed and sworn to before me, this __27ᵗʰ__ day of September, 2005.

FRIEDA JEAN McMILLIN
Notary Public
STATE OF TEXAS
My Comm. Exp. 04/07/2009

_____
Notary Public in and For the State of Texas

174

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 2 9 2005

Time _____ 9:56A
By _____ Deputy

CASE NO. _____0920589A_____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE __Criminal__ |
| | § | |
| VS. | § | DISTRICT COURT __# 2__ |
| | § | |
| Edward Lee Busby Jr | § | TARRANT COUNTY, TEXAS |

### AGREEMENT ALLOWING JURY TO SEPARATE

Comes now the Attorney for the state, the Attorney for the Defendant and the Defendant in the above styled and numbered cause, in open Court and state that they have no objection to the Court allowing the jury to separate after the jury has begun its deliberations in either the guilt or punishment phase of the trial; and further, that each has no objection and agree that if the jury should write a note requesting any information from the Court, that the Court may send its answer into the jury room for the jury, after giving all parties an opportunity to make objections, if any, to the same, without the necessity of bringing the jury into open Court. Provided however, that THE STATE & Defendant reserves the right to withdraw this agreement unilaterally.


_____
DEFENDANT

_____  19397000
ATTORNEY FOR DEFENDANT

_____  00765918
J. T. Hill
ATTORNEY FOR THE STATE


175

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 2 9 2005

Time ___ 9:56A
___ ML ___ Deputy

CASE NO. 0920589 *

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § | IN THE |
| VS. | § § | DISTRICT COURT |
| Edward Lee Busby, Jr | § § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR ASSESSMENT OF PUNISHMENT

Comes now the Defendant herein, with his attorney, , and PRIOR to entering a plea to the allegations contained in the indictment in the above styled and numbered cause, HEREBY REQUESTS that the punishment, if any, be assessed by the

* _Jury_ .

Executed this 29 day of September , 2005.

_____
DEFENDANT

_____ 19397000
ATTORNEY FOR DEFENDANT

_____ 00785918

FILED

*insert either "Judge" or "Jury"

176

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

### DEFENDANT'S MOTION FOR ATTACHMENT OF ABSENT SUMMONED JURORS

SEP 3 0 2005

TIME _____ 3:00P

BY _____ DEPUTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this, his motion for attachment of absent summoned jurors. In support thereof Defendant would show the court as follows:

1.

That Defendant is charged by indictment with the offense of capital murder. The State is seeking the death penalty.

2.

That a regular venire in this cause was summoned pursuant to Art. 34.01, *Texas Code of Criminal Procedure*. Said venire was ordered to appear at the central jury room, 401 West Belknap Street, Fort Worth, Tarrant County, Texas 76196, at 1:30 p.m., Friday, September 30, 2005.

3.

That numerous venirepersons, although properly summoned in accordance with applicable Texas statutes, wholly failed to appear, obtain a proper excuse, or obtain a proper postponement of their jury service obligation. Those absent summoned jurors are more specifically set forth and identified in "Exhibit A" attached hereto.

Motion # 30

177

4.

That in order to obtain a jury from a full, fair, and impartial cross-section of the community, Defendant requests that the court issue a writ of attachment for each and every one of the absent summoned jurors set out in "Exhibit A". Defendant further requests that said writ of attachment direct the Sheriff of Tarrant County, Texas, or his designated deputy or deputies, to diligently and promptly seek out and serve the writ on each and every absent summoned juror whom the Sheriff is able to locate, directing said juror to appear at the central jury room, 401 West Belknap Street, Fort Worth, Texas 76196, at 8:30 a.m., Monday, October 3, 2005.

5.

That should any such absent summoned juror, though properly and duly ordered by the court to appear in response to its summons and writ of attachment fail to appear as ordered, or in the alternative fail to obtain a proper excuse or obtain a postponement, Defendant requests that the court order the Sheriff to instanter take said juror into custody and deliver him or her to the central jury room, 401 West Belknap Street, Fort Worth, Tarrant County, Texas 76196, at 8:30 a.m., Monday, October 3, 2005.

6.

That to deny this motion will serve to deprive Defendant of the rights guaranteed him by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the *United States Constitution*, Art. I, §§ 10, 15, and 19 of the *Texas Constitution*, and various applicable provisions of the *Texas Code of Criminal Procedure*.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the court grant this request for writs of attachment for absent summoned jurors in this cause. Further, that such writs

178

issue promptly and be served promptly, and that said summoned jurors be ordered to appear before the court at the designated place at 8:30 a.m., Monday, October 3, 2005. Further, Defendant requests all other relief to which he may be entitled.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020

JACK V. STRICKLAND
State Bar No. 19397000

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

/S/ Stephen Gordon
STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

179

CERTIFICATE OF CONFERENCE

A telephone conference was held on September 30, 2005, with Mr. Gregory Miller,

Assistant District Attorney, on the merits of this motion. Mr. Miller does/~~does not~~ object.

CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2005, a true and correct copy of the foregoing

Defendant's motion for attachment of absent summoned jurors was personally delivered to Mr.

Gregory Miller, Assistant District Attorney, 401 West Belknap Street, Fort Worth, Texas 76196.

9/30/05

180

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## ORDER

On this the __30__ day of September, 2005, came on to be heard Defendant's motion for attachment of absent summoned jurors. The court, having heard the evidence and considered the argument of counsel, is of the opinion that the same should be and is hereby GRANTED.

It is accordingly ORDERED that the clerk of the court shall forthwith prepare and deliver to the Sheriff of Tarrant County, Texas, writs of attachment for the heretofore designated absent jurors summoned in this cause. Upon receipt of said writs of attachment, the Sheriff of Tarrant County, Texas, or his duly authorized deputy or deputies shall forthwith promptly serve said writs on the appropriate absent summoned jurors, directing said jurors to appear in strict accordance with the requirements of the writ. In the event the deputy sheriff is unable to serve said writ of attachment on said juror, the deputy shall fully and accurately report the circumstances surrounding his failure to the court. Further, the deputy sheriff is ORDERED to follow all other such directives relating to the service and return of the foregoing writs of attachments as the court in its discretion may deem appropriate.

SO ORDERED.

Signed on _____ 30 __, 2005.

_____
JUDGE PRESIDING

181

Cause No. 0920589A

| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S UNOPPOSED MOTION TO SELECT DEATH PENALTY JURY BY MEANS OF EXERCISING RETROACTIVE PEREMPTORY STRIKES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR., Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this, his unopposed motion to select death penalty jury by means of exercising retroactive peremptory strikes. In support of said motion, Defendant would show the court the following:

1.

That Defendant is indicted for capital murder. The State has announced that it seeks the death penalty. Voir dire of the venirepersons is set to be at 8:30 a.m., Tuesday, October 4, 2005. Examination of the prospective jurors will be conducted individually and apart from the entire panel. Art. 35.17(2), *Texas Code of Criminal Procedure.*

2.

That in capital cases it is customary for peremptory strikes to be made, not at the conclusion of voir dire, but after each venireperson has been individually questioned. *See*, Art. 35.13, *Texas Code of Criminal Procedure.*

Motion # 31

182

3.

That Defendant requests that an alternate procedure be utilized in this cause. In effect, Defendant requests that both sides be allowed to exercise their peremptories retroactively. The procedure which Defendant proposes would allow the individual questioning of venirepersons in order to build a qualified jury list or "mini-panel". No action would be taken on individuals except for challenges for cause or such discharge of venirepersons as may from time to time be agreed upon by the parties and approved by the court. After no less than 50 persons have been questioned and qualified, the parties will then make their strikes, objections, and requests much the same as in a non-capital case.

4.

That this procedure has frequently been employed, not only in Tarrant County, but in other counties throughout Texas. "Although this practice varies from the statutory procedure for capital cases...the procedure controlling the order and timing of the exercise of peremptory strikes is not an absolute requirement." *Busby v. State*, 990 S.W.2d 263, 268 (Tex.Crim.App. 1999). The proposed practice allows both sides to view the entire qualified panel and make more sensible and circumspect use of their peremptory strikes.

5.

That the State of Texas has no objection to this motion.


WHEREFORE, PREMISES CONSIDERED, Defendant requests that the court approve the procedure as outlined above and allow both sides to exercise their peremptory strikes retroactively.

183

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:  817-338-1000
Telecopier:  817-338-1020
E-mail: jvs1943@aol.com


JACK V. STRICKLAND
State Bar No. 19397000


BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM


STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

184

THE STATE OF TEXAS                    §

COUNTY OF TARRANT                     §

"My name is EDWARD LEE BUSBY, JR.  I am the Defendant in the above-styled and numbered cause.  I waive my right to select the jury in this cause in strict accordance with the procedure set forth in the Texas Code of Criminal Procedure, and instead ask that the court approve the alternate procedure which my attorneys have requested in this motion."

EDWARD LEE BUSBY, JR., Defendant

185

CERTIFICATE OF CONFERENCE

A telephone conference was held on October 4, 2005, with Mr. Gregory Miller, Assistant District Attorney, on the merits of this motion. Mr. Miller does/does not object.

CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2005, a true and correct copy of the foregoing Defendant's unopposed motion to select death penalty jury by means of exercising retroactive peremptory strikes was personally delivered to Mr. Gregory T. Miller, Assistant District Attorney, 401 West Belknap Street, Fort Worth, Texas 76196.

186

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## O R D E R

On this the 4th day of _____October_____, 2005, came on to be heard the foregoing motion, and the Court having heard such motion, it is hereby ordered that such motion be GRANTED / ~~DENIED~~ _____

_____

_____

_____

_____

_____

*SIGNED* and *ENTERED* on this the 4th day of _____October_____, 2005.

_____
JUDGE PRESIDING

187

Cause No. 0920589A

OCT 06 2005   OCT   6 2005

Time

By                    Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S MOTION TO APPOINT PSYCHOLOGIST TO ASSIST IN EVALUATION, PREPARATION AND PRESENTATION OF DEFENSE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LEE BUSBY, JR, Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and files this, his motion to appoint a psychologist to assist in the evaluation, preparation, and presentation of defense. In support thereof, Defendant shows the court as follows:

1.

That Defendant is indigent. He cannot afford to hire a psychologist to assist in the evaluation, preparation, and presentation of his defense. Because of Defendant's indigency, counsel was appointed by this court.

2.

That Defendant in this cause has been indicted for and is currently on trial for the offense of capital murder. Further, that the State of Texas has announced to Defendant, the court, and the prospective jurors that it is seeking the death penalty.

3.

That in each and every case in Texas where the State seeks the death penalty and where the defendant is convicted of capital murder, the jury must decide whether there is a probability that the defendant will commit criminal acts of violence that would constitute a continuing threat to society.

Motion # 32

188

Thus future dangerousness is *always* in issue in a prosecution such as the case at bar. If the jury returns an affirmative answer to that issue, the jury shall then consider whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed. Accordingly, the jury shall *always* consider the existence of and weight to be given mitigating evidence in a death penalty case. Art. 37.071(2)(b)(1) and 2(e), *TEX. CODE CRIM. PROC.* (1965). Therefore, the services of an experienced, competent psychologist are necessary for Defendant to evaluate, prepare and present mitigating evidence. See, *Ake v. Oklahoma*, 470 U.S. 68 (1985). By virtue of these circumstances, and the State's announced intention to seek the death penalty, Defendant has made a threshold showing of his need for an expert regarding Special Issues 1 and 2.

4.

That neither Defendant nor his counsel is sufficiently knowledgeable regarding the science of psychology to determine and assess the precise significance of Defendant's psychological condition, or of the mitigating evidence available in this case. In addition, a psychologist is a vital expert who can and will assist the mitigation expert in the marshaling of information necessary to the resolution of Special Issues 1 and 2.

5.

That the services of a psychologist are necessary to enable Defendant to prepare effectively for trial, present evidence in his own behalf, and to cross-examine the State's witnesses. The evidence which will be the subject of expert opinion is critical to a determination of Special Issue 1 and Special Issue 2, as more fully set out in this motion.

6.

That if Defendant is not provided with the expert assistance which this motion seeks, he will be deprived of due process, due course of law, and equal protection of the law, the effective assistance of counsel, the right to confront witnesses against him, the right to a fair and impartial trial, the right to present evidence on his own behalf, and the right to explain or deny evidence presented against him in the punishment phase, all in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, §§ 10, 13, and 19 of the Texas Constitution, and applicable provisions of the Texas Code of Criminal Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this court order that he be provided with sufficient funds to retain one or more competent psychologists of his choosing to assist Defendant in the investigation, evaluation, preparation and presentation of the case at bar.

Respectfully submitted,

LAW OFFICES OF JACK V. STRICKLAND
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: 817-338-1000
Telecopier: 817-338-1020


JACK V. STRICKLAND
State Bar No. 19397000

190

BEASLEY, CURETON & GORDON
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102
Telephone: 817-338-1877
Telecopier: 817-338-1910
E-mail: SGORDON@BCGLAWFIRM.COM

STEPHEN GORDON
State Bar No. 00785918

ATTORNEYS FOR DEFENDANT

191

STATE OF TEXAS                    §            **AFFIDAVIT**

COUNTY OF TARRANT                 §

BEFORE ME, the undersigned authority, on this day personally appeared JACK V. STRICKLAND, who after being duly sworn stated:

"My name is JACK V. STRICKLAND. I am the attorney for Defendant in the above-styled and numbered cause. I have read the foregoing motion to appoint psychologist to assist in evaluation, preparation and presentation of defense and swear that all of the allegations of fact contained therein are true and correct."

_____
JACK V. STRICKLAND

SUBSCRIBED AND SWORN TO BEFORE ME, this the 5th day of October, 2005.

_____
NOTARY PUBLIC, STATE OF TEXAS

DEBORAH K. FITZPATRICK
MY COMMISSION EXPIRES
August 19, 2009

192

## CERTIFICATE OF SERVICE

On this the ___6___ day of October, 2005, I hereby certify that a true and correct copy of the foregoing motion to appoint psychologist to assist in evaluation, preparation and presentation of defense was forwarded to Mr. Gregory T. Miller, Assistant District Attorney, 401 West Belknap Street, Fort Worth, Texas 76196, by personal delivery.

193

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT |
| | § | |
| | § | COURT NUMBER TWO |
| VS. | § | |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## **ORDER**

On this the _____ day of _____, 2005, came on Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and requested that the court appoint a psychologist to assist in the preparation and trial of said cause. The court, having considered the motion, and having found that Defendant is an indigent person and without funds to hire and pay for such psychologist is of the opinion that the motion should in all things be GRANTED.

Accordingly, IT IS ORDERED that TIM PROCTOR, be appointed as psychologist for the purpose of assisting counsel in this cause. This is his authority to investigate and seek tangible or testamentary evidence from all witnesses having any knowledge of Defendant and also to seek and compile any and all types of data, records, and information that may be necessary for the preparation of this case.

A copy of this Order shall be deemed to have the full force and effect as the original.

This Order shall continue in full force and effect until further Order of the court.

Signed this the _____ day of _____, 2005.


_____
JUDGE PRESIDING

194

Cause No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § § | IN CRIMINAL DISTRICT |
| | § | COURT NUMBER TWO |
| VS. | § | |
| | § | TARRANT COUNTY, TEXAS |
| EDWARD LEE BUSBY, JR. | § | |

## ORDER

On this the 10th day of October, 2005, came on Defendant in the above-styled and numbered cause, by and through his court-appointed attorneys of record, JACK V. STRICKLAND and STEPHEN GORDON, and requested that the court appoint a psychologist to assist in the preparation and trial of said cause. The court, having considered the motion, and having found that Defendant is an indigent person and without funds to hire and pay for such psychologist is of the opinion that the motion should in all things be GRANTED.

Accordingly, IT IS ORDERED that TIM PROCTOR, be appointed as psychologist for the purpose of assisting counsel in this cause. This is his authority to investigate and seek tangible or testamentary evidence from all witnesses having any knowledge of Defendant and also to seek and compile any and all types of data, records, and information that may be necessary for the preparation of this case.

A copy of this Order shall be deemed to have the full force and effect as the original.

This Order shall continue in full force and effect until further Order of the court.

Signed this the 10th day of October, 2005.

_____
JUDGE PRESIDING

195

FILED
THOMAS A. WILDER
TARRANT COUNTY, TEXAS

OCT 1 1 2005

TIME_____1:13 pm_____

BY_____ DEPUTY

NO. 0920589A

THE STATE OF TEXAS      §      IN THE CRIMINAL DISTRICT

     §

VS.      §      COURT NUMBER TWO

     §

EDWARD LEE BUSBY, JR.      §      TARRANT COUNTY, TEXAS

### STATE'S NOTICE PURSUANT TO RULE 404(b) & ARTICLE 37.07 § 3(g)
[Supplemental Notice # 1]

The State of Texas hereby gives notice to the Defendant and his Attorneys of Record of the following convictions, extraneous offenses, or other bad acts.

49.      Location: Tarrant County, Texas
         Date: On or about July 23, 2002
         Victim: Gary Brodelon
         Offense/Bad Act: Assault-Bodily Injury

50.      Location: Tarrant County, Texas
         Date: On or about February 9, 2003
         Victim: State of Texas
         Offense/Bad Act: Possession Controlled substance

51.      Location: Tarrant County, Texas
         Date: On or about May 26, 2003
         Victim: State of Texas
         Offense/Bad Act: Possession of Drug Paraphernalia

52.      Location: Tarrant County, Texas
         Date: On or about August 3, 2003
         Victim: Roseanne Riley
         Offense/Bad Act: Aggravated Assault

53.      Location: Tarrant County, Texas
         Date: On or about August 20, 2003
         Victim: State of Texas
         Offense/Bad Act: Possession Controlled Substance

54.      Location: Tarrant County, Texas
         Date: On or about time period of 2001-2003
         Victim: Heather Patterson
         Offense/Bad Act: Assault - Bodily Injury & Promotion of Prostitution

196

The following offenses and/or bad acts are identified from the Defendant's Tarrant County Jail Records:

55.  Location: Tarrant County, Texas
Date: On or about February 19, 2004
Victim: Tarrant County Jail
Offense/Bad Act: Admitted he was a member of a street gang upon his arrival at the TC jail

56.  Location: Tarrant County, Texas
Date: On or about July 2, 2004
Victim: Deputy R. Barnett # 28892
Offense/Bad Act: Failure To Comply With Order

57.  Location: Tarrant County, Texas
Date: On or about May 18, 2004
Victim: Deputy R. Rios # 29595
Offense/Bad Act: Failure To Comply With Order & Present in an unauthorized area

58.  Location: Tarrant County, Texas
Date: On or about June 10, 2005
Victim: David Burdine
Offense/Bad Act: Busby attacked and fought with Burdine

59.  Location: Tarrant County, Texas
Date: On or about January 13, 2005
Victim: Albert Chazaretta
Offense/Bad Act: Busby fought with Chazaretta

60.  Location: Tarrant County, Texas
Date: On or about May 31, 2004
Victim: Deputy V. Hart # 27053
Offense/Bad Act: Failure to follow order, abusive behavior, and called deputy a 'fucking bitch"

61.  Location: Tarrant County, Texas
Date: On or about October 14, 2004
Victim: Deputy L. Baker # 314
Offense/Bad Act: Jail Staff informed Busby was "bullying people"

62.  Location: Tarrant County, Texas
Date: On or about June 15, 2005
Victim: Tezelle Moore
Offense/Bad Act: Busby fought with Moore

197

63. Location: Tarrant County, Texas
Date: On or about June 15, 2005
Victim: Deputy Denise Hampton # 57413
Offense/Bad Act: Failure To Comply With Order

64. Location: Tarrant County, Texas
Date: On or about August 10, 2005
Victim: Deputy Susan Makanjuola # 56800 - R. Firmin - D. Franklin
Offense/Bad Act: Busby threatened to harm Deputy Makanjuola

65. Location: Tarrant County, Texas
Date: On or about June 24, 2005
Victim: Deputy J. Scott # 59062
Offense/Bad Act: Possession of Contraband - Razor blade

66. Location: Tarrant County, Texas
Date: On or about May 10, 2004
Victim: Deputy J. Stewart # 29841
Offense/Bad Act: Smuggling contraband out of his housing assignment

67. Location: Tarrant County, Texas
Date: On or about June 20, 2004
Victim: Various inmates housed with Busby
Offense/Bad Act: Busby attempting to be a "tank boss" and threatening inmates with violence

68. Location: Tarrant County, Texas
Date: On or about August 22, 2004
Victim: Zary Hicks
Offense/Bad Act: Busby and Hicks fighting

69. Location: Tarrant County, Texas
Date: On or about April 8, 2005
Victim: Deputy C. Simmons # 68524
Offense/Bad Act: Failure To Comply With Order and told Deputy"fuck you"

19. [Additional information pertaining to prior listing # 19]
Location: Potter County, Texas
Date: On or about August 15, 1997
Victim: James Ashbury Graham & Ray Barbosa
Offense/Bad Act: Terroristic Threat & Threatened to kill loss prevention personnel

198

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 11th day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing 404(b) and 37.07 § (g) notice to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

199

No. 0920589A

FILED
TARRANT COUNTY

2005 OCT 17 PM 4: 18

DISTRICT CLERK  K9

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN CRIMINAL DISTRICT |
| | )( | |
| VS | )( | COURT NUMBER TWO |
| | )( | |
| EDWARD LEE BUSBY, JR | )( | TARRANT COUNTY |

## STATE'S APPLICATION TO TAKE DEPOSITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorneys and makes this application to the Court to take the video deposition of the witness Meade Crane and would show as follows:

1.

A good reason exists to take the deposition of the witness Meade Crane, the husband of the deceased. The witness is on oxygen continuously and can only leave his home for extremely limited periods of time. The time required for attendance in court is more than he can tolerate due to the limited supply of oxygen. The health of the witness would be seriously jeopardized if he were required to attend the trial of this case and testify in person. He is in advanced years and is in ill health. The affidavit of Gregory T. Miller, Assistant Criminal District Attorney is attached hereto and made a part hereof by incorporation.

2.

The defendant personally and by and through his attorneys has agreed that the video deposition of said witness should be taken at the residence of Meade Crane without commission or notice and by agreement before an employee of Delores Stewart who is a certified court reporter and notary public. Both the State of Texas and the defendant have

200

agreed that all formalities in the taking of the deposition, other than that said deposition shall be taken under oath, shall be waived pursuant to Art. 39.11, Code of Criminal Procedure. The State and Defendant have further agreed that the objections permitted at the time of the taking of the deposition by the Texas Rules of Civil Procedure shall be made at the time of the taking thereof and that objections to the admissibility of the evidence adduced at said deposition shall be made prior to the commencement of the trial of this cause so as to permit the editing of said video deposition, if necessary.

3.

The undersigned Assistant Criminal District Attorney also states upon his oath that such witness is unable to attend the trial of this case in person due to age and bodily infirmity as set forth herein. The State and Defendant, in person, and by and through his attorneys have agreed that said deposition may be shown or read or both upon the trial of this cause and that said testimony may be considered by the Court and Jury as though the witness were present in person and testifying from the witness stand and that no further predicate pursuant to Article 39.12 need be made.

WHEREFORE, PREMISES CONSIDERED, the STATE OF TEXAS, prays that this Court, grant this application and render its order accordingly.

Respectfully submitted,

Gregory T. Miller
Assistant Criminal District Attorney

Joe Shannon Jr.
Assistant Criminal District Attorney

201

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Application to Take Deposition was personally delivered to Jack Strickland, Attorney for Defendant Edward Lee Busby Jr. on the 17th day of October 2005.

Joe Shannon Jr.

## AGREEMENT

The defendant Edward Lee Busby Jr. and his attorneys hereby certify that they have each read the foregoing Application to Take Deposition and are in agreement with the requests made therein. And Defendant and his attorney's both waive his right to be present at the time of the taking of said Deposition and they further agree that the Court should render its order in accordance with said agreements.

Jack V. Strickland

Steve Gordon

Edward Lee Busby Jr.
Defendant

202

AFFIDAVIT

STATE OF TEXAS

COUNTY OF TARRANT

BEFORE ME, the undersigned authority, on this day personally appeared Gregory T. Miller, known to me to be the person whose name is subscribed hereto, who, upon his oath deposed and said:

"My name is Gregory T. Miller. I am an Assistant Criminal District Attorney in Tarrant County Texas and am one of the prosecutors in the cause in which the application to take the deposition of Meade Crane is made and to which this affidavit is incorporated and made a par thereof.

As a part of my duty and trial preparation, I have personally spoken with and been in the presence of Meade Crane on several occasions. I have also spoken with his daughter Allen Walker regarding Mr. Crane's health and physical limitations. Mr. Crane is tethered to oxygen canisters due to breathing difficulties. He only has a limited supply of oxygen that is portable. I understand and have been advised that a continuous supply of oxygen is required by Mr. Crane in order to sustain life. As a consequence of this bodily infirmity, Mr. Crane is unable to attend the trial of this case. To require him to do so would be seriously injurious to his health. Mr. Crane is a necessary witness in the trial of this case. As a consequence of the forgoing, a video deposition of Meade Crane should be taken at his residence at 4750 Bellaire Drive, South, Fort Worth Texas, on Wednesday, October 19, 2005 before a notary public, a videographer and a certified court reporter and that the same should be read or played or both upon the trial of this cause.

FURTHER AFFIANT SAYETH NOT.

_____
Gregory T. Miller

SWORN TO AND SUBSCRIBED before me the undersigned Notary Public by Gregory T. Miller on this 17th day of October, 2005.

SHERRI WHITFIELD LOCKRIDGE
Notary Public, State of Texas
My Commission Expires
7-15-2009

_____
Notary Public in and for the State
Of Texas

My Commission expires the 15th day of _____, 2009

203

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
OCT 18 2005
9:45
TIME_____CC_____DEPUTY
BY_____

No. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN CRIMINAL DISTRICT |
| | )( | |
| | )( | COURT NUMBER TWO |
| VS | )( | |
| | )( | TARRANT COUNTY |
| EDWARD LEE BUSBY, JR | )( | |

## ORDER FOR TAKING OF DEPOSITION

ON THIS __17Th__ DAY OF OCTOBER, 2005 came on to be heard the application of the STATE OF TEXAS to take the deposition of the witness MEADE CRANE. The Court, after having considered the same and the affidavit attached thereto and the evidence is of the opinion that a good reason exists for the taking of said deposition pursuant to Art 39.01, et seq. Code of Criminal Procedure.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the deposition of MEADE CRANE, a witness for the State be and is hereby ordered taken at 2:30 p.m. on October 19, 2005 before a Notary Public and Certified Court Report from the firm of Delores Stewart and Associates at the residence of said witness 4750 Bellaire Drive, South, Fort Worth Texas. Said deposition shall be both written and videotaped. The court reporter and videographer is ordered to provide a copy of the written transcript and video to attorneys for the State of Texas and Edward Lee Busby Jr. Said deposition shall be taken without formalities pursuant to the agreement of the parties and further pursuant to the applicable Rules of Civil Procedure.

IT IS FURTHER ORDERED ADJUDGED AND DECREED, that pursuant to the agreement of the parties that said deposition may be read and/or played upon the trial of this cause without further predicate or order of the court. Objections to the admissibility

204

to any portions thereof shall be made seven days prior to the commencement of testimony.

SIGNED AND RENDERED this 17th day of October 2005.

JUDGE PRESIDING

205

FILED
THOMAS A. WILDER, CLERK
TARRANT COUNTY, TEXAS

OCT 2 1 2005

TIME _____
BY_____ DEPUTY

NO. 0920589A

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S LIST OF POTENTIAL TRIAL WITNESSES
### [Supplemental List # 1]

Fort Worth Police Officers

S. Martinez # L603
A. M. Jay # 1962
B. A. Jamison # 2605
E. L. Van Meter # 2558
G. J. Loughman # 2618
C. L. Krueger # 3200
R. S. Phillips # 3223
M. A. Reese # 3092
S. G. Osborn # 2771
R. A. Elston # 3203
J. L. Mussato # 3251
J. R. Trujillo # 3123
C. A. Medina # 3096

Secret Service

Brit Gardner [formerly of Amarillo PD]

Texas Department of Public Safety

Clair Barnes [formerly of Amarillo PD]

Tarrant County Sheriff's Department

Dee Anderson
Mack West
Jerry Rucker
R. Barnett # 28892
R. Rios # 29595
V. Hart # 27053
L. Baker # 314
Denise Hampton # 57413

206

Susan Makanjuola # 56800
R. Firmin
D. Franklin
J. Scott # 59062
J. Stewart # 29841
C. Simmons # 68524
Daniel Estrada # 26559
Randy Cundiff # 25970
C. J. Dearing # 29005

Texas Department of Criminal Justice - Institutional Division

Walter Ward
Charles F. Dickerson
Enrique Franco
Sigifredo Sanchez


Civilian Witnesses

Jennifer Cohn, specific address unknown
Chris Williams, specific address unknown
Aaron Runyon, 1001 E. Berry Street, Fort Worth, Texas
Donna Bevering, 1001 E. Berry Street, Fort Worth, Texas
Demarlyne Lavar Givens, 108 N. Carolina, Amarillo, Texas
Tarsharn Lynn Busby, Defendant's sister
Ray Barbosa, Amarillo, Texas
Roseanne Riley, 2210 E. Vickery, Fort Worth, Texas
Joann Wymer, 1634 E. Leuda, Fort Worth, Texas
Phyllis Wright, 3800 Glenwood, Fort Worth, Texas
Gary Brodelon, specific address unknown
Heather Patterson, 5740 Coventry Drive, Haltom City, Texas
Albert Chazaretta, 3615 E. Kerney, Fort Worth, Texas
David Burdine, 4402 Pierce, Fort Worth, Texas
Tezelle Moore, Tarrant County Jail
Zary Hicks, 5904 Vermillion, Fort Worth, Texas
Jennifer Cohn, 3000 S. Hulen Street, Fort Worth, Texas
Joe Holsinger, U.S. Factory Outlet, North of Denton, Texas
Kay Pickens, U.S. Factory Outlet, North of Denton, Texas
Chris Williams, 3000 S. Hulen, Fort Worth, Texas
Chip Bulin, 290 E. John Carpenter Freeway, Irving, Texas

207

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 21st day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing notice to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

208

NO. 0920589A

FILED
TARRANT COUNTY

2005 OCT 21 PM 4: 20

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| | § | COURT NUMBER TWO DISTRICT CLERK |
| VS. | § | |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S FILING OF BUSINESS RECORDS
### [Wells Fargo Bank]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.    An affidavit executed by Gary Forsythe and one (1) one pages of records from Wells Fargo Bank.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

209

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 21ˢᵗ day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

210

STATE OF TEXAS                          *
                                        *
                                        *
COUNTY OF Collin                        *

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared ___ Gary Forsythe ___, the Custodian of Records for Wells Fargo Bank being by me duly sworn, deposed as follows:

My name is __Gary Forsythe_____, I am of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated:

I am Custodian of Records for Wells Fargo Bank. Attached hereto are ___1___ pages of records from Wells Fargo Bank.

These records are kept by Wells Fargo Bank in the regular course of business, and it was in the regular course of business of Wells Fargo Bank that an employee or representative of Wells Fargo Bank, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record. Further the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the originals.

_____
Affiant

__Gary Forsythe_____
Affiant's name printed

DAVID ALLEN KOCH
Notary Public, State of Texas
My Commission Expires
August 31, 2009

**Wells Fargo Bank**

4975 Preston Park Blvd. Suite 360
Plano, TX 75093_____
Affiant's address

SWORN TO AND SUBSCRIBED before me this _21__ day of _October_, 20_05_

_____
Notary Public in and for the State of Texas

_____
Notary's name printed
My Commission expires _Aug 31, 2009_

211

. Gary Forsythe

```
              _____ ACPR 0 CIS ACCOUNT/PRODUCT PROFILE      05/10/21  9.58.52
ACPR      CO   825 OP                 MS 64000 ACTION SUCCESSFUL
ACTION: INQ    (INQ NXT NXTCUS NXTACR NXTRMK ACDT ACDE)
COID   808 PRD DDA ACCT #0000000000399133497401 SSN/TID 449946308   CD 0 LINE 1
T MEADE CRANE                               BALANCE
T LAURA LEE CRANE                               SUB-PRD JS ST 08  CURR
A 3049 NW MARKET ST APT D212                    BRANCH  HULEN & BELLAIRE
C SEATTLE WA 98107-5802                         COST CTR    2464 OFF1 B7466
                                                OPENED   1030812 RAU
                                                CLOSED   1040213 EMP?
                                   CTRY    LST MNT  1050526 SENS      0
                                                SPEC           AGLANG ENU
ACTN: CUPR CUID        R E L A T E D   C U S T O M E R S      NEXT:    1
SEQ- COID- CUSTOMER------------------------------- TIE- REL----- APSP OWNER  %
0001   999 LAURA LEE CRANE                         496 SECJTOR  NNN  100.0000
0002   999 MEADE CRANE                              1 PRIJTOR  NNN  100.0000
                       R E L A T E D   A C C O U N T S        NEXT:    1
SEQ- COID- PRD ACCOUNT-----------------            REL----- APSP OWNER  %


                       R E M A R K S                         NEXT:    1
    TYPE      EFF      EXP
    TYPE      EFF      EXP
PF: 1-HELP 2-CONT 3-PLVL 4-DECR 5-INCR 7-END 9-EVENTS
```

Date: 10/21/2005 Time: 11:37:56 AM

212

NO. 0920589A

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

OCT 2 1 2005

TIME_____11:57 AM

_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S FILING OF BUSINESS RECORDS
### [Texas Department of Criminal Justice]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.  An affidavit executed by Sigifredo Sanchez and nine (9) pages of records
    Security Threat Group Management Office
    Classification & Records
    Texas Department of Criminal Justice

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

213

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 21st day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

214

CAUSE NO. 0920589

| STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT #2 OF |
| EDWARD LEE BUSBY | § | TARRANT COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Sigifredo Sanchez, who, by me having been first duly sworn, did upon his oath depose as follows:

"My name is Sigifredo Sanchez. I am over the age of eighteen (18) years, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

"I am the custodian of records for the Security Threat Group Management Office, Classification and Records, Texas Department of Criminal Justice-Correctional Institutions Division. Attached hereto are ___9___ pages of photographically reproduced copies of records from the Security Threat Group Management Office file concerning Edward Lee Busby. Those said ___9___ pages of records are kept the Security Threat Group Management Office in the regular course of business, and it was the regular course of business for an employee or representative of the Security Threat Group Management Office, with knowledge of the act recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the original."

SIGIFREDO SANCHEZ
Program Specialist III
Security Threat Group Management Office

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary on this the 12th day of October, 2005.

NOTARY PUBLIC
State of Texas

Linda J. Manning
NOTARY PUBLIC
STATE OF TEXAS
COMMISSION EXPIRES
10/22/2005

215

```
**************************************************************************
*** REQUESTOR: HQCR001 - CLASS, RECORDS OFFICE CLASSIFICATION AND RECORDS  ***
**************************************************************************
***               S Y S M   A U T O M A T I C   P R I N T              ***
```

MESSAGE ID: 045515    DATE: 09/13/01  TIME: 11:03am  PRIORITY: 000

TO:        HQCR001 - CLASS, RECORDS OFFICE
           PRINTER
           CLASSIFICATION AND RECORDS
           HUNTSVILLE


FROM:      JLE9188 - LEWIS, JULIE
           ADMINISTRATIVE TECHNICIAN I
           CLASSIFICATION AND RECORDS
           HUNTSVILLE



SUBJECT:   SECURITY THREAT GROUP


                    TEXAS DEPARTMENT OF CRIMINAL JUSTICE
                         INSTITUTIONAL DIVISION
                           ATTACHMENT "C"

  TO: REGIONAL DIRECTOR / UNIT WARDEN
      E. FRANCO/ RAMSEY II UNIT         DATE: 09 / 13 / 2001

  FROM: BUREAU OF CLASSIFICATION

PLEASE REVIEW THE BELOW RESPONSES WITH REGARDS TO SPECIFIC SECURITY THREAT
GROUP ACTIVITIES AND TAKE THE APPROPRIATE ACTION AS DEEMED NECESSARY.

A  X    THE BELOW LISTED OFFENDER(S) HAVE BEEN IDENTIFIED AS A CONFIRMED SECURITY
        THREAT GROUP MEMBER.  PLEASE DOCUMENT YOUR RECORDS ACCORDINGLY AND TAKE
        THE NECESSARY ACTION.

B       THE BELOW LISTED OFFENDER(S) HAVE BEEN REVIEWED WITH REGARDS TO SECURITY
        THREAT GROUP AFFILIATION.  AT THIS TIME THE SCC DOES NOT CONCUR.
        RECOMMEND THE UNIT CONTINUE TO MONITOR FOR ADDITIONAL INFORMATION.
        SHOULD YOU DISAGREE YOU MAY APPEAL TO THE DEPARTMENTAL REVIEW BOARD.

C       THE BELOW LISTED OFFENDER(S) HAVE BEEN PREVIOUSLY CONFIRMED AS A SECURITY
        THREAT GROUP MEMBER.  INMATE HAS CONTACTED THIS OFFICE AND CLAIMS HE IS:
            NO LONGER AFFILIATED /      .    INCORRECTLY IDENTIFIED

D       THIS OFFICE IS IN RECEIPT OF AN ATTACHMENT B, SECURITY THREAT GROUP
        DELETION/MISIDENTIFICATION FORM.  THE SCC DOES CONCUR THAT THE INMATE
        IN QUESTION:

            HAS BEEN MISIDENTIFIED          IS NO LONGER AFFILIATED

E       THIS OFFICE IS IN RECEIPT OF AN ATTACHMENT B, SECURITY THREAT GROUP
        DELETION/MISIDENTIFICATION FORM.  THE SCC DOES NOT CONCUR THAT THE
        INMATE IN QUESTION HAS BEEN MISIDENTIFIED OR IS NO LONGER AFFILIATED

216

WITH A SECURITY THREAT GROUP.  SHOULD YOU DISAGREE, YOU MAY APPEAL
TO DRB.

F    BELOW LISTED OFFENDER(S) HAVE BEEN DELETED FROM CENTRAL FILES AS BEING
A SECURITY THREAT GROUP MEMBER.  PLEASE DOCUMENT AND CORRECT YOUR
RECORDS ACCORDINGLY AND HAVE THE OFFENDER(S) CLASSIFICATION STATUS
REVIEWED BY UNIT CLASSIFICATION.

G    INFORMATION RECEIVED INDICATES THE BELOW OFFENDER(S) MAY BE INVOLVED IN
SECURITY THREAT GROUP ACTIVITIES.  PLEASE INVESTIGATE AS YOU DEEM
APPROPRIATE.  (A SUSPECT FILE WILL NEED TO BE MADE SHOULD YOU CONTINUE
TO MONITOR WITH REGARDS TO SECURITY THREAT GROUP ACTIVITIES).

| NAME | TDCJ NUMBER | GROUP |
|---|---|---|
| BUSBY, EDWARD LEE JR. | 01016882 | CRIPS |

STGF-05

| Sent to: | | | |
|---|---|---|---|
| R3CLS05 | DICKERSON, CHARLES F. | (to) |
| WWA7341 | WARD, WALTER | (to) |
| EFR3652 | FRANCO, ENRIQUE | (to) |
| HQCR001 | CLASS, RECORDS OFFICE | (to) |

217

Attachment A



# Texas Department of Criminal Justice
## Security Threat Group Management Office

## SECURITY THREAT GROUP VALIDATION FORM

OFFENDER'S NAME: Busby, Edward     TDCJ #: 1016882

AKA: Jaime     DOB: 07 / 25 / 72

DPS #: 5038071     FBI #: 725527CB3

SECURITY THREAT GROUP AFFILIATION: Crips

The below supporting evidence is being submitted for ☐ suspected ☒ confirmed status of the above-listed offender as a security threat group member.

(A) ☒ **SELF ADMISSION BY OFFENDER**
(Attach dated statement signed by offender and TDCJ employee witness.)

(B) ☒ **KNOWN SECURITY THREAT GROUP TATTOO**
(Attach clear photo showing offender's security threat group tattoo.)

(C) ☒ **KNOWN SECURITY THREAT GROUP PARAPHERNALIA IN POSSESSION**
(Attach an IOC giving specifics of confiscated paraphernalia. Include offender's name, TDCJ number, and housing location. Additionally, include the names of the officers who confiscated the paraphernalia.)

(D) ☐ **INFORMATION RECEIVED FROM INTERNAL AFFAIRS**
(Attach report.)

(E) ☐ **INFORMATION RECEIVED FROM OUTSIDE LAW ENFORCEMENT AGENCY**
(Attach reports, IOC, investigation, etc.)

(F) ☐ **INFORMATION RECEIVED FROM CONFIDENTIAL INFORMANTS**
(Attach documentation and detailed report on specific information received.)

(G) ☒ **OFFENDER CORRESPONDENCE**
(Attach correspondence.)

(H) ☐ **SECURITY THREAT GROUP PICTURES**
(Attach pictures of individual or group.)

(I) ☐ **OTHER**
(Specify and attach any specific documentation which is being used for confirmation.)

### CURRENT PHOTOGRAPH OF OFFENDER MUST BE ATTACHED.

Ramsey 2
Racis 05
WWA 7341
EPR 3653
HOCl001

STGMO 01

i

218

ADDITIONAL COMMENTS: _____

_____

_____

_____

_____

I concur with the ☐ suspected ☒ confirmed recommendation of the above-listed offender as a security threat group member.

_____Sgt. Walk Ward_____          _____D. Fournier_____
UNIT STGO                          UCC CHAIRPERSON

7 / 31 / 01                        8 / 9 / 01   R2
DATE                               DATE          UNIT

............................................................

I ☒ concur ☐ do not concur with the ☐ suspected status ☒ confirmed recommendation of the above-listed offender as a security threat group member.

REGIONAL OFFICE COMMENTS: _____

_____

_____
REGIONAL STG COORDINATOR

8 / 9 / 01 / 11
DATE            REGION

............................................................

I ☒ concur ☐ do not concur with the recommendation on the above-listed offender as a security threat group member.

STGMO GENERAL COMMENTS: _____

_____

_____
STGMO REPRESENTATIVE

9 / 13 / 01
DATE

STGMO 01                          iii

219



**Texas Department of Criminal Justice**
**Security Threat Group Management Office**

## SELF-ADMISSION FORM

TO: SECURITY THREAT GROUP MANAGEMENT OFFICE

FROM: UNIT SECURITY THREAT GROUP OFFICER

UNIT: _Ramsey II_    DATE: _6/20/01_

#1016882

On the above-mentioned date, offender _Edward Busly_ was interviewed and questioned with regard to security threat group information. Subject admits to being a member of the _Rollin 60's Crips_. He indicated that his street name/aka is _Jai'me_. The subject stated that he joined this security threat group at (Unit/City) _Long Beach, CA_ in 19/~~80~~ _83_. Subject admits his sponsor was _Refused_.

X _Refused_ _6/20/01_
Offender's Signature    Date

_____ Offender verbally admitted to the above mentioned information but refused to sign a statement.

1. _WALTER WARD_
   Witness print name

   _Walter Ward_ _6/20/01_
   Witness signature    Date

2. _C. Fernandez_
   Witness print name

   X _C. [signature]_ _6-20-01_
   Witness signature    Date

vii

220

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

## Inter-Office Communications

To ___Cpt. Franco___    **Date** ___07/27/01___

From ___Sgt. Ward  STGO  Ramsey 2___    **Subject** ___I/M Edward Busby #1016882___

When I/M Busby arrived on Ramsey 2 a photograph on his upper back which stated RSCG was taken. I/M Busby stated it stood for Rollin 60's Crip Gangster, I/M Busby also self-admitted to being a member of the Rollin 60's Crips but refused to sign or answer any other questions about his involvement.

SO-4

221

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

## Inter-Office Communications

**To**  Cpt. Franco                          **Date**  07/27/01

**From**  Sgt. Ward  STGO  Ramsey 2        **Subject**  I/M Edward Busby #1016882

On 07/26/01 two Crip related drawings were confiscated from I/M Busby's property. Both have the initials RSCG which stands for Rollin 60's Crip Gangster. Confiscation papers were issued to I/M Busby and are attached.

SO-4

222

THOMAS A. WILDER IST. CLERK
TARRANT COUNTY. TEXAS

NO. 0920589A

OCT 2 1 2005

TIME _____ 1.57 pw

THE STATE OF TEXAS

§
§

IN THE CRIMINAL DISTRICT _____ DEPUTY

VS.

§
§

COURT NUMBER TWO

EDWARD LEE BUSBY, JR.

§

TARRANT COUNTY, TEXAS

## STATE'S FILING OF BUSINESS RECORDS
### [CitiGroup Financial Services]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.     An affidavit executed by Bryan Rozanski and nine (9) pages of records
       CitiGroup Financial Services

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

225



## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 21st day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

STATE OF TEXAS                          *
                                        *
                                        *
COUNTY OF TARRANT                       *

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared _Bryan Rozanski_____, the Custodian of Records for CitiGroup Financial Services being by me duly sworn, deposed as follows:

My name is CitiGroup Financial Services, I am of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated:

I am Custodian of Records for CitiGroup Financial Services. Attached hereto are __9__ pages of records from CitiGroup Financial Services.

These records are kept by CitiGroup Financial Services in the regular course of business, and it was in the regular course of business of CitiGroup Financial Services that an employee or representative of CitiGroup Financial Services, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record. Further the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the originals.



_____
Affiant

_Bryan Rozanski_____
Affiant's name printed

### CitiGroup Financial Services

_270 E John Carpenter Fwy 3'd Fl Irving, Tx 75062_
Affiant's address

SWORN TO AND SUBSCRIBED before me this _21st_ day of _Oct._, 20_05_

_____
Notary Public in and for the State of Texas

_Yvette Mitchell_____
Notary's name printed
My Commission expires _01-29-09_

YVETTE MITCHELL
Notary Public
STATE OF TEXAS
My Comm. Exp. 01-29-09

227

```
AREV <==TRNCD  ACCNT#==> 5424180015064741                    06/22/04 - 15:19:41
                          TRSFR 5424180827128858   CONSOL
CRANE,MEADE B             SSN 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   ACQ IND    B CONV
  01/30/04 01/30/04 72    CH DT  03/19/99   AC TYPE   N           TOT      CA
          SEE TRANSFER ACCT                           CH DT 03/06/98 05/07/96
  FORT WORTH TX           ZIP 76109 2403 50 AC PHOTO    LINE     8400     6800
                                           PIC       4  OPEN     8400     6800
H (817) 737-2206     B (817) 737-7206      CRED INS  NO AUTH        0        0
S CRANE,LAURA C                            CHK ACC    0 RESRVD      0
ST CLOSED/FRAUD          REAS  STOLEN                  PUR BAL           .00
SC 31 I DT 02/24/04  PLASTICS    002  DBM      12/01/82 CA BAL           .00
HC 4 SUSP CD 0       ISS DT 01/04/02  ANN             TOT BAL           .00
RSN CD  401          EXP DT 02/28/05  PID       085 PLA LST STMT DT 00/00/00
                     REIS IND         DISC CD          CURR PYMT         .00
AUTHS TODAY          REIS MO      00   BK3 SCORE   1-  CUR PYMT DT    01/15
P 00 C 0 M3   1-            M     01   APR INDEX    3  OCL            0.00
NEVADA ACCOUNT             C     1-   LGL ENT      05  DD    0 PD        .00
3                        PREFIX  4   CRD          686  MIN DUE          .00
4                        BIL G 003  BIF                TOT DUE          .00
PURCH-ID       01967  SBU SEG   00790  AEL   HEI   PRT PYMT DUE DT 06/23/04
CASH-ID        02131  CH 000000000***  PCLI            HBB              .00
FEE-ID         06000  BANKRUPT IND     LAB IND         LIFE           39347
TERM-ID        00209  NGCKS 00         LANG IND     01 PYFC PD          .00
```

228

```
VIEW 2.0 BROWSE - NATA0330-001 - REC 4350338 PG 0075791.001 LOCK 00 COL 001 080
COMMAND ===>                                            SCROLL ===> PAGE
***************************** TOP OF DATA *********************************
»SARPAGE 75791
. EC:      010      PROG: BATB303F            ONLINE AUTHORIZATON TRANSACT
. DD NAME: ORPTFISH  JCL:  BATA0330
. WRITER ID: BAT03301
.                                                    -AUTHORIZATION-- ----
.       ACCOUNT           AUTH    ---P.O.S.---- TRN      APPROV    NUM
.       NUMBER            AMOUNT   ENT/CAP/CON  COD  TIME  CODE RESP TODAY
.
. 5424180015059436         35.70  90       00  01 13:16:17 145502  00   0
.             MER: 345310515399000+00010001 DOBASHI MARKET          SAN JOSE
.             RN DT: 0130  CVV:  CVV: 1 AVS:    PS2:    000130MCCVPAZGM+AZGM
.             TRACK 1    76  B5424180015059436¬KARLINSEY/TERAS          ¬051
. 5424180015060780          1.00  01       00  01 12:35:00 788362  00   0
.             MER: 791780000790204+          PEOPLES BENEFIT LIFE  800-523-7
.             RN DT: 0130  CVV:  CVV: 0 AVS:    PS2:    000130MCC2JYQXX+YQXX
. 5424180015061101         41.77  90       00  01 08:09:41 642457  00   0
.             MER: 890001089603000+00010001 BAKER JACKSON ASTROD    HOUSTON
.             RN DT: 0130  CVV:  CVV: 1 AVS:    PS2:    000130MCCXEYAGH+YAGH
.             TRACK 2    33     5424180015061101D05021011690100000.........
. 5424180015064741        302.95  02       00  02 13:30:01 553402  00   0
.             MER: ...............+D2929    2400 ALLIANCE GATEWAY  FORT WORT
```

229

```
VIEW 2.0 BROWSE - NATA0330-001 - REC 4350360 PG 0075791.022 LOCK 00 COL 001 080
COMMAND ===>                                              SCROLL ===> PAGE
             RN DT: 0130  CVV:  CVV: 1 AVS:   PS2: 0  000000000000000+1201
                TRACK 2    33   4.1C4.0.5.0.2.1.0.1.0.0.4.0.2.0.0.0.0
 5424180015064741          302.95  02      00  02 13:31:10 DECLIN  05    1
             MER: ...............+D2929    2400 ALLIANCE GATEWAY  FORT WORT
             RN DT: 0130  CVV:  CVV: 1 AVS:   PS2: 0  000000000000000+1201
                TRACK 2    33   4.1C4.0.5.0.2.1.0.1.0.0.4.0.2.0.0.0.0
 5424180015064741          202.95  02      00  02 13:31:37 DECLIN  05    1
             MER: ...............+D2929    2400 ALLIANCE GATEWAY  FORT WORT
             RN DT: 0130  CVV:  CVV: 1 AVS:   PS2: 0  000000000000000+1201
                TRACK 2    33   4.1C4.0.5.0.2.1.0.1.0.0.4.0.2.0.0.0.0
 5424180015065763            5.03  90      00  01 19:37:42 531753  00    1
             MER: 444000001420752+00270009 HOBBY-LOBBY #0027      COLORADO
             RN DT: 0129  CVV:  CVV: 1 AVS:   PS2:    000129MCCS5R4TJ+R4TJ
                TRACK 1    76   B5424180015065763¬NEHER/ROBIN J         ¬060
 5424180015065763            3.38  90      00  01 19:47:33 710405  00    2
             MER: 079189325200000+00000001 SONIC DRIVE IN       COLORADOS
             RN DT: 0129  CVV:  CVV: 1 AVS:   PS2:    000129MCC7XCQGS+CQGS
                TRACK 1    76   B5424180015065763¬NEHER/ROBIN J         ¬060
 5424180015065763           75.76  01      00  03 14:41:39 897522  00    0
             MER: 000040582886000+00017074 Melaleuca, Inc       800-282-3
             RN DT: 0130  CVV:  CVV: 0 AVS: Y PS2:    000130MCCDEF2GS+F2GS
 5424180015075408           23.90  01      00  03 01:33:20 DECLIN  51    0
```

230

```
VIEW 2.0 BROWSE - NATA0330-O01 - REC 2576724 PG 0044866.044 LOCK 00 COL 001 080
COMMAND ====>                                          SCROLL ===> PAGE
.              MER: GCTY016908     +GCTY    GAS CITY              ORLAND HI
.              RN DT: 0131  CVV:  CVV: 1 AVS:    PS2:    000131MCCSA3NSQ+3NSQ
.              TRACK 2    33       5424180015018085D04071011560100000.........
. 5424180015034413        225.28  90      00  01 11:01:21 430183  00     0
.              MER: 4590000449    +04490025 WAL-MART STORES, INC   GROVES
.              RN DT: 0131  CVV:  CVV: 1 AVS:    PS2:    000131MCC0XDKX2+DKX2
.              TRACK 2    33       5424180015034413D05101012480200000.........
. 5424180015061713         77.71  90      00  01 19:09:30 216861  00     0
.              MER: 0009071805109988+00483175 BOURBON STREET CAFE   SAN ANTON
.              RN DT: 0130  CVV:  CVV: 1 AVS:    PS2:    000130MCCLLQQB3+QQB3
.              TRACK 2    33       5424180015061713=05021010110100000.........
. 5424180015064741        201.75  02      00  02 08:36:45 DECLIN  04     0
.              MER: ...............+70336949 HWY 7 & 35, NW COR     DAVIS
.              RN DT: 0131  CVV:  CVV: 1 AVS:    PS2: 0  000000000000000+5705
.              TRACK 2    33       5424180015064741=05021010040200000.........
****************************** BOTTOM OF DATA *********************************
```

231

```
AREV <==TRNCD  ACCNT#==> 5466160049145335                    06/22/04 - 15:16:14
                              TRSFR 5466160072484171  CONSOL
CRANE,LAURA LEE               SSN 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   ACQ IND   B CONV
  01/30/04 01/30/04 72        CH DT  03/19/99   AC TYPE  N          TOT      CA
        SEE TRANSFER ACCT                                 CH DT 09/29/98 05/31/96
  FORT WORTH TX               ZIP 76109 2403 50 AC PHOTO    LINE    9800     6800
                                                PIC     4  OPEN   ******     6800
H (817) 737-7206         B (999) 999-9999       CRED INS NO AUTH       0        0
S CRANE,MEADE B                                 CHK ACC  0  RESRVD     0
ST CLOSED/FRAUD          REAS  STOLEN                       PUR BAL          .00
SC 31 I DT 03/18/04  PLASTICS      002   DBM      04/01/95  CA BAL           .00
HC 4 SUSP CD 0       ISS DT 09/09/03  ANN                   TOT BAL          .00
RSN CD  401          EXP DT 04/30/05  PID        160 AWG    LST STMT DT 00/00/00
                     REIS IND         DISC CD               CURR PYMT        .00
AUTHS TODAY          REIS MO       00  BK3 SCORE    1-      CUR PYMT DT    01/12
P 00 C 0 M3    1-              M   01  APR INDEX     3      OCL           ******
NEVADA ACCOUNT                C    1- LGL ENT       05      DD    0 PD       .00
3                          PREFIX  4  CRD          191      MIN DUE          .00
4                          BIL G 020  BIF                   TOT DUE          .00
PURCH-ID      01967  SBU SEG   00200  AEL   HEI    PRT      PYMT DUE DT 06/17/04
CASH-ID       02131  CH 0000000000**  PCLI                  HBB              .00
FEE-ID        05822  BANKRUPT IND     LAB IND              LIFE          197733
TERM-ID       00208  NGCKS 00         LANG IND   01        PYFC PD          .00
```

232

```
SATH <--TRNCD  ACCNT#==> 5466160049145335      D/R <=====> D       RET FLAG: D
AMT:           DATE:          AUTH #:           BIN #:            SIC:

ACCOUNT                 AUTH                  AUTH     AUTH      AUTHS   APPR
NUMBER            PC   AMOUNT  ENT/CAP/CON   DATE     TIME      TODAY   CODE
5466160049145335  01   102.95  02      00   01/30/04  13:33:01   001   DECLIN
 MER: 2400 ALLIANCE GATEWAY  FORT WORTH   TXUS 00000 840 US ID
 CVV: 1 CVV VALUE:        PS 2000: 000000000000000+1201  AVS UTIL:    AVS RESP
 EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
 3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335  01   201.25  02      00   01/31/04  08:01:03   000   DECLIN
 MER: 2515 HWY 142          ARDMORE      OKUS 00000 840 US ID
 CVV: 1 CVV VALUE:        PS 2000: 0000000000000000+8501  AVS UTIL:   AVS RESP
 EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 406275 CRD ISS DTE 256
 3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335  01     1.00  90      00   01/31/04  08:34:46   000   DECLIN
 MER: OAK HILL PLACE         DAVIS        OK  73030 840 US ID 9619312431
 CVV: 1 CVV VALUE:        PS 2000: 000131MCWLNIISK+IISK  AVS UTIL:   AVS RESP
 EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 006804 CRD ISS DTE 256
        5466160049145335D05041012560100000

    P - PRINT     PF10 - UP     PF11 - DOWN      ENTER - <===>
```

233

```
SATH <-=TRNCD  ACCNT#==> 5466160049145335       D/R <=====> D        RET FLAG: D
AMT:           DATE:         AUTH #:             BIN #:              SIC:

ACCOUNT                  AUTH                    AUTH     AUTH     AUTHS    APPR
NUMBER            PC     AMOUNT   ENT/CAP/CON    DATE     TIME     TODAY    CODE
5466160049145335  01      25.81   90     00   01/30/04  13:05:29   001    081593
  MER: KWIK PANTRY #412        FORT WORTH    TX  76111 840 US ID 020000201824001
  CVV: 1 CVV VALUE:       PS 2000: 000130MCWMKX1XV+X1XV  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 007920 CRD ISS DTE 256
        5466160049145335=0504101256010000

5466160049145335  01     302.95  02     00   01/30/04  13:28:45   000    949447
  MER: 2400 ALLIANCE GATEWAY  FORT WORTH   TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:       PS 2000: 000000000000000+1201  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
  3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335  01     302.95  02     00   01/30/04  13:32:34   001    DECLIN
  MER: 2400 ALLIANCE GATEWAY  FORT WORTH   TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:       PS 2000: 000000000000000+1201  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
  3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

        P - PRINT     PF10 - UP     PF11 - DOWN     ENTER - <===>
```

234

```
SATH <==TRNCD   ACCNT#==> 5466160049145335      D/R <====> D        RET FLAG: D
AMT:            DATE:          AUTH #:           BIN #:             SIC:

ACCOUNT                  AUTH                 AUTH    AUTH    AUTHS    APPR
NUMBER           PC     AMOUNT  ENT/CAP/CON   DATE    TIME    TODAY    CODE
5466160049145335  00     40.00  01       00  01/27/04  13:17:35  000    512110
  MER: NATIONAL COWGIRL MUS   817-336-4475  TX  76107 840 US ID 000088440000202
  CVV: 0 CVV VALUE:        PS 2000: 000127MCWS4U88D+U88D  AVS UTIL: Y  AVS RESP Z
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 002135 CRD ISS DTE 000


5466160049145335  01     29.00  90       00  01/28/04  09:33:51  000    526156
  MER: MAM'ZELLE BEAUTY SALON FT. WORTH     TX  76109 840 US ID 680869424610544
  CVV: 1 CVV VALUE:        PS 2000: 000128MCWPUVMGX+VMGX  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 005987 CRD ISS DTE 256
        5466160049145335D0504101256010000

5466160049145335  01      1.00  90       00  01/30/04  12:57:02  000    076030
  MER: DRIVERS #412           FORT WORTH    TX  76111 840 US ID 040516000000000
  CVV: 1 CVV VALUE:        PS 2000: 000130MCWTQA5M8+A5M8  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 007920 CRD ISS DTE 256
        5466160049145335=0504101256010000

     P - PRINT    PF10 - UP    PF11 - DOWN    ENTER - <===>
```

235

```
FFMF <==TRNCD   ACCNT#==> 5466160049145335
                       AUTOMATED FRAUD PROCESSING SYSTEM
                       FRAUD FINANCIAL MASTER DISPLAY

SEC ACCT 5466160049145335
ORG XFER 5466160072484171        1ST WOFF 03/17/04    TOTAL WRITE OFF     344.96
CUR XFER 5466160072484171        LST WOFF 03/17/04    TOTAL CLAIM AMT       0.00
                                 LOS DATE 01/30/04
NAME   CRANE,LAURA LEE           RPT DATE 01/30/04    PUR PAYMENT BAL       0.00
ADD 1 4750 BELLAIRE DR S         1ST DISP 01/30/04    C/A PAYMENT BAL       0.00
ADD 2                            LST PUR  01/27/04    CURR PURCHASE         0.00
CITY   FORT WORTH                LST C/A  00/00/00    CURR CASH ADV         0.00
STATE TX   ZIP 761090000         LST PMNT 01/12/04    LAST PAYMENT       1850.00
H TEL (817) 737-7206             LST ACTV 03/18/04    THIS C/A BILL         0.00
B TEL (999) 999-9999             STAT CHG 01/31/04    AMT C/A CHG NOT       0.00
                                 CBM DATE 04/95       C/A MIN ADV           0.00
ORIG STATUS 00     SPCL ACCT N   EXP DATE 04/05       PAST DUE INT          0.00
CURR STATUS 31     STOLEN                             PAST DUE CHG          0.00
STATE LOSS  TX     BBC TAG   G                        PUR SERV CHG          0.00
DELQ CODE   A      ATM PIN    7  BILL CARDMEMBER Y    MIN PAYMENT C/A       0.00
NO PLASTICS 02     ACQ IND    6                 T
NFY LET CNT 0      NO OF L/S  1
HOT CRD IND *      NO OF NRI  0
REPORT TYPE S      REISSUE P 00
```

236

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

OCT 26 2005

TIME_____8:45_____

BY_____M_____DEPUTY

## STATE'S FILING OF BUSINESS RECORDS
### [Dollar General Corporation]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.   An affidavit executed by Tracy Loftis and one (1) page of records
     Dollar General Corporation

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr.,  Assistant
Criminal District Attorney
State Bar No. 18107000

237

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 26th day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

238

CAUSE NO. 0920589

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE **CRIMINAL** |
| VS | § | **DISTRICT COURT # 2** OF |
| **EDWARD LEE BUSBY** | § | TARRANT COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared _**Tracy Loftis**_, who, by me having been first duly sworn, did upon her oath depose as follows:

My name is _**Tracy Loftis**_. I am over the age of eighteen (18) years, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

In this matter, I am the custodian of records for _**Dollar General Corporation**_. Attached hereto is _**1**_ page of photographically reproduced copies of records from _**sales receipts**_ files concerning _**Store 8057, Ardmore, Oklahoma**_. These said _**1**_ page of records are kept by _**the Sales Audit Department**_, in the regular course of business, and it was the regular course of business for an employee or representative of _**Dollar General Corporation**_, with knowledge of the act recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.

_____
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary on this the _24th_ day of _October_, 200_5_.

_____
NOTARY PUBLIC, In and for the
State of ~~Texas~~ Tennessee

_Pennie H. Dismukes_
Printed or Typed Name of Notary

Commission Expires: _____
My Commission Expires JULY 25, 2009

239

```
DUCT TAPE              3.00 S
  035694233458-3
MEN WILSON CAPS          5.00 S
  604791004348-8
SUBTOTAL               $8.00
STATE TAX              $0.64
T O T A L              $8.64
C A S H               $10.00
CHANGE                 $1.36
ITEMS 2
2004-01-30  19:08:25  8057 01 008930 4880
@1075489705
```

240

NO. 0920589A

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

### STATE'S FILING OF BUSINESS RECORDS
**[CitiGroup Financial Services-2nd Set]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.  An affidavit executed by David McDermott and eight (8) pages of records CitiGroup Financial Services

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

241

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 26th day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

242

STATE OF TEXAS        *
                        *
                        *
COUNTY OF _____       *

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared David McDermott, the Custodian of Records for CitiGroup Financial Services being by me duly sworn, deposed as follows:

My name is David McDermott, I am of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated:

I am Custodian of Records for CitiGroup Financial Services. Attached hereto are ___ pages of records from CitiGroup Financial Services.

These records are kept by CitiGroup Financial Services in the regular course of business, and it was in the regular course of business of CitiGroup Financial Services that an employee or representative of CitiGroup Financial Services, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record. Further the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the originals.

_____
Affiant

_____
Affiant's name printed

**CitiGroup Financial Services**
_____
_____
Affiant's address

MICHAEL K. REGAN
MY COMMISSION EXPIRES
March 15, 2008

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 20____.

_____
Notary Public in and for the State of Texas

_____
Notary's name printed
My Commission expires _MARCH 15, 2008_

243

```
AREV <s=TRNCD   ACCNT#==> 5466160049145335                    06/22/04 - 15:16:14
                          TRSFR 5466160072484171   CONSOL
CRANE,LAURA LEE           SSN 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   ACQ IND    B CONV
  01/30/04 01/30/04 72    CH DT  03/19/99   AC TYPE    N           TOT        CA
        SEE TRANSFER ACCT                                CH DT 09/29/98 05/31/96
  FORT WORTH TX           ZIP 76109 2403 50 AC PHOTO     LINE      9800       6800
                                           PIC       4  OPEN     ******       6800
  H (817) 737-7206        B (999) 999-9999    CRED INS  NO AUTH        0          0
  S CRANE,MEADE B                             CHK ACC   0  RESRVD      0
  ST CLOSED/FRAUD         REAS  STOLEN                     PUR BAL             .00
  SC 31 I DT 03/18/04     PLASTICS    002    DBM      04/01/95  CA BAL         .00
  HC 4 SUSP CD 0          ISS DT 09/09/03    ANN                TOT BAL        .00
  RSN CD   401            EXP DT 04/30/05    PID      160 AWG   LST STMT DT 00/00/00
                          REIS IND           DISC CD           CURR PYMT       .00
  AUTHS TODAY             REIS MO      00    BK3 SCORE  1-      CUR PYMT DT   01/12
  P 00 C 0 M3      1-             M    01    APR INDEX   3      OCL          ******
  NEVADA ACCOUNT                  C    1-    LGL ENT     05     DD     0 PD     .00
  3                      PREFIX    4    CRD         191    MIN DUE        .00
  4                      BIL G 020    BIF                TOT DUE        .00
  PURCH-ID      01967    SBU SEG    00200   AEL    HEI    PRT   PYMT DUE DT 06/17/04
  CASH-ID       02131    CH 0000000000**    PCLI               HBB            .00
  FEE-ID        05822    BANKRUPT IND       LAB IND            LIFE        197733
  TERM-ID       00208    NGCKS 00           LANG IND      01   PYFC PD        .00
```

244

```
FFMF <==TRNCD  ACCNT#==> 5466160049145335
                     AUTOMATED FRAUD PROCESSING SYSTEM
                     FRAUD FINANCIAL MASTER DISPLAY

SEC ACCT 5466160049145335
ORG XFER 5466160072484171     1ST WOFF 03/17/04   TOTAL WRITE OFF    344.96
CUR XFER 5466160072484171     LST WOFF 03/17/04   TOTAL CLAIM AMT      0.00
                              LOS DATE 01/30/04
NAME   CRANE,LAURA LEE        RPT DATE 01/30/04   PUR PAYMENT BAL      0.00
ADD 1  4750 BELLAIRE DR S     1ST DISP 01/30/04   C/A PAYMENT BAL      0.00
ADD 2                         LST PUR  01/27/04   CURR PURCHASE        0.00
CITY   FORT WORTH             LST C/A  00/00/00   CURR CASH ADV        0.00
STATE TX   ZIP 761090000      LST PMNT 01/12/04   LAST PAYMENT      1850.00
H TEL (817) 737-7206          LST ACTV 03/18/04   THIS C/A BILL        0.00
B TEL (999) 999-9999          STAT CHG 01/31/04   AMT C/A CHG NOT      0.00
                              CBM DATE 04/95      C/A MIN ADV          0.00
                              EXP DATE 04/05      PAST DUE INT         0.00
ORIG STATUS 00    SPCL ACCT N                     PAST DUE CHG         0.00
CURR STATUS 31    STOLEN                          PUR SERV CHG         0.00
STATE LOSS  TX    BBC TAG   G                     MIN PAYMENT C/A      0.00
DELQ CODE   A     ATM PIN   7  BILL CARDMEMBER Y
NO PLASTICS 02    ACQ IND   6                 T
NFY LET CNT 0     NO OF L/S 1
HOT CRD IND *     NO OF NRI 0
REPORT TYPE S     REISSUE P 00
```

245

```
SATH <==TRNCD  ACCNT#==> 5466160049145335        D/R <=====> D        RET FLAG: D
AMT:         DATE:         AUTH #:               BIN #:               SIC:

ACCOUNT                  AUTH                   AUTH     AUTH     AUTHS    APPR
NUMBER            PC     AMOUNT   ENT/CAP/CON   DATE     TIME     TODAY    CODE
5466160049145335  00      40.00   01       00  01/27/04 13:17:35  000     512110
  MER: NATIONAL COWGIRL MUS   817-336-4475  TX  76107 840 US ID 000088440000202
  CVV: 0 CVV VALUE:       PS 2000: 000127MCWS4U88D+U88D  AVS UTIL: Y  AVS RESP Z
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 002135 CRD ISS DTE 000


5466160049145335  01      29.00   90       00  01/28/04 09:33:51  000     S26156
  MER: MAM'ZELLE BEAUTY SALON FT. WORTH      TX  76109 840 US ID 680869424610544
  CVV: 1 CVV VALUE:       PS 2000: 000128MCWPUVMGX+VMGX  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 005987 CRD ISS DTE 256
       5466160049145335D05041012560 10000

5466160049145335  01       1.00   90       00  01/30/04 12:57:02  000     076030
  MER: DRIVERS #412           FORT WORTH     TX  76111 840 US ID 040516000000000
  CVV: 1 CVV VALUE:       PS 2000: 000130MCWTQA5M8+A5M8  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 007920 CRD ISS DTE 256
       5466160049145335=05041012560 10000

     P   PRINT     PF10 - UP     PF11 - DOWN      ENTER - <===>
```

246

```
SATH <==TRNCD  ACCNT#==> 5466160049145335      D/R <=====> D       RET FLAG: D
AMT:           DATE:           AUTH #:           BIN #:             SIC:

ACCOUNT                    AUTH                  AUTH    AUTH    AUTHS    APPR
NUMBER             PC      AMOUNT  ENT/CAP/CON   DATE    TIME    TODAY    CODE
5466160049145335   01       25.81  90      00  01/30/04  13:05:29  001   081593
  MER: KWIK PANTRY #412        FORT WORTH    TX  76111 840 US ID 020000201824001
  CVV: 1 CVV VALUE:        PS 2000: 000130MCWMKX1XV+X1XV  AVS UTIL:      AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 007920 CRD ISS DTE 256
          5466160049145335=05041012560100000

5466160049145335   01      302.95  02      00  01/30/04  13:28:45  000    949447
  MER: 2400 ALLIANCE GATEWAY  FORT WORTH    TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:        PS 2000: 000000000000000+1201  AVS UTIL:      AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
  3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335   01      302.95  02      00  01/30/04  13:32:34  001   DECLIN
  MER: 2400 ALLIANCE GATEWAY  FORT WORTH    TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:        PS 2000: 000000000000000+1201  AVS UTIL:      AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
  3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

       P - PRINT     PF10 - UP     PF11 - DOWN      ENTER - <===>
```

247

```
SATH <==TRNCD   ACCNT#==> 5466160049145335      D/R <====> D      RET FLAG: D
AMT:            DATE:           AUTH #:          BIN #:            SIC:

ACCOUNT                  AUTH                AUTH    AUTH    AUTHS   APPR
NUMBER            PC     AMOUNT  ENT/CAP/CON DATE    TIME    TODAY   CODE
5466160049145335  01     102.95  02      00  01/30/04 13:33:01  001   DECLIN
  MER: 2400 ALLIANCE GATEWAY  FORT WORTH    TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:        PS 2000: 0000000000000000+1201  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
    3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335  01     201.25  02      00  01/31/04 08:01:03  000   DECLIN
  MER: 2515 HWY 142         ARDMORE       OKUS 00000 840 US ID
  CVV: 1 CVV VALUE:        PS 2000: 0000000000000000+8501  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 406275 CRD ISS DTE 256
    3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335  01       1.00  90      00  01/31/04 08:34:46  000   DECLIN
  MER: OAK HILL PLACE       DAVIS     OK  73030 840 US ID 9619312431
  CVV: 1 CVV VALUE:        PS 2000: 000131MCWLNIISK+IISK  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 006804 CRD ISS DTE 256
       5466160049145335D05041012560010000

        P - PRINT     PF10 - UP     PF11 - DOWN     ENTER - <====>
```

248

```
AREV <==TRNCD  ACCNT#==> 5424180015064741                    06/22/04 - 15:19:41
                            TRSFR 5424180827128858   CONSOL
                                                     B CONV
CRANE,MEADE B               SSN 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   ACQ IND                 TOT      CA
 01/30/04 01/30/04 72       CH DT  03/19/99   AC TYPE   N   CH DT 03/06/98 05/07/96
     SEE TRANSFER ACCT                                     LINE      8400     6800
FORT WORTH TX               ZIP 76109 2403 50 AC PHOTO     OPEN      8400     6800
                                              PIC       4  AUTH         0        0
H (817) 737-2206           B (817) 737-7206   CRED INS  NO AUTH         0        0
S CRANE,LAURA C                               CHK ACC   0  RESRVD       0
ST CLOSED/FRAUD             REAS  STOLEN                   PUR BAL            .00
SC 31 I DT 02/24/04        PLASTICS      002  DBM    12/01/82 CA BAL          .00
HC 4 SUSP CD 0             ISS DT 01/04/02   ANN          TOT BAL            .00
RSN CD  401               EXP DT 02/28/05   PID        C85 PLA LST STMT DT 00/00/00
                          REIS IND           DISC CD         CURR PYMT       .00
AUTHS TODAY               REIS MO        00  BK3 SCORE  1-  CUR PYMT DT   01/15
P 00 C 0 M3      1-                 M    01  APR INDEX    3  OCL          0.00
NEVADA ACCOUNT                      C    1-  LGL ENT     05  DD     0 PD       .00
3                                PREFIX   4  CRD        686  MIN DUE          .00
4                                BIL G 003  BIF             TOT DUE          .00
PURCH-ID        01967     SBU SEG    00790  AEL   HEI   PRT  PYMT DUE DT 06/23/04
CASH-ID         02131     CH 000000000***  PCLI            HBB              .00
FEE-ID          06000     BANKRUPT IND      LAB IND         LIFE          39347
TERM-ID         00209     NGCKS 00          LANG IND    01  PYFC PD          .00
```

249



```
SATH <==TRNCD  ACCNT#==> 5424180015064741       D/R <====> D      RET FLAG: S
AMT:          DATE:          AUTH #:              BIN #:          SIC:

                              AUTH            AUTH    AUTH     AUTHS   APPR
ACCOUNT                PC     AMOUNT  ENT/CAP/CON DATE  TIME    TODAY   CODE
NUMBER
5424180015064741    02        302.95  02      00  01/30/04  13:30:01  000   553402
  MER: 2400 ALLIANCE GATEWAY FORT WORTH   TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:          PS 2000: 000000000000000+1201  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 527442 CRD ISS DTE 004
  4-1C4-0-5-0-2-1-0-1-0-0-4-0-2-0-0-0-0

5424180015064741    02        302.95  02      00  01/30/04  13:11:10  001   DECLIN
  MER: 2400 ALLIANCE GATEWAY FORT WORTH   TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:          PS 2000: 000000000000000+1201  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 527442 CRD ISS DTE 004
  4-1C4-0-5-0-2-1-0-1-0-0-4-0-2-0-0-0-0

5424180015064741    02        202.95  02      00  01/30/04  13:31:37  001   DECLIN
  MER: 2400 ALLIANCE GATEWAY FORT WORTH   TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:          PS 2000: 000000000000000+1201  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 527442 CRD ISS DTE 004
  4-1C4-0-5-0-2-1-0-1-0-0-4-0-2-0-0-0-0
*****  1 DAYS LEFT UNTIL COMPLETE *****
       P - PRINT    PF10 - UP    PF11 - DOWN      ENTER - <====>
```

250

```
SATH <==TRNCD  ACCNT#==> 5424180015064741      D/R <====> D      RET FLAG: S
AMT:          DATE:           AUTH #:            BIN #:          SIC:

                                          AUTH    AUTH    AUTHS   APPR
ACCOUNT                    AUTH           DATE    TIME    TODAY   CODE
NUMBER            PC       AMOUNT  ENT/CAP/CON
5424180015064741  02       201.75  02     00  01/31/04  08:36:45  000   DECLIN
  MER: HWY 7 & 35, NW COR      DAVIS        QKUS 00000 840 US ID
  CVV: 1 CVV VALUE:         PS 2000: 000000000000000-5705  AVS UTIL:      AVS RESP
  EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 302846 CRD ISS DTE 004
           5424180015064741=05021010004020000


                                              US ID
  MER:                                        AVS UTIL:      AVS RESP
  CVV:   CVV VALUE:       PS 2000:                 CRD ISS DTE
  EXPIR:AUTH ATMPT        CBSD FILE    BIN NUMBER


                                              US ID
  MER:                                        AVS UTIL:      AVS RESP
  CVV:   CVV VALUE:       PS 2000:                 CRD ISS DTE
  EXPIR:AUTH ATMPT        CBSD FILE    BIN NUMBER

END OF ACCOUNT NUMBER HAS BEEN REACHED ---  1 DAYS LEFT UNTIL COMPLETE
       P - PRINT      PF10 - UP      PF11 - DOWN      ENTER - <===>
```

251

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S APPLICATION TO HAVE DEFENDANT EXAMINED BY A LICENSED PSYCHOLOGIST

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court this Application To Have Defendant Examined By A Licensed Psychologist. In support of the State's Application, the following is offered for the Court's consideration.

I.

On the afternoon of October 26, 2005, the Honorable Jack V. Strickland and Stephen Gordon, the Attorneys of Record for the Defendant, advised the undersigned Prosecutors that one of their designated experts, Dr. Timothy Proctor, had examined the Defendant. Although no formal decision has been made, the Defendant's Attorney's have advised that there is a likelihood that Dr. Proctor will testify before the jury in this case.

II.

The State of Texas is entitled to have an independent expert examine the Defendant.

WHEREFORE, the State of Texas asks this Court to grant this Application and allow the State of Texas to have an independent examination of the Defendant made by a licensed psychologist in the State of Texas.

252

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073630

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 27th day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

## ORDER

On this the ___ day of October, 2005, the Court having considered the State's Application To Have The Defendant Examined By A Licensed Psychologist hereby GRANTS /// DENIES the Application.

Wayne F. Salvant
Judge - Criminal District Court # 2
Tarrant County, Texas

253

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

### STATE'S FILING OF BUSINESS RECORDS
#### [La Quinta Corporation]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.    An affidavit executed by Jeffrey M. Schagren and one (1) page of records
La Quinta Corporation
909 Hidden Ridge, Suite 600
Irving, Texas

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

OCT 3 1 2005

TIME _____
BY _____ DEPUTY

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr.,  Assistant
Criminal District Attorney
State Bar No. 18107000

254

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 31st day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

255

| STATE OF TEXAS | § | IN THE CRIMINAL |
| VS | § | DISTRICT COURT # 2 OF |
| EDWARD LEE BUSBY | § | TARRANT COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Jeffrey M. Schagren, who, by me having been first duly sworn, did upon his/her oath depose as follows:

My name is Jeffrey M. Schagren. I am over the age of eighteen (18) years, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of records for La Quinta Corporation Attached hereto are 1 pages of photographically reproduced copies of records from La Quinta Inn #723 file concerning Edward Busby. These said 1 pages of records are kept by La Quinta Corporation in the regular course of business, and it was the regular course of business for an employee or representative of La Quinta Corporation, with knowledge of the act recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the original.

_____
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary on this the 12th day of September, 2005.

_____
NOTARY PUBLIC, In and for the
State of Texas

Justine Atkins
Printed or Typed Name of Notary

Commission Expires: 1-15-2007

256

## Atkins, Tina

From: lq0723gm Ardmore
Sent: Monday, September 12, 2005 10:56 AM
To: Atkins, Tina
Subject: Page on Busby



9/12/2005

257

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S FILING OF BUSINESS RECORDS
### [Tarrant County Sheriff's Department]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.    An affidavit executed by Jerry Rucker and three hundred ninety-two (392) pages of records contained on a CD
Tarrant County Sheriff's Department
100 N. Lamar
Fort Worth, Texas

These records have previously been given to defense counsel as Item # 100.

**FILED**
**THOMAS A. WILDER, DIST. CLERK**
**TARRANT COUNTY, TEXAS**

OCT 3 1 2005

Respectfully submitted,    TIME _____ 8.05A
BY _____ DEPUTY

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

258

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 31st day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## STATE'S FILING OF BUSINESS RECORDS
### [Tarrant County Sheriff's Department - #2]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas by and through her Criminal District Attorney Tim Curry and files with the Court the following business records accompanied by affidavit:

1.    An affidavit executed by Jerry Rucker and four (4) pages of records
Tarrant County Sheriff's Department
100 N. Lamar
Fort Worth, Texas

**FILED**
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

OCT 3 1 2005
TIME
BY                                DEPUTY

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

Gregory T. Miller, Assistant
Criminal District Attorney
State Bar No. 14073650

Joe Shannon, Jr., Assistant
Criminal District Attorney
State Bar No. 18107000

260

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 31st day of October, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

261

## BUSINESS RECORDS AFFIDAVIT OF CUSTODIAN OF RECORDS FOR THE TARRANT COUNTY SHERIFF'S DEPARTMENT

| | | |
|---|---|---|
| THE STATE OF TEXAS | | § |
| | | § |
| COUNTY OF TARRANT | | § |

BEFORE ME, the undersigned authority, on this day personally appeared **Jerry Rucker**, who by me having been duly sworn made the following affidavit:

"My name is **Jerry Rucker**. I am above the age of twenty-one (21) years, fully competent to make this affidavit, and have personal knowledge of the matters of material fact hereinafter set forth, which are true and correct.

I am employed by the Tarrant County Sheriff's Department and have been since **August 11, 1993**. In this matter, I am the Custodian of Records for the Tarrant County Sheriff's Department, 300 West Belknap, Fort Worth, Texas 76102; (817) 884-3700.

Attached hereto are **four (4) pages** of the requested disciplinary and grievance records since September 1, 2005 that were obtained from the Inmate Booking file of **Busby, Edward, DOB: 07/25/72**. In addition, there is one (1) page of correspondence addressed to Mr. Jim Rizzy of the Tarrant County District Attorney's Office, which is not included in the four (4) page count below.

The **four (4) pages** of the requested records concerning **Busby, Edward** are kept by the Tarrant County Sheriff's Department in the regular course of business, and it was in the regular course of business of the Tarrant County Sheriff's Department for an employee or representative of the Tarrant County Sheriff's Department, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter.

BUSINESS RECORDS AFFIDAVIT OF JERRY RUCKER – PAGE 1

Initial _____

262

The **four (4) pages of attached records** is a true, correct and exact duplicate of the original document contained in the Tarrant County Sheriff's Department's file, with the exception that all confidential information (i.e. medical information) has been redacted from the attached documents.

Further, Affiant sayeth not."

_____
**JERRY RUCKER**

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by **JERRY W. RUCKER** on this the 28th day of October , 2005.

STACI J. TURNER
Notary Public
STATE OF TEXAS
My Comm. Exp. 07/21/2007

_____
NOTARY PUBLIC in and for
The State of Texas

_____
Notary's Printed Name
My Commission Expires: 7-21-07

**BUSINESS RECORDS AFFIDAVIT OF JERRY RUCKER – PAGE 2**

Initial

263

# TARRANT COUNTY SHERIFF'S DEPARTMENT
## INMATE DISCIPLINARY REPORT   10-26

REPORT DATE: 10/12/05 ___ TIME: 0950 ___ LOCATION: 61C
NAME: Busby  Edward
CID: 055245   RACE: B   SEX: M   DOB: 07-25-7

### INMATE HANDBOOK RULE VIOLATIONS:

MINOR VIOLATIONS: Section A:____  ____  ____   Section B:____  ____  ____   Section C:____  ____  ____

MAJOR VIOLATIONS: Section D: 2 ____  ____   Section E:____  ____  ____

Brief Narrative of Incident: Challenged another inmate to fight verbally, and followed inmate 8 to his cell, when inmate walked away from argument.

(Attach copies of formal Incident Reports, documentation of violations and physical evidence)

OFFICER: _____ (Officer's signature)  _____ Winter  5951P (Officer's printed name) (Empl. #)

SUPERVISOR: _____ (Watch Commander's signature)  W. A. Petmerly  (Watch Commander's printed name)  65445 (Empl. #)

To Inmate:   A Disciplinary Hearing will be held no sooner than 24 hours from this date to allow you to present your views on this incident.  See reverse side for details concerning your due process in the Jail Inmate Disciplinary System.

COPY DELIVERED TO INMATE ON: 10-12-05 Date   0151214 Time   0315195 1450 (Hours)

WITNESSES IDENTIFIED BY INMATE AT TIME OF SERVICE: 1) Polk, Terry  2) Sosston, Pompe

BY OFFICER: _____ (Officer's signature)  Winter  5951P (Officer's printed name) (Empl. #)

### REVIEW OF MAJOR INFRACTIONS

ACTION TAKEN: ____ Set for hearing by Major Infraction Hearing Board
____ Returned to Watch Commander for correction of deficiencies and resubmission
____ Level reduced to Section _____ Rule _____ as supported by evidence submitted.
____ Charge dismissed for procedural reasons.

BOARD COORDINATOR: _____ UNIT COMMANDER: Darrell Clements

### DISCIPLINARY HEARING REPORT

HEARING DATE: _____ LOCATION: _____ CASSETTE NO.: _____
1. The statement for charges was read aloud and fully explained to the inmate by the Hearing Officer: _____
2. Plea entered by inmate (Circle One):   Guilty   Not Guilty.
3. Finding of fact: _____
   DISMISS (1)
4. Evidence relied upon: _____
5. Disciplinary Assessment: DISMISSED - PROCEDURAL ERROR - CONFLICTS WITH Co.

To Inmate:   You will be given a copy of this hearing report and any action to be imposed at the conclusion of your hearing. A
You may appeal the Board's decision as explained on the reverse side of this form.

HEARING CHAIRMAN: H Stokes 7667

MEMBER: _____   MEMBER: _____
White-File Original   Canary-Jail Administration   Pink-Inmate Hearing Disposition   Goldenrod-Inmate Notification

S-567   GPC-2147   REV. 09-02

264

# TARRANT COUNTY SHERIFF'S OFFICE
## DETENTION OPERATIONS COMMAND

☐  OFFENSE   ☒  INCIDENT   ☐  MISCONDUCT   ☐  MEDICAL REPORT

DATE: 10/12/05 _____   TIME: 0825 _____   SERVICE NUMBER _____

SUBJECT: BUSBY, EDWARD _____   SUBJECT: _____

CID: 0552475 _____   RACE: B ___   SEX: M ___   CID: _____   RACE: ____   SEX: ____

DOB: 07/25/72 _____   LOCATION: 61C _____   DOB: _____   LOCATION: _____

NARRATIVE: I, Officer Winter, 59518 was POD Officer, 61C, 10/12/05 and approximately 0730 hours I observed argument in dayroom between inmates Busby, Edward and Polk, Darryl, 0151294. Inmate Polk walked away and went upstairs to his cell 25. Inmate Busby followed inmate Polk up the stairs, continuing to argue and shout at inmate Polk. Inmate Polk went into cell 25 and closed the door. Inmate Busby opened the door and challenged inmate Polk to fight. Inmate Busby has history of 22 moves since February 2004 for reclassification, assaultive, high risk, SPC, and return to red suit. Disciplinary D-2 attached.

| REPORTING OFFICER'S SIGNATURE | PRINT NAME | EMPLOYEE # |
|---|---|---|
| *Winter* | JWINTER | 59518 |

CORRECTIONAL PROCEDURES   REHOUSE BUSBY FOR INMATE SAFETY AND TO PREVENT PROBLEMS-
KEEP SEPARATE FROM POLK #0151294

| SUPERVISOR'S SIGNATURE | PRINT NAME | EMPLOYEE # |
|---|---|---|
| *Cpl Snapka* | CPL.SNAPKA | 59024 |
| WATCH COMMANDER'S SIGNATURE | PRINT NAME | EMPLOYEE # |
| *LT. MD Spears* | LT. MD SPEARS | 70cs |
| REVIEWED BY | PRINT NAME | EMPLOYEE # |

Ver 1.3 08/2004

265

## WITNESS STATEMENTS:

**(01) POLK  DARRYL  0151294:**      TAPE # 3 5

Ref.

**(02) SESSION  DONNELL  0315045:**      TAPE #  7 5

Inmate & Blk argued. Never Heard
a Psychical Threat.

K Daily

266

G60196

## TARRANT COUNTY JAIL
## INMATE GRIEVANCE FORM

*press hard when writing as you are making four copies*

Name _Edward L. Busby U_____ CID No. _D66245_

Location _5L B. 19th Cell_ Date _1 14. 2005_ Case No._____

State your problem as briefly and completely as possible. Place in a "Grievance Envelope", seal and submit to Grievance Office. Keep gold (last) copy for your records.

at 010:30 to 011:00 Nurse A. Harris denided me my MH B meds by not giving me my 2 rigs of Seroquel that the doc prescribe for me, why she decided me my meds I have N 1 to but when I try to lit her and officer Thomas know they just not going as if they didn't here me, and why Nurse Harris Peele that she needs to be in my business with outside doctor coming in to talk to me I don't know, but my business has nothing to do with 1 and Nurse Harris, what a doctor comes to talk to me about is not her business at all, and if she can't give me my meds like she should then I need some one to pass them to me who can.

GRIEVANCE OFFICE USE ONLY··········· ···········DO NOT WRITE BELOW THIS LINE

Officer Assigned_____ ____ Date_____ ____Time_____Case_____Code _11_

Processed by Grievance Officer_____ Date_____ Time_____

Referred to_____ _____ /_____ Date____ _____ Time_____ /___

Response by_____ _____ /_____ Date_____ Time____ |

Reviewed By_____ Date_____ ___ Time___ _____

## GRIEVANCE SUMMARY RESPONSE

_____
_____
_____
_____
_____
_____
_____

White- to file, Canary- to be returned to inmate with response, Pink- referral copy, Goldenrod-inmate copy

S-101   GPC-1699

267

NO. 0920589A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NUMBER TWO |
| | § | |
| EDWARD LEE BUSBY, JR. | § | TARRANT COUNTY, TEXAS |

## ORDER

The Court has previously granted the State's Application To Have The Defendant Examined By A Licensed Psychologist.

The Court orders the Sheriff of Tarrant County, Texas to allow Dr. Swen Helge, a licensed psychologist in the State of Texas, to have free and un-restricted access to Edward Lee Busby, Jr. for the purpose of conducting a psychological assessment. Dr. Helge is to be provided a secure and private interview room to conduct testing of Edward Lee Busby, Jr. Dr. Helge is to be allowed access to Edward Lee Busby Jr. at a date and time of his choosing.

**SO ORDERED.**

Signed this the __31st__ day of __October__, 2005.

Wayne F. Salvant
Judge - Criminal District Court # 2
Tarrant County, Texas

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

OCT 3 1 2005
Time ___11:45 a___
By _____ Deputy

268

## CERTIFICATE OF SERVICE

I, Gregory T. Miller, hereby certify that I have on this the 4th day of November, 2005, mailed, FAXED, e-mailed, or hand-delivered a true and correct copy of the foregoing motion to the Honorable Jack V. Strickland, 909 Throckmorton, Fort Worth, Texas 76102 and the Honorable Stephen Gordon, 101 Summit Avenue, Suite 610, Fort Worth, Texas 76102, the attorneys of record for Edward Lee Busby.

Gregory T. Miller

270

STATE OF TEXAS       *
                            *
                            *

COUNTY OF TARRANT      *

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared Chip Bulin, the Custodian of Records for Citigroup Financial Services being by me duly sworn, deposed as follows:

My name is Chip Bulin, I am of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated:

I am Custodian of Records for Citigroup Financial Services. Attached hereto are ___ pages of records from Citigroup Financial Services.

These records are kept by Citigroup Financial Services in the regular course of business, and it was in the regular course of business of Citigroup Financial Services that an employee or representative of Citigroup Financial Services, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record. Further the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the originals.

_____
Affiant

Chip Bulin
Affiant's name printed

## Citigroup Financial Services

290 E. John Carpenter Freeway Irving, Texas 75062
Affiant's address

SWORN TO AND SUBSCRIBED before me this _3rd_ day of _Nov_, 20_05_

_____
Notary Public in and for the State of Texas

_____
Notary's name printed
My Commission expires _____

SHAWNA LEE BEAM
Notary Public
STATE OF TEXAS
My Comm. Exp. 01/17/2009

271

```
APEV <=*TRNCD  ACCNT#==> 5466160049145335                    06/22/04 - 15:16:14
                              TRSFR 5466160072484171  CONSOL
CRANE,LAURA LEE                 SSN 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  ACQ IND   B CONV
   01/30/04 01/30/04 72       CH DT  03/19/99   AC TYPE   N          TOT      CA
         SEE TRANSFER ACCT                                CH DT 09/29/98 05/31/96
   FORT WORTH TX              ZIP 76109 2403 50 AC PHOTO    LINE     9800     6800
                                               PIC      4  OPEN    ******     6800
   H (817) 737-7206           B (999) 999-9999   CRED INS NO AUTH         0        0
   S CRANE,MEADE B                               CHK ACC   0 RESRVD       0
   ST CLOSED/FRAUD              REAS  STOLEN                 PUR BAL           .00
   SC 31 I DT 03/18/04        PLASTICS    002  DBM     04/01/95 CA BAL        .00
   HC 4 SUSP CD 0             ISS DT 09/09/03  ANN               TOT BAL      .00
   RSN CD  401                EXP DT 04/30/05  PID     160 AWG  LST STMT DT 00/00/00
                              REIS IND         DISC CD          CURR PYMT     .00
   AUTHS TODAY                REIS MO      00  BK3 SCORE  1-    CUR PYMT DT   01/12
   P 00 C 0 M3    1-                   M   01  APR INDEX     3  OCL          ******
   NEVADA ACCOUNT                      C   1-  LGL ENT      05  DD    0 PD    .00
   3                             PREFIX  4    CRD         191  MIN DUE       .00
   4                             BIL G 020    BIF              TOT DUE       .00
   PURCH-ID       01967       SBU SEG  00200  AEL   HEI   PRT  PYMT DUE DT 06/17/04
   CASE-ID        02131       CH 0000000000** PCLI   .         HBB           .00
   FEE-ID         05822       BANKRUPT IND    LAB IND          LIFE       197733
   TERM-ID        00208       NGCKS 00        LANG IND     01  PYFC PD       .00
```

272

```
FFMF <==TRNCD  ACCNT#==> 5466160049145335
                        AUTOMATED FRAUD PROCESSING SYSTEM
                        FRAUD FINANCIAL MASTER DISPLAY
SEC ACCT 5466160049145335
ORG XFER 5466160072484171      1ST WOFF 03/17/04   TOTAL WRITE OFF    344.96
CUR XFER 5466160072484171      LST WOFF 03/17/04   TOTAL CLAIM AMT      0.00
                               LOS DATE 01/30/04
NAME   CRANE,LAURA LEE         RPT DATE 01/30/04   PUR PAYMENT BAL      0.00
ADD 1 4750 BELLAIRE DR S       1ST DISP 01/30/04   C/A PAYMENT BAL      0.00
ADD 2                          LST PUR  01/27/04   CURR PURCHASE        0.00
CITY   FORT WORTH              LST C/A  00/00/00   CURR CASH ADV        0.00
STATE TX    ZIP 761090000      LST PMNT 01/12/04   LAST PAYMENT     1850.00
H TEL (817) 737-7206           LST ACTV 03/18/04   THIS C/A BILL        0.00
B TEL (999) 999-9999           STAT CHG 01/31/04   AMT C/A CHG NOT      0.00
                               CBM DATE 04/95       C/A MIN ADV         0.00
ORIG STATUS 00    SPCL ACCT N  EXP DATE 04/05      PAST DUE INT         0.00
CURR STATUS 31    STOLEN                           PAST DUE CHG         0.00
STATE LOSS  TX    BBC TAG  G                       PUR SERV CHG         0.00
DELQ CODE   A     ATM PIN   7   BILL CARDMEMBER Y  MIN PAYMENT C/A      0.00
NO PLASTICS 02    ACQ IND   6                  T
NFY LET CNT 0     NO OF L/S 1
HOT CRD IND *     NO OF NRI 0
REPORT TYPE S     REISSUE P 00
```

273

```
SATH <==TRNCD  ACCNT#==> 5466160049145335      D/R <=====> D        RET FLAG: D
AMT:           DATE:           AUTH #:          BIN #:              SIC:

ACCOUNT                 AUTH                    AUTH     AUTH     AUTHS    APPR
NUMBER            PC    AMOUNT   ENT/CAP/CON   DATE      TIME     TODAY    CODE
5466160049145335  00    40.00   01        00  01/27/04  13:17:35  000     512110
 MER: NATIONAL COWGIRL MUS   817-336-4475  TX  76107 840 US ID 000088440000202
 CVV: 0 CVV VALUE:        PS 2000: 000127MCWS4U88D+U88D  AVS UTIL: Y  AVS RESP Z
 EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 002135 CRD ISS DTE 000


5466160049145335  01    29.00   90        00  01/28/04  09:33:51  000     526156
 MER: MAM'ZELLE BEAUTY SALON FT. WORTH      TX  76109 840 US ID 680869424610544
 CVV: 1 CVV VALUE:        PS 2000: 000128MCWPUVMGX+VMGX  AVS UTIL:    AVS RESP
 EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 005987 CRD ISS DTE 256
         5466160049145335D0504101256010000

5466160049145335  01     1.00   90        00  01/30/04  12:57:02  000     076030
 MER: DRIVERS #412           FORT WORTH     TX  76111 840 US ID 040516000000000
 CVV: 1 CVV VALUE:        PS 2000: 000130MCWTQA5M8+A5M8  AVS UTIL:    AVS RESP
 EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 007920 CRD ISS DTE 256
         5466160049145335=0504101256010000

    P - PRINT    PF10 - UP     PF11 - DOWN      ENTER - <===>
```

274

```
SATH <**TRNCD  ACCNT#==> 5466160049145335        D/R <====> D       RET FLAG: D
AMT:           DATE:          AUTH #:             BIN #:             SIC:

                          AUTH                      AUTH    AUTH    AUTHS    APPR
ACCOUNT                   AUTH                      DATE    TIME    TODAY    CODE
NUMBER             PC     AMOUNT   ENT/CAP/CON
5466160049145335   01     25.81    90       00   01/30/04  13:05:29   001   081593
  MER: KWIK PANTRY #412        FORT WORTH     TX  76111 840 US ID 020000201824001
  CVV: 1 CVV VALUE:          PS 2000: 000130MCWMKX1XV+X1XV  AVS UTIL:     AVS RESP
  EXPIR.AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 007920 CRD ISS DTE 256
        5466160049145335=0504101256010000


5466160049145335   01     302.95   02       00   01/30/04  13:28:45   000   949447
  MER: 2400 ALLIANCE GATEWAY  FORT WORTH    TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:          PS 2000: 000000000000000+1201  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
  3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0


5466160049145335   01     302.95   02       00   01/30/04  13:32:34   001   DECLIN
  MER: 2400 ALLIANCE GATEWAY  FORT WORTH    TXUS 00000 840 US ID
  CVV: 1 CVV VALUE:          PS 2000: 000000000000000+1201  AVS UTIL:     AVS RESP
  EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
  3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0


    P - PRINT     PF10 - UP     PF11 - DOWN       ENTER - <===>
```

275

```
SATH <==TRNCD   ACCNT#===> 5466160049145335     D/R <====> D        RET FLAG: D
AMT:            DATE:            AUTH #:             BIN #:           SIC:

                             AUTH                   AUTH     AUTH    AUTHS   APPR
ACCOUNT                      AUTH                    DATE     TIME    TODAY   CODE
NUMBER             PC        AMOUNT   ENT/CAP/CON    DATE     TIME    TODAY   CODE
5466160049145335   01        102.95   02       00   01/30/04 13:33:01 001    DECLIN
   MER: 2400 ALLIANCE GATEWAY  FORT WORTH    TXUS 00000 840 US ID
   CVV: 1 CVV VALUE:        PS 2000: 000000000000000+1201  AVS UTIL:    AVS RESP
   EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 527442 CRD ISS DTE 256
   3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335   01        201.25   02       00   01/31/04 08:01:03 000    DECLIN
   MER: 2515 HWY 142          ARDMORE       OKUS 00000 840 US ID
   CVV: 1 CVV VALUE:        PS 2000: 000000000000000+8501  AVS UTIL:    AVS RESP
   EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 406275 CRD ISS DTE 256
   3-5C4-0-5-0-4-1-0-1-2-5-6-0-1-0-0-0-0

5466160049145335   01        1.00   90        00   01/31/04 08:34:46 000    DECLIN
   MER: OAK HILL PLACE        DAVIS       OK  73030 840 US ID 9619312431
   CVV: 1 CVV VALUE:        PS 2000: 000131MCWLNIISK+IISK AVS UTIL:    AVS RESP
   EXPIR:AUTH ATMPT 04 05 CBSD FILE 04 05 BIN NUMBER 006804 CRD ISS DTE 256
        5466160049145335D05041012560010000

     P - PRINT     PF10 - UP     PF11 - DOWN     ENTER - <===>
```

```
                                                             06/22/04 - 15:19:41
AREV <==TRNCD  ACCNT#==> 5424180015064741              CONSOL
                              TRSFR 5424180827128858    B CONV
                          SSN 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   ACQ IND              TOT      CA
CRANE.MEADE B                                AC TYPE  N
  01/30/04 01/30/04 72      CH DT  03/19/99                 CH DT 03/06/98 05/07/96
          SEE TRANSFER ACCT                                LINE     8400    6800
  FORT WORTH TX           ZIP 76109 2403 50  AC PHOTO       OPEN     8400    6800
                                             PIC      4     AUTH        0       0
                                             CRED INS NO    RESRVD      0
H (817) 737-2206       B (817) 737-7206      CHK ACC  0     PUR BAL            .00
S CRANE,LAURA C                                            CA BAL             .00
ST CLOSED/FRAUD          REAS   STOLEN                     TOT BAL            .00
SC 31 I DT 02/24/04    PLASTICS     002   DBM     12/01/82  LST STMT DT  00/00/00
HC 4 SUSP CD 0         ISS DT 01/04/02   ANN               CURR PYMT          .00
RSN CD  401            EXP DT 02/28/05   PID       085 PLA  CUR PYMT DT   01/15
                       REIS IND          DISC CD                          0.00
                       REIS MO       00   BK3 SCORE  1-    OCL                .00
AUTHS TODAY                          M   01  APR INDEX    3  DD    0 PD       .00
P 00 C 0 M3    1-                    C    1- LGL ENT     05  MIN DUE          .00
NEVADA ACCOUNT                      PREFIX   4  CRD      686  TOT DUE         .00
3                             BIL G 003  BIF              PYMT DUE DT  06/23/04
4                                        AEL   HEI   PRT  HBB                .00
PURCH-ID       01967   SBU SEG    00790  PCLI            LIFE            39347
CASH-ID        02131   CH 000000000***  LAB IND          PYFC PD            .00
FEE-ID         06000   BANKRUPT IND     LANG IND     01
TERM-ID        00209   NGCKS 00
```

277



DATE <==TRNCD   ACCNT#==>  5424180015064741
AMT:                DATE:
                                AUTH #:              D/R <====> D
                                                     BIN #:                    RET FLAG: S
ACCOUNT                                                                         SIC:
NUMBER          AUTH
5424180015064741   PC   AMOUNT   ENT/CAP/CON   AUTH           AUTH      AUTHS     APPR
MER: 2400 ALLIANCE GATEWAY FORT WORTH   DATE         TIME      TODAY     CODE
02       302.95   02   00  01/30/04  13:30:01   000    553402
CVV: 1 CVV VALUE:        PS 2000: 00000000000000+1201  AVS UTIL:
EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 527442 CRD ISS DTE 004   AVS RESP
4-1C4-0-5-0-2-1-0-1-0-0-4-0-2-0-0-0-0

5424180015064741   02   302.95  02
MER: 2400 ALLIANCE GATEWAY FORT WORTH   00  01/30/04  13:31:10   001   DECLIN
CVV: 1 CVV VALUE:        PS 2000: 00000000000000+1201  AVS UTIL:
EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 527442 CRD ISS DTE 004   AVS RESP
4-1C4-0-5-0-2-1-0-1-0-0-4-0-2-0-0-0-0

5424180015064741   02   202.95  02
MER: 2400 ALLIANCE GATEWAY FORT WORTH   00  01/30/04  13:31:37   001   DECLIN
CVV: 1 CVV VALUE:        PS 2000: 00000000000000+1201  AVS UTIL:
EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 527442 CRD ISS DTE 004   AVS RESP
4-1C4-0-5-0-2-1-0-1-0-0-4-0-2-0-0-0-0
*****  1 DAYS LEFT UNTIL COMPLETE *****
P - PRINT       PF10 - UP       PF11 - DOWN        ENTER - <===>

278

```
SATH <==TRNCD   ACCNT#==> 5424180015064741      D/R <=====> D       RET FLAG: S
AMT:            DATE.              AUTH #:         BIN #:            SIC:

ACCOUNT                   AUTH
NUMBER              PC    AMOUNT   ENT/CAF/CON   AUTH      AUTH     AUTHS    APPR
5424180015064741   (02)   201.75  02            DATE      TIME     TODAY    CODE
  MER: HWY 7 & 15, NW COR    DAVIS        00 (01/31/04   08:36:45)  000   : DECLIN
  CVV: 1 CVV VALUE:              PS 2000: 000000000000000+5705  AVS UTIL:    AVS RESP
  EXPIR:AUTH ATMPT 02 05 CBSD FILE 02 05 BIN NUMBER 302846 CRD ISS DTE 004
       5424180015064741=0502101004020000


  MER:
  CVV:  CVV VALUE:         PS 2000:                    US ID
  EXPIR:AUTH ATMPT         CBSD FILE                   AVS UTIL:    AVS RESP
                                     BIN NUMBER        CRD ISS DTE


  MER:
  CVV:  CVV VALUE:         PS 2000:                    US ID
  EXPIR:AUTH ATMPT         CBSD FILE                   AVS UTIL:    AVS RESP
                                     BIN NUMBER        CRD ISS DTE

END OF ACCOUNT NUMBER HAS BEEN REACHED ---  1 DAYS LEFT UNTIL COMPLETE
      P - PRINT      PF10 - UP      PF11 - DOWN      ENTER - <===>
```

279